IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-758 (GBW) |
| | ) | |
| WIZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Blake R. Davis
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Kristina D. McKenna
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

December 15, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiff Orca Security Ltd.*

## TABLE OF CONTENTS

**Page**

I.     NATURE AND STAGE OF THE PROCEEDING ..................................................1

II.    SUMMARY OF ARGUMENT ...........................................................................1

III.   STATEMENT OF FACTS ..................................................................................3

      A.    Wiz Copied Orca's Business and Technology.......................................3

      B.    Wiz's Knowledge Of The Asserted Patents............................................4

      C.    Wiz Continues To Knowingly Infringe The Asserted Patents And
            Encourage Others To Infringe ...............................................................6

IV.   LEGAL STANDARD.........................................................................................6

V.    ARGUMENT ......................................................................................................7

      A.    The SAC Sufficiently Pled Wiz's Pre-Suit Knowledge Of The
            Asserted Patents And Its Infringement Thereof....................................7

      B.    The SAC Sufficiently Pled Wiz's Post-Suit Knowledge Of The
            '031, '032, '685, '809, And '926 Patents And Infringement Thereof
            ..............................................................................................................15

      C.    The SAC Sufficiently Pled The Remaining Elements for its Indirect
            and Willful Infringement Claims .........................................................16

VI.   CONCLUSION.................................................................................................20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*10x Genomics, Inc. v. Celsee, Inc.*,
  C.A. No. 19-862-CFC-SRF, 2019 WL 5595666 (D. Del. Oct. 30, 2019) ........................13, 14

*Afros S.p.A. v. Krauss-Maffei Corp.*,
  671 F. Supp. 1402 (D. Del. 1987), *aff'd,* 848 F.2d 1244 (Fed. Cir. 1988) .............................13

*Anderson News, L.L.C. v. Am. Media, Inc.*,
  680 F.3d 162 (2d Cir. 2012)...................................................................................................14

*APS Tech., Inc. v. Vertex Downhole, Inc.*,
  C.A. No. 19-1166-MN, 2020 WL 4346700 (D. Del. July 29, 2020)...................................7, 20

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................................7

*Cleveland Med. Devices Inc. v. ResMed, Inc.*,
  C.A. No. 22-794-GBW, 2023 WL 6389628 (D. Del. Oct. 2, 2023)...........................10, 16, 19

*Corephotonics, Ltd. v. Apple, Inc.*,
  No. 17-cv-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018)......................................9

*CyWee Group Ltd. v. HTC Corporation*,
  312 F. Supp. 3d 974 (W.D. Wash. 2018)...........................................................................17, 18

*Deere & Co. v. AGCO Corp., et al.*,
  C.A. No. 18-827-CFC, 2019 WL 668492 (D. Del. Feb. 19, 2019) ...................................14, 15

*Dodots Licensing Solutions LLC v. Lenovo Holding Company, Inc.*,
  C.A. No. 18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) .......................................17

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*,
  C.A. No. 23-675-WCB, 2023 WL 7214672 (D. Del. Nov. 2, 2023)......................................16

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  C.A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020).....................................19

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
  C.A. No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020).....................................16

ii

*EyesMatch Ltd. v. Facebook, Inc.*,
   C.A. No. 21-111-RGA-JLH, 2021 WL 4501858 (D. Del. Oct. 1, 2021) ...............................18

*Greatbatch Ltd. v. AVX Corporation*,
   C.A. No. 13-723-LPS, 2016 WL 7217625 (D. Del. Dec. 13, 2016)......................................20

*Idenix Pharms. LLC v. Gilead Scis., Inc.*,
   C.A. No. 13-1987-LPS, 2016 WL 7380530 (D. Del. Dec. 4, 2016)......................................13

*iFIT Inc. v. Peloton Interactive, Inc.*,
   C.A. No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ......................................16

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012).............................................................................6

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)................................................................................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   C.A. No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ......................................18

*Kaufman Company, Inc. v. Lantech, Inc.*,
   807 F.2d 970 (Fed. Cir. 1986)..............................................................................13

*LiTL LLC v. Dell Techs. Inc.*,
   C.A. No. 23-121-RGA, 2023 WL 7922176 (D. Del. Nov. 16, 2023)....................................12

*LiTL LLC v. HP Inc.*,
   C.A. No. 23-120-RGA, 2023 WL 7921477 (D. Del. Nov. 16, 2023)....................................12

*Malibu Boats, LLC v. MasterCraft Boat Co., LLC*,
   No. 3:16-CV-82-TAV-HBG, 2016 WL 8286158 (E.D. Tenn. Oct. 28, 2016)........................7

*Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*,
   976 F.2d 1559 (Fed. Cir. 1992).............................................................................13

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018).........................................................................6, 12

*Nat'l Presto Indus. v. West Bend Co.*,
   76 F.3d 1185 (Fed. Cir. 1996)................................................................................7

*SEB S.A. v. Montgomery Ward & Co., Inc.*,
   594 F.3d 1360 (Fed. Cir. 2010), *aff'd sub nom. Glob.-Tech Appliances, Inc. v.
   SEB S.A.*, 563 U.S. 754 (2011) ............................................................................10

*SoftView LLC v. Apple Inc.*,
   C.A. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .............................7, 12, 15

iii

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
    C.A. No. 20-1197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021)......................................8, 9

*Torchlight Techs. LLC v. Daimler AG, et al.*,
    C.A. No. 22-751-GBW, D.I. 95 (D. Del. Feb. 2, 2023)............................................................16

*Valinge Innovation AB v. Halstead New England Corp.*,
    C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ............................19

*VLSI Tech. LLC v. Intel Corp.*,
    C.A. No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)......................................16

*WCM Indus., Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ...............................................................................9, 12, 13

## I.      NATURE AND STAGE OF THE PROCEEDING

Plaintiff Orca Security Ltd. ("Orca") filed the operative Second Amended Complaint (D.I. 15, "SAC") on October 10, 2023, alleging that Defendant Wiz, Inc. ("Wiz") infringes six patents: U.S. Patent Nos. 11,663,031 (the "'031 patent"), 11,663,032 (the "'032 patent"), 11,693,685 (the "'685 patent"), 11,726,809 (the "'809 patent"), 11,740,926 (the "'926 patent"), and 11,775,326 (the "'326 patent") (collectively, the "Asserted Patents").  On November 21, 2023, Wiz moved to dismiss Orca's claims for indirect and willful infringement of each patent.  D.I. 18. Wiz does not challenge Orca's claims for direct infringement.  *See id.*

## II.     SUMMARY OF ARGUMENT

Orca filed this case to put an end to Wiz's flagrant, ongoing, and unauthorized use of Orca's patented technologies.  Wiz does not deny that Orca has sufficiently pled direct infringement of the six Asserted Patents, and does not contend that any patent should be dismissed.  Thus, there is no dispute that Orca's claims will and must move forward.  Wiz instead asks the Court to find that Orca insufficiently pleads Wiz's knowledge of the Asserted Patents and infringement thereof— without actually denying that Wiz did have such knowledge—and dismiss Orca's claims of indirect and willful infringement.  The Court should deny Wiz's motion for three reasons.

First, Orca has sufficiently pled pre-suit knowledge for each Asserted Patent based on a September 12, 2023 cease-and-desist letter (for the '685, '809, '926, and '326 patents) and, on information and belief, Wiz's monitoring of Orca's patent portfolio supported by an ongoing pattern of copying (for all patents).  Regarding the notice letter, Wiz does not dispute that the letter identified the accused Wiz product and detailed Orca's infringement allegations related thereto. Wiz only complains that it had insufficient time to act in response.  Wiz is wrong.  Not only does Wiz ignore that the letter provided Wiz with four weeks to evaluate the '326 patent, but Wiz fails to cite a single case (for the remaining patents) holding that there is any minimum notice

requirement in the law or that three days is insufficient notice.  Three days is more than enough time when combined with the totality of the circumstances pled in the complaint, including Wiz's prior knowledge of the patent family, ongoing pattern of copying, and Orca's virtual marking of its patents.  Regarding Wiz's pre-suit knowledge from monitoring Orca's patent portfolio, Wiz asks the Court to improperly draw inferences against Orca and ignores Federal Circuit caselaw holding that pre-issuance copying can show pre-suit knowledge of an issued patent.

Second, Orca has sufficiently pled indirect and willful infringement based on post-suit knowledge for the '031, '032, '685, '809, and '926 patents in the Second Amended Complaint based on the allegations in the Original Complaint (D.I. 1) and First Amended Complaint (D.I. 13, "FAC").  In arguing otherwise, Wiz ignores the majority view in this District and others that knowledge in an amended pleading may stem from allegations made in a prior complaint.  And Wiz does not dispute that the prior complaints stated a plausible basis for infringement, thereby providing Wiz knowledge thereof.

Third, Orca has sufficiently pled the remaining elements of its indirect and willful infringement claims.  Wiz ignores Orca's detailed allegations of intent in the SAC that identify the marketing materials, webpages, and videos that Wiz uses to instruct its customers how to infringe the Asserted Patents, including highlighting the particular patent-related language used therein.  Regarding contributory infringement, Wiz asks Orca to prove its case at the pleading stage, insisting that Orca provide evidence that the accused Wiz product is not suitable for substantial, non-infringing use.  But the law does not require Orca to provide evidence at the pleading stage at all, let alone to provide evidence that Wiz's infringing products have no non-infringing use.  Orca has pled sufficient facts to maintain that claim, and nothing more is required under the law.  Finally,

Wiz ignores well-settled law that a plaintiff need not plead egregiousness to state a claim for willful infringement.

The SAC more than satisfies the pleading standard, and Wiz's motion should be denied.

## III.   STATEMENT OF FACTS

Orca was founded in 2019 to create a cloud security tool, the Orca Cloud-Native Application Protection Platform ("Orca Platform"), that brought the inventions of Mr. Avi Shua—the sole named inventor of the Asserted Patents—to market.  SAC ¶¶ 6-10, n.19.  In general terms, Mr. Shua conceived of a revolutionary approach that analyzed virtual cloud assets using read-only access with no impact on performance, and without deploying agents or network scanners.  *Id.* ¶ 8. Mr. Shua's innovations also enabled the integration of data into unified data models, to view cloud security threats in a context that was not possible before, and thus prioritize risks that endanger the organization's most critical assets.  *Id.*   Seeking to protect its inventions, Orca filed a first provisional patent application on January 28, 2019, and secured the first of many related patents on August 22, 2022.  *See id.* ¶ 10.  The Asserted Patents issued the following year, with the '031 and '032 patents issuing on May 30, 2023, the '685 patent on July 4, 2023, the '809 patent on August 15, 2023, the '926 patent on August 29, 2023, and the '326 patent on October 3, 2023.  *Id.* ¶¶ 37, 74, 110, 145, 180, 214.

Understanding the value and success of Orca's inventions, Wiz, which was founded later in 2020 (SAC ¶ 13; D.I. 18 at 4), set out to coopt those inventions.

### A.   **Wiz Copied Orca's Business and Technology**

Wiz was birthed from the very beginning as a counterfeit copy of Orca's ideas—ideas Wiz's founders learned of when Mr. Shua presented Orca's Platform to them at Microsoft in May 2019.  SAC ¶ 14.  It was at that meeting that Mr. Shua explained how cloud security would forever be changed by his novel agentless cloud security platform as implemented in Orca's cloud native

security platform.  *Id.*  Within months, the Wiz founders left their lucrative careers at Microsoft to start Wiz, build a clone of Orca's technology called the Wiz Cloud Security Platform ("Wiz CSP"), and compete directly with Orca.  *Id.*  Using the information that it took from Orca and Mr. Shua, Wiz was able to develop its copycat product in just months.  *Id.* ¶ 15.  Wiz's wholesale copying of Orca's technology has been observed by industry analysts and is reflected throughout Wiz's website, product offerings, advertisements, and blog posts.  *Id.* ¶¶ 16-19.  But Wiz's copying extends far beyond just copying Orca's technology—Wiz copied Orca's marketing materials (*see id.* ¶¶ 20-22), recruited Orca's outside corporate counsel (*see id.* ¶ 25), and hired Orca's former employees in an attempt to acquire Orca's confidential information relating to its product (*see id.* ¶ 26).  Indeed, Wiz hired the very patent prosecution counsel that prosecuted the Asserted Patents' parent applications, and subsequently filed its own patents with nearly identical figures and descriptions as those found in the Asserted Patents.  *See id.* ¶¶ 23-24.

### B.    Wiz's Knowledge Of The Asserted Patents

Wiz's widespread and continuous copying of nearly every aspect of Orca's business and technology (SAC ¶¶ 2, 13-29) evidences that Wiz monitors Orca's patent portfolio and had knowledge of the Asserted Patents at or around the time that each patent issued.  *Id.* ¶¶ 27-28.  These same facts establish that Wiz acted with knowledge or reckless disregard that its actions constituted infringement of Orca's patents.  *Id.*[1]  Indeed, it would be difficult for Wiz to have avoided such knowledge.  Orca's marketing materials—which Wiz copied—explained that the Orca Platform was built using Orca's "patent-pending" technology.  *Id.* ¶¶ 10-11, 20, 27.  And after Orca's first patent issued, which is a parent to the Asserted Patents, Orca announced to the

---

[1]   Evidence of Wiz's copying of Orca's technology also relates to other prospective issues, including objective indicia that the Asserted Patents are nonobvious.

4

public and its competitors that it had "secured a patent for its agentless SideScanning$^{TM}$ technology, providing visibility and risk coverage across the entire cloud estate." *Id.* ¶ 10. Orca likewise updated its website and marketing materials to state that the Orca Platform used Orca's "patented" technology. *Id.* ¶ 27.

Beyond the knowledge Wiz had from its copying and monitoring of Orca's patent portfolio, Orca also put Wiz directly on notice that the Wiz CSP and other similar products and services infringe the asserted '031 and '032 patents when Orca filed the Original Complaint on July 12, 2023. D.I. 1 ¶¶ 38-52, 68-80. Orca further alleged that, in providing Wiz's CSP to its customers, Wiz has and continues to induce and contribute to infringement of the '031 and '032 patents. *Id.* ¶¶ 53-57, 81-85. On September 12, 2023, Orca sent Wiz a cease-and-desist letter notifying Wiz of its infringement of the recently-issued '685, '809, '926 patents and the pending application that had already been allowed by the USPTO and would soon issue as the '326 patent. SAC Ex. 10. Orca's letter identified each of these patents and Wiz's infringing products, and provided exemplary infringement charts showing how those products infringe at least one claim of each patent. SAC Ex. 10 at 1-2, Appendices E-H. Wiz does not dispute that it received Orca's letter on September 15, 2023. D.I. 18 at 3.

On September 15, 2023, Orca filed its First Amended Complaint. In addition to the originally asserted '031 and '032 patents, Orca asserted the '685, '809, and '926 patents under theories of direct, induced, contributory, and willful infringement. *E.g.,* FAC ¶¶ 105-193 (Counts III-V regarding '685, '809 and '926 patents). Less than two weeks later, the parties stipulated to Orca filing a Second Amended Complaint to add claims of infringement of Orca's '326 patent. D.I. 14. On October 10, 2023, Orca filed its Second Amended Complaint asserting direct, induced, contributory, and willful infringement of the Asserted Patents, now including the

'326 patent. *E.g.,* SAC ¶¶ 213-247 (Count VI regarding '326 patent). At the time of that filing, Wiz was aware of Orca's patent infringement claims for as long as three months (for the '031 and '032 patents) and for no less than four weeks (for the '685, '809, '926, and '326 patents).

### C. Wiz Continues To Knowingly Infringe The Asserted Patents And Encourage Others To Infringe

Despite monitoring Orca's business and patent portfolio and receiving several warnings from Orca through its complaints and cease-and-desist letter, Wiz has demonstrated a continuing willful, deliberate, and wrongful intent to infringe the Asserted Patents. SAC ¶¶ 66-67, 102-103, 138-139, 173-174, 207-208, 242-243. Since the Original Complaint and FAC were filed, for example, Wiz continues to maintain many of the same pages on its website that instruct customers and potential customers on how to use the Wiz CSP to infringe the Asserted Patents. SAC ¶¶ 59, 65, 67, 95, 101, 103, 132, 137, 139, 167, 172, 174, 201, 206, 208, 235, 241, 243. And despite express notice of the Asserted Patents and its infringement, Wiz has continued posting videos and articles instructing users on how Wiz performs "agentless vulnerability scanning" in a manner intended to infringe the Asserted Patents. *See id.* ¶¶ 60, 68, 96, 131, 166, 200, 236. Likewise, Wiz has continued instructing users on how Wiz "can help organizations to identify, prioritize, and remediate vulnerabilities across their cloud environments" through "[a]gentless scanning." *See id.* ¶¶ 61, 69, 97, 105, 133, 140, 168, 175, 202, 209, 237, 244.

## IV. LEGAL STANDARD

A plaintiff "need not 'prove its case at the pleading stage.'" *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). A plaintiff need only allege in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  The issue for the Court at this stage is thus "not whether a plaintiff will ultimately prevail[,] but whether the claimant is entitled to offer evidence to support the claims." *SoftView LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *2 (D. Del. July 26, 2012) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)).  In assessing that question, "the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff."  *APS Tech., Inc. v. Vertex Downhole, Inc.*, C.A. No. 19-1166-MN, 2020 WL 4346700, at *1 (D. Del. July 29, 2020).

## V.    ARGUMENT

### A.    The SAC Sufficiently Pled Wiz's Pre-Suit Knowledge Of The Asserted Patents And Its Infringement Thereof

#### 1.    The '685, '809, '926, and '326 Patents

Orca provided formal pre-suit notice to Wiz of its infringement of the '685, '809, '926 and '326[2] patents in a cease-and desist letter on September 12, 2023.  The SAC alleges, and Wiz does not deny, that, for each patent, the letter (1) identified the accused Wiz product, (2) stated that the product infringed a specific patent claim, and (3) explained why the accused product practices the

---

[2]    Because the '326 patent had not yet issued, Orca identified the '326 patent's underlying patent application in the letter.  SAC ¶ 233.  In an unrelated section of its opening brief relating to hiring Orca's patent prosecution counsel, Wiz argues that knowledge of a patent cannot be inferred through knowledge of a patent application.  D.I. 18 at 10 (citing cases).  The cases Wiz cites are inapposite because the patent applications at issue in those cases either did not lead to issuance of a patent-in-suit or did not issue until months or years after the notice letter.  Here, Orca notified Wiz that the USPTO had already issued a "Notice of Allowance" for the application, provided Wiz with the language of the allowed claims, and explained that Orca had paid the issuance fee.  SAC, Ex. 10 at 1 n.1-2.  This put Wiz on notice of the '326 patent.  *See Nat'l Presto Indus. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) (affirming willful infringement finding where suit was filed on the same day the patent issued because "[the defendant] knew exactly when [the plaintiff's] patent came into existence, and indeed had several months' advance notice"); *Malibu Boats, LLC v. MasterCraft Boat Co., LLC*, No. 3:16-CV-82-TAV-HBG, 2016 WL 8286158, at *4 (E.D. Tenn. Oct. 28, 2016) (denying motion to dismiss willful infringement based on knowledge of patent from its pre-issuance Notice of Allowance).

claims' limitations.  SAC ¶¶ 129, 132, 134, 138, 164, 167, 169, 173, 198, 201, 203, 207, 233, 235, 238, 241, 242; SAC Ex. 10 at 1-2, Appendices E-H.  Based on these allegations, it is reasonable to infer that Wiz "did then know of its infringement thereafter" for purposes of willful and indirect infringement.  *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, C.A. No. 20-1197-LPS, 2021 WL 1785072, at *4 (D. Del. May 5, 2021) (denying motion to dismiss willful and indirect infringement in view of notice letter sent two weeks before filing suit), *report and recommendation adopted,* 2021 WL 5860783 (D. Del. Aug. 12, 2021).

Wiz nevertheless contends that Orca's pre-suit letter did not provide sufficient time for Wiz to be a willful and indirect infringer because Orca filed suit on the patents three days later. *See* D.I. 18 at 12-13.  Wiz is wrong for four reasons.

First, Wiz's argument that Orca waited "just three days" before filing suit is not true with respect to the '326 patent.  Orca first asserted the '326 patent in the SAC on October 10, 2023, meaning Wiz had *four weeks* from the September 12 cease-and-desist letter to address its ongoing infringement.  SAC ¶¶ 213-247; *see also* D.I. 14 (stipulation permitting Orca to add claims of infringement of the '326 patent on or before October 10, 2023).  Yet, with nearly a month to act, Wiz did nothing to change its product, maintained the same web pages, and issued the same instructions for customers on how to use the Wiz CSP to infringe the '326 patent.  SAC ¶ 235. Worse, *after* receiving Orca's letter, Wiz published an article specifically instructing users how Wiz's products can be used to perform "[a]gentless scanning," "[c]ontinuous scanning," "[d]eep contextual assessments," and "[r]isk-based prioritization."  SAC ¶ 237.  As alleged in the SAC, that article instructs customers on use of Wiz's CSP in a manner intended to infringe at least claim 1 of the '326 patent.  *Id.*  These allegations together plead sufficient plausible facts to support a finding that Wiz had pre-suit knowledge of the '326 patent and its infringement thereof.

Second, with respect to the asserted '685, '809, and '926 patents, Wiz ignores the four weeks that passed between Orca's cease-and-desist letter and the SAC, focusing instead on the three days between that letter and the FAC.  But, even if one ignores that the FAC was not the last pleading in this case, Wiz does not identify any authority establishing a bright line rule that three days is insufficient notice for indirect and willful infringement.  *Cf.* D.I. 18 at 13 (citing cases finding *one* day insufficient).  To the contrary, willful and indirect infringement are analyzed based on the totality of the circumstances.  *See WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018).  Here, three days was sufficient in light of Wiz's prior knowledge and copying of Orca's technology and patents.  *See Corephotonics, Ltd. v. Apple, Inc.*, No. 17-cv-06457-LHK, 2018 WL 4772340, at *7 (N.D. Cal. Oct. 1, 2018) (finding plaintiffs email sent "six days before litigation suffices to allege Apple's knowledge of the Asserted Patents" where there was prior knowledge of the plaintiff's technology and patents).

Third, Wiz's conduct establishes that Wiz's infringing acts would not have changed with additional time.  As pled in the SAC, Orca first asserted the '031 and '032 patents, which are in the same patent family as the '685, '806 and '926 patents, in the Original Complaint filed July 12, 2023.  *E.g.*, SAC ¶¶ 57, 93; *see* D.I. 18 at 3, 12 (acknowledging that Asserted Patents are all in the "same family").  Yet in the *three months* between the Original Complaint and SAC, Wiz did nothing to remediate its infringement: it did not change its products and it maintained the same pages on its website instructing customers and potential customers on how to use the Wiz CSP to infringe the '031 and '032 patents.  SAC ¶¶ 59, 65, 67, 95, 101, 103.  Indeed, the SAC identifies a video Wiz posted *after* the filing of the Original Complaint instructing users on how to use Wiz's platform in a manner that infringes those patents, including highlighting specific language used in that video.  *Id.* ¶¶ 60, 68.  Wiz's months-long knowing infringement of the related '031 and '032

patents makes it reasonable to infer that Wiz's pre-suit infringement of the '685, '809, and '926 patents, and its encouragement to others to do the same, would have continued even if notice had been provided more than three days in advance. *See Cleveland Med. Devices Inc. v. ResMed, Inc.*, C.A. No. 22-794-GBW, 2023 WL 6389628, at *4 (D. Del. Oct. 2, 2023) ("alleged knowledge of patent family members and related patents, along with other allegations, can be sufficient to overcome a motion to dismiss"); *see also* D.I. 18 at 13 (arguing the '685, '809, and '926 patents are directed to "essentially the same accused conduct" as for the '031 and '032 patents).

Finally, as further pled in the SAC, on information and belief, Wiz was aware of the '685, '809, and '926 patents based on Orca's virtual marking and Wiz's monitoring of Orca's patent portfolio. This alone is sufficient to defeat Wiz's motion. *See id.*; SAC ¶¶ 10-11, 27-28, 129, 134, 138, 164, 169, 173, 198, 203, 207; *SEB S.A. v. Montgomery Ward & Co., Inc.*, 594 F.3d 1360, 1378 (Fed. Cir. 2010), *aff'd sub nom. Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) (acknowledging that patentee may provide constructive notice of knowledge through marking products with the asserted patent numbers). And here again, Wiz continued its knowing infringement of the '685, '809, and '926 patents in the four weeks following Orca's cease-and-desist letter and the filing of the FAC. SAC ¶¶ 132-33, 137, 139-40, 167-68, 172, 174-75, 201-02, 206, 208-09.

Taken together, the SAC amply satisfies the pleading standards to allege that Wiz had pre-suit knowledge of the '326, '685, '809, and '926 patents and its infringement thereof to support Orca's claims for willful and indirect infringement.

## 2.   The '031 and '032 Patents

The SAC also plausibly alleges that Wiz had the requisite pre-suit knowledge of the '031 and '032 patents and its infringement thereof as a result of monitoring Orca's patent portfolio and copying Orca's patent-pending technology. SAC ¶¶ 27, 57, 62, 66, 93, 98, 102. Those allegations

are more than sufficient considering Wiz's extensive pattern of copying Orca.  SAC ¶¶ 28, 57, 62, 66, 93, 98, 102, 129, 134, 138, 164, 169, 173, 198, 203, 207.  For example, the SAC details how Wiz launched its company and platform with identical features to Orca's platform within months of attending Orca's presentation of its technology (*id.* ¶¶ 14-19)[3]; copied Orca's patent prosecution strategy including recruiting Orca's former patent prosecution counsel—the same counsel who filed the Asserted Patents' parent patent applications—to prosecute Wiz's patents with nearly identical figures and descriptions (*id.* ¶¶ 23-24, 27); recruited Orca's outside corporate counsel and former Orca employees in an attempt to obtain and copy confidential Orca information (*id.* ¶¶ 25-26); and copied Orca's marketing materials describing Orca's "patent-pending" technology (*id.* ¶¶ 20-22).

Wiz's motion nowhere denies that it monitors Orca's patent portfolio and had knowledge of the Asserted Patents, including the '031 and '032 patents, on or around the time that they issued. *See* D.I. 18.  Instead, Wiz argues that the SAC's allegations of copying (taken individually and collectively) are insufficient to plead knowledge of the Asserted Patents for two reasons.  Each fails.

First, Wiz argues that, because Wiz's copying occurred "pre-issuance" of the Asserted Patents, those acts cannot individually or collectively "show" knowledge of them.  D.I. 18 at 14-16.  But Orca is not required to "show" knowledge at this stage, only that Wiz's knowledge is plausible.  *See Nalco*, 883 F.3d at 1350; *SoftView*, 2012 WL 3061027, at *2.  Here, the SAC sets

---

[3]   Wiz wrongly argues that the SAC is "misleading" because the comparison it cites from industry analysts does not "include all of the different features of Wiz or Orca."  D.I 18 at 6.  The SAC alleges—and Wiz does not dispute—that industry analysts have recognized Wiz's platform has the same "Cloud Security Features," "Cybersecurity Features," and "Vulnerability Management Features" as Orca's (SAC ¶¶ 16-18), which are features corresponding to the novel inventions of the Asserted Patents.  *See, e.g.,* SAC ¶¶ 40, 77, 113, 148, 183, 217; *cf.* D.I. 18 at 15 (arguing overlapping features are unrelated to what was invented by Orca).

forth that the many examples of Wiz's pre-issuance copying make it plausible, on information and belief, that Wiz also monitors Orca's patent portfolio and knew of Orca's patents as they issued, if not earlier. For example, the SAC plausibly alleges a pattern of copying, including Wiz's copying identical technical features from Orca's Platform (which practices the Asserted Patents) and hiring Orca's patent prosecution counsel who filed the Asserted Patents' parent application to prosecute Wiz's patents with nearly identical figures and descriptions. SAC ¶¶ 14-18, 23-24, 27.[4] The SAC also plausibly alleges that Wiz knew, or should have known, that the technology that Wiz was copying from Orca was "patent-pending" and would be protected by Orca's patents. SAC ¶¶ 10-11, 20, 27; *see WCM Indus.*, 721 F. App'x at 971 (finding knowledge of catalogs and other literature marked with "patent-pending" can support pre-suit willful infringement). This pre-issuance conduct, taken together, pleads sufficient facts to support the claim that Wiz became aware of Orca's patents on the day they issued, and so before the filing of the initial complaint, not to mention the SAC which was filed weeks or months later.

Contrary to Wiz's repeated argument that its pre-issuance copying is "irrelevant" (D.I. 18 at 2, 14, 16), courts routinely find that a party's conduct and knowledge of the events leading to the issuance of a patent can show a party had pre-suit knowledge and willfully infringed upon that patent. As the Federal Circuit has explained, "although willfulness is generally based on conduct that occurred after a patent issued, pre-patent conduct may also be used to support a finding of willfulness." *Minn. Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.,* 976 F.2d 1559, 1581 (Fed. Cir. 1992). Similarly, in *Kaufman Company, Inc. v. Lantech, Inc.*, 807 F.2d 970, 979

---

[4]   Wiz insists that even if its outside counsel knew of the Asserted Patents, that knowledge cannot be imputed to Wiz. D.I. 18 at 9. Not so. It is "reasonable to infer that [Wiz's] in house counsel is aware of actions taken on [Wiz's] behalf by the external law firm [Wiz] hired." *LiTL LLC v. Dell Techs. Inc.*, C.A. No. 23-121-RGA, 2023 WL 7922176, at *2 (D. Del. Nov. 16, 2023); *LiTL LLC v. HP Inc.*, C.A. No. 23-120-RGA, 2023 WL 7921477, at *2 (D. Del. Nov. 16, 2023).

(Fed. Cir. 1986), the court rejected the argument that pre-issuance copying "cannot be considered," explaining that "[t]he willfulness *vel non* of infringement is determined by reviewing the totality of the circumstances." *See also WCM Indus.*, 721 F. App'x at 970-71 & n.4 (possessing knowledge of catalogs and other literature marked with "patent-pending" supported jury's finding of pre-suit willful infringement).   Courts in this district have held similarly.   *See, e.g.*, *10x Genomics, Inc. v. Celsee, Inc.*, C.A. No. 19-862-CFC-SRF, 2019 WL 5595666, at *8 (D. Del. Oct. 30, 2019) (finding pre-suit knowledge where pleading alleged monitoring of plaintiff's patent portfolio "on information and belief" supported by allegations of pre-suit copying)*, report and recommendation adopted,* 2019 WL 6037558 (D. Del. Nov. 14, 2019); *Idenix Pharms. LLC v. Gilead Scis., Inc.*, C.A. No. 13-1987-LPS, 2016 WL 7380530, at *1 (D. Del. Dec. 4, 2016) (the law does not "absolutely preclude[] pre-patent conduct from being probative of willfulness"); *Afros S.p.A. v. Krauss-Maffei Corp.*, 671 F. Supp. 1402, 1438 (D. Del. 1987)*, aff'd,* 848 F.2d 1244 (Fed. Cir. 1988) ("The issue of willfulness does not rest solely on the timing or knowledge of the patent, but on the totality of the circumstances.").

Here, the SAC alleges that Wiz has "built its business on a simple business plan: copy Orca" that is "replete throughout Wiz's business and has manifest in myriad ways."  SAC ¶ 2; *see id.* ¶¶ 13-28.  These allegations, taken as true, are more than sufficient to reasonably infer that Wiz was monitoring Orca's patent portfolio and had pre-suit knowledge of the Asserted Patents.  SAC ¶¶ 27, 57, 62, 66, 93, 98, 102, 129, 134, 138, 164, 169, 173, 198, 203, 207, 233, 238, 242; *see 10x Genomics*, 2019 WL 5595666, at *12 (finding allegations that "Celsee was built to copy 10x's technology and on information and belief has been monitoring its progress, including its patent filings" sufficient to show pre-suit willful infringement).

Second, Wiz quibbles that certain of Orca's "individual allegations" do not plausibly show knowledge of the Asserted Patents or copying because there could be alternative explanations. D.I. 18 at 14-16. For example, Wiz tries to explain away its hiring of Orca's prosecution counsel because Wiz's founders had previously used the same lawyer in connection with a different company. *Id.* at 15. As an initial matter, Wiz's alternative explanations go to its defenses and the merits of the claim, not to the adequacy of the pleadings. Moreover, even accepting Wiz's extra-pleading contention that its founders previously used the same attorney, that would not make Orca's allegations implausible. Wiz's founders can both (1) previously know of an attorney (*id.*), and (2) hire that attorney "to assist Wiz in its attempts to pass off Orca's technology and intellectual property." SAC ¶¶ 23-24. In any event, "the fact that an innocuous or even exculpatory inference can also plausibly be drawn from a complaint's alleged facts does not warrant dismissal." *Deere & Co. v. AGCO Corp., et al.*, C.A. No. 18-827-CFC, 2019 WL 668492, at *5-6 (D. Del. Feb. 19, 2019) (denying motion to dismiss enhanced damages claim). As the Court explained in *Deere*, "[t]he question at the pleading stage is not whether there is a plausible alternative to the plaintiff's theory; the question is whether there are sufficient factual allegations to make the complaint's claim plausible." *Id.* (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 189-90 (2d Cir. 2012)).

Wiz's related attempt to parse individual allegations alone without acknowledging the overall pattern of its copying also fails. As noted in the SAC, "certain examples provided above may be explainable as an individual occurrence. But viewed collectively, they demonstrate a pattern of copying that pervades Wiz's business as a whole." SAC ¶ 27. Taken as true, as these allegations must be at this stage, the pled facts lead to the further conclusion that Wiz "would have had reason to, and, on information and belief, does monitor Orca's patent portfolio because Orca's

14

website and marketing materials—including those Wiz copies—explained the Orca Platform used 'patent-pending' and 'patented' technology." *Id.* Thus, even if the Court accepted as true the incorrect argument that "none of the allegations standing alone adequately alleges" knowledge, Orca's allegations are still sufficient to survive a motion to dismiss because, "[t]aken in combination, . . . [they] allege[] a plausible basis from which one might reasonably infer that [defendant] had knowledge of the [Asserted Patents] prior to this litigation." *SoftView*, 2012 WL 3061027, at *5-6.

**B.    The SAC Sufficiently Pled Wiz's Post-Suit Knowledge Of The '031, '032, '685, '809, And '926 Patents And Infringement Thereof**

The SAC additionally pled that Wiz has had knowledge of the '031 and '032 patents and its infringement of those patents as of the filing of the Original Complaint (SAC ¶¶ 57, 62, 66, 93, 98, 102), and of the '685, '809, and '926 patents and its infringement of those patents as of the filing of the FAC. *Id.* ¶¶ 129, 134, 138, 164, 169, 173, 198, 203, 207. Indeed, Wiz does not challenge that the Original Complaint and FAC set out plausible bases for concluding that Wiz's CSP infringes those patents, or that the Original Complaint and FAC adequately pled that Wiz's conduct in encouraging its customers to use the Wiz CSP in the United States would constitute indirect infringement. *Id.* ¶¶ 56, 58-61, 63, 92, 93-97, 99, 128, 130-33, 135, 163, 165-68, 170, 197, 199-202, 204.

Wiz argues that Orca's willful and indirect infringement claims nevertheless should be dismissed because some courts in this district have found that knowledge of a patent gained through the complaint cannot serve as knowledge for purposes of willful and indirect infringement in an amended complaint. D.I. 18 at 17-18 (citing *iFIT Inc. v. Peloton Interactive, Inc.*, No. 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022)). Wiz ignores, however, that the "majority view" across this and other districts, is that an "initial complaint may serve to provide

15

the required knowledge for a claim of post-suit infringement" alleged in an amended complaint. *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, C.A. No. 23-675-WCB, 2023 WL 7214672, at *8 (D. Del. Nov. 2, 2023) (Bryson, J., sitting by designation) (collecting recent cases in this and other districts); *Torchlight Techs. LLC v. Daimler AG, et al.*, C.A. No. 22-751-GBW, D.I. 95 (D. Del. Feb. 2, 2023) (recognizing split in authority and granting leave to file a second amended complaint alleging willful infringement "predicated on the notice of infringement provided in the Original Complaint and FAC") (attached hereto as Ex. 1).

In a footnote, Wiz asserts that in *Cleveland Medical Devices*, 2023 WL 6389628, at *6, the Court instead adopted the minority view that a complaint cannot serve as notice for an amended complaint. D.I. 18 at 17 n.13. But *Cleveland Medical* did not address willful or indirect infringement in an *amended* complaint (unlike *Torchlight*) and instead merely concluded that a "complaint itself cannot serve as a basis for a defendant's actionable knowledge." *Cleveland Med. Devices*, 2023 WL 6389628, at *6.[5] The plaintiff's claims in *Cleveland Medical* therefore failed because there was no allegation of "post-suit knowledge" (*id.*), which distinguishes it from the case at hand. *See* SAC ¶¶ 67, 103, 139, 174, 208 (alleging post-suit knowledge).

### C. The SAC Sufficiently Pled The Remaining Elements for its Indirect and Willful Infringement Claims

Beyond knowledge of the patents and infringement, Wiz challenges three additional elements of Orca's indirect and willful infringement claims. Each fails.

First, Wiz argues that the SAC lacks sufficient allegations of intent to induce infringement because it broadly states that Wiz's marketing materials cause customers to infringe without

---

[5]   Multiple other cases that Wiz cites suffer the same problem. *See VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (knowledge pled based on identification of patent in operative complaint); *Dynamic Data Techs., LLC v. Brightcove Inc.*, C.A. No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (same).

identifying particular problematic instructions or explaining how the instructions suggest intent to infringe.  D.I. 18 at 18-19.  But, unlike the cases on which Wiz relies, the SAC provides far more detail than merely pointing to Wiz's websites "generically."  For example, in *Dodots Licensing Solutions LLC v. Lenovo Holding Company, Inc.*, C.A. No. 18-098-MN, 2018 WL 6629709, at *3 (D. Del. Dec. 19, 2018), the *only* allegation of intent was that defendants provided "marketing materials, brochures, product manuals, and other materials such as their website … with knowledge of" the asserted patents and infringement thereof.  Similarly, in *CyWee Group Ltd. v. HTC Corporation*, 312 F. Supp. 3d 974, 976, 980 (W.D. Wash. 2018), the plaintiff alleged intent based on the defendant's creation and dissemination of product manuals and marketing and technical materials—without *any* identification of a single webpage or particular marketing material used.  These conclusory statements lacking any supporting factual allegations are nothing like Orca's allegations here.

The SAC, in fact, alleges that Wiz's various marketing materials "instruct[] its customers and potential customers on how the Wiz CSP can be used to infringe" the Asserted Patents.  SAC ¶¶ 58-61, 94-97, 130-32, 165-67, 199-201, 234-36.  The SAC identifies the particular webpages that provide those instructions, including specific blog posts on Wiz's website as opposed to a generic landing page.  *Id.*  And the SAC identifies a video Wiz posted *after* the filing of the Original Complaint instructing users how to use Wiz's platform in a manner that infringes the Asserted Patents, including highlighting specific language used in the video.  *Id.* ¶¶ 60, 68, 96, 104, 131, 166.  Even beyond those allegations, the SAC further alleges that Wiz's specific intent is demonstrated by its maintaining those materials on its website since the filing of the earlier complaints and receipt of the cease-and-desist letter.  *Id.*  These allegations are more than sufficient to support Wiz's specific intent to encourage others to infringe the Asserted Patents.  Indeed as

Wiz's own cited case provides, a plaintiff "is not required to identify specific instructions at this stage" and may plead specific intent through "circumstantial evidence," such as advertisements and promotions directing infringing use.  *CyWee*, 312 F. Supp. 3d at 978, 980.

Second, Wiz argues that the SAC alleges only the legal conclusion that Wiz's cybersecurity platform is not suitable for substantial non-infringing use.  D.I. 18 at 19-20.  Wiz does not argue that its platform *is* suitable for non-infringing use; it merely argues the SAC does not provide supporting factual allegations that it is not.  *Id.*  But, as courts in this District have explained, while "the burden of proof as to the absence of substantial non-infringing uses falls on the plaintiff[,]" "that does not mean the complaint must recite particular factual evidence showing that the accused products have no substantial non-infringing uses."  *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 330515, at *5 (D. Del. Jan. 25, 2019).  In fact, to require the plaintiff to plead "evidence to prove a negative—that the accused products were not staple goods or usable for non-infringing purposes" would   require the plaintiff "to plead with specificity something that does not exist."  *Id.*; *see also EyesMatch Ltd. v. Facebook, Inc.*, C.A. No. 21-111-RGA-JLH, 2021 WL 4501858, at *3 (D. Del. Oct. 1, 2021), *report and recommendation adopted,* 2021 WL 5061730 (D. Del. Oct. 19, 2021).  Here, Orca pleads that the Wiz CSP, "or any further component parts thereof, is not a staple article of commerce and has no substantial non-infringing use."  *E.g.*, SAC ¶¶ 64, 100, 136, 171, 205, 240.  That is sufficient.  *See Cleveland Med. Devices*, 2023 WL 6389628, at *3 ("[T]he affirmative allegation regarding the absence of substantial non-infringing uses is sufficient to plead a claim for contributory infringement.").

Finally, Wiz argues that the SAC fails to state a claim for willful infringement because Orca does not plead knowledge of infringement or plead egregious conduct.  D.I. 18 at 16-17.  Wiz is wrong on the facts and the law.  The SAC alleges that Wiz has evidenced a "continuing willful,

deliberate and consciously wrongful intent to infringe" the Asserted Patents and a specific intent to encourage others to infringe the Asserted Patents. SAC ¶¶ 67, 103, 139, 174, 208, 243. Orca also plausibly alleges that Wiz knew of its infringement, for the reasons discussed above, with knowledge or reckless disregard that its actions constituted infringement thereto. SAC ¶¶ 27-28. Those allegations are supported by, for example, Wiz maintaining the same websites identified in the Original and FAC that demonstrate infringement of the Asserted Patents and encouraging others to do the same. SAC ¶¶ 59-60, 65, 67-68, 95-96, 101, 103-04, 132, 137, 139, 167, 172, 174, 201, 206, 208. And following the Original Complaint and the FAC, Wiz published new videos and articles specifically instructing and encouraging customers and potential customers how they can use Wiz's CSP to infringe at least one claim of each of the Asserted Patents. SAC ¶¶ 61, 69, 97, 105, 133, 140, 168, 175, 202, 209, 237, 244.[6]

Wiz's argument also fails as a legal matter because courts in this District have held that egregiousness "is a necessary element to enhancement of damages," but a "separate inquir[y]" from willful infringement. *APS Tech., Inc. v. Vertex Downhole, Inc.*, C.A. No. 19-1166-MN, 2020 WL 4346700, at *7 (D. Del. July 29, 2020). Thus, while Orca may later need to show egregiousness to obtain an enhancement of any damages awards, "pleading egregiousness is not necessary to state a claim for willfulness." *Id.* Wiz's reliance on *Greatbatch Ltd. v. AVX*

---

[6]   These allegations showing continued infringement with knowledge of the patents distinguish the cases Wiz cites. *E.g., Valinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018) (granting motion to dismiss, without prejudice, noting that "Välinge might be able to plead facts plausibly showing that Defendants had the subjective intent to infringe and did in fact continue to infringe the asserted patents" in a "further filing" based on knowledge of the patents from the amended complaint); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *5 (D. Del. July 30, 2020) (finding no allegations of pre-suit knowledge and applying minority view that knowledge cannot be gained from a complaint).

*Corporation*, C.A. No. 13-723-LPS, 2016 WL 7217625, at *3 (D. Del. Dec. 13, 2016), is misplaced.  D.I. 18 at 17 n.12.  *Greatbatch* holds only that to warrant *enhanced damages*, there must be evidence that the infringement was egregious.  *Greatbatch*, 2016 WL 7217625, at *3. Thus, even if the Court accepted *arguendo* Wiz's incorrect argument that the SAC did not plead conduct amounting to egregious infringement (it does), Wiz's motion still should be denied.

## VI.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

*Attorneys for Plaintiff Orca Security Ltd.*

Blake R. Davis
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Kristina D. McKenna
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA  02116
(617) 948-6000

December 15, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 15, 2023, upon the following in the manner indicated:

Frederick L. Cottrell, III, Esquire                                   *VIA ELECTRONIC MAIL*
Kelly E. Farnan, Esquire
Christine D. Haynes, Esquire
RICHARD, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Defendant*

Jordan R. Jaffe, Esquire                                              *VIA ELECTRONIC MAIL*
Catherine Lacey, Esquire
Callie Davidson, Esquire
Alex Miller, Esquire
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA  94105
*Attorneys for Defendant*

/s/ *Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)