# EXHIBIT 1

                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TORCHLIGHT TECHNOLOGIES LLC, | |
| Plaintiff, | |
| v. | C.A. No. 22-751-GBW |
| DAIMLER AG, MERCEDES-BENZ USA, LLC, VOLKSWAGEN AG, AUDI AG, AUDI OF AMERICA, LLC, PORSCHE AG, and PORSCHE CARS NORTH AMERICA, INC., | UNSEALED 2/24/2023 |
| Defendants. | |

## MEMORANDUM ORDER

Pending before this Court is Plaintiff Torchlight Technologies LLC's ("Torchlight") Motion for Leave to File a Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2).[1] *See* D.I. 45; 46. Defendants Mercedes-Benz USA, LLC ("MBUSA"), Porsche Cars North America, Inc. ("PCNA"), and Audi of America, LLC ("Audi America") (collectively, "Defendants") oppose Torchlight's Motion on the grounds that such an amended pleading would be futile. *See* D.I. 57; 59; 60. For the reasons explained below, the Court grants Torchlight's Motion for Leave to File a Second Amended Complaint.

---

[1] Torchlight's First Amended Complaint ("FAC") was filed on August 26, 2022, and is the operative pleading. D.I. 24.

1

I.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 15 provides that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision to grant or deny leave to amend lies within the discretion of the court." *Compagnie des Grands Hotels d'Afrique SA v. Starwood Cap. Grp. Glob. I LLC*, No. CV 18-654-SB-SRF, 2021 WL 6883231, at *4 (D. Del. Feb. 10, 2021) (citations omitted).

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The Third Circuit has adopted a liberal approach to the amendment of pleadings." *Id.* "In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party." *Id.* (citations omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "The standard for assessing futility is the 'same standard for legal sufficiency as applies under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).'" *Great W. Mining & Min. Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

II.   **DISCUSSION**

Torchlight seeks leave to amend its First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and Delaware Local Rule 15.1, arguing that its proposed Second Amended Complaint merely "address[es] technical defects" of its operative pleading. D.I. 45 at 1. Specifically, Torchlight seeks to amend its FAC to include: (1) "supporting factual allegations

2

that Torchlight has 'all substantial rights' as an exclusive licensee of the Asserted Patents and thus has standing to sue on its own;" and (2) "to aver that Torchlight is making a claim for Defendants' willful ongoing infringement predicated on the notice of infringement provided in the Original Complaint and the FAC." *Id.* Torchlight insists that "no prejudice will result if the amendment is allowed because the original Complaint provided notice of Torchlight's intention to pursue a claim of patent infringement against the defendants, answers have not been filed, and discovery has yet to commence." *Id.* at 2. Defendants argue that such amendment would be futile because "[t]he proposed SAC does not sufficiently allege or establish that Torchlight has all substantial rights in the Asserted Patents," and because Torchlight's "ambiguous reference to willful infringement," without alleging willful infringement, is futile. *See* D.I. 57; 59; 60.

Defendants' contention that Torchlight lacks "standing to sue alone" is a facial challenge which contests the sufficiency of the pleading. Therefore, "[i]n evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Here, the Court finds that, when looking only to the sufficiency of the pleadings and not the underlying evidence as required by the Rule 12(b)(6) standard, amendment of the complaint to include "supporting factual allegations that Torchlight has 'all substantial rights' as an exclusive licensee of the Asserted Patents and thus has standing to sue on its own" would not be futile. Considering the "liberal approach" to amending pleadings, if Torchlight alleges in its SAC that it is an exclusive licensee with all substantial rights in the Asserted Patents, it has indeed asserted standing to sue. *Univ. of S. Florida Rsch. Found., Inc. v. FujiFilm Med. Sys. U.S.A., Inc*, 19 F.4th 1315 (Fed. Cir. 2021). Consequently, assuming the undisputed aspects of the SAC are sufficient, and taking into

3

account the liberal approach to amend pleadings, Torchlight has stated a claim upon which relief can be granted sufficient to survive the Rule 12(b)(6) standard. Further, this is Torchlight's second attempt to amend its complaint and it purportedly does so in good faith "to address technical defects with the pleadings." D.I. 45 at 1. At this early juncture, there are no genuine concerns that Defendants will suffer prejudice as a result of the amendment. Therefore, the Court is inclined to grant Torchlight leave to file its SAC. However, because standing is a threshold requirement in every case, the Court is also inclined to grant Defendant MBUSA's request to stay the case in all respects except for limited purpose of conducting early discovery related to the threshold issue of standing. *See* D.I. 57 at 5; *see also Mithril GP Emp. Feeder LLC v. McKellar*, No. 19-2144-RGA, 2020 WL 3206555, at *2 (D. Del. June 15, 2020).

Turning to Torchlight's request for leave to amend its pleading "to aver that Torchlight is making a claim for Defendants' willful ongoing infringement predicated on the notice of infringement provided in the Original Complaint and the FAC," *see* D.I. 45 at 1, the Court is also persuaded to allow Torchlight leave to file its SAC to add a claim for willful infringement. The Court acknowledges that there is a disagreement amongst courts, including in this District, about whether a plaintiff can sufficiently plead knowledge of a patent-in-suit in an amended complaint by simply pointing back to the notice that the accused infringer received of the patent's existence via the filing of a prior complaint in the same case. *See, e.g., Wrinkl, Inc. v. Facebook, Inc.*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *6-7 (D. Del. Sept. 30, 2021) (recognizing disagreement as to whether an amended complaint can cite to service of a prior complaint in order to establish the knowledge element for post-suit induced infringement and willful infringement claims, and finding that it can as to induced infringement but not as to willful infringement); *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, 2021 WL 4324508, at *9-10 & nn. 95, 96

4

(D. Utah Sept. 23, 2021) (recognizing the split on this issue and finding that knowledge of patents gained from an original complaint is sufficient to establish post-filing indirect and willful infringement claims); *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, No. 20- 1646-RGA-JLH, 2021 WL 3526178, at *4 (D. Del. Aug. 11, 2021) (acknowledging the split and concluding that a party may maintain a claim for willful infringement made in an amended complaint if the accused infringer first gained knowledge of the patent from the original complaint); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249-50 (D. Del. 2021) (recognizing the division and concluding that a "complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages"). However, based solely on the pleadings, the Court finds that Torchlight has at least alleged sufficient facts to push its SAC beyond the bounds of futility. And again, this case is at its early stages, Torchlight purportedly seeks leave in good faith, and there are no genuine concerns that Defendants will suffer prejudice by allowing Torchlight to file its SAC. Thus, the Court will also grant Torchlight leave to file its SAC to add its claim for willful infringement.

## III. CONCLUSION

For the foregoing reasons, the Court grants Torchlight's Motion for Leave to File a Second Amended Complaint. Further, subsequent to Torchlight filing its Second Amended Complaint, this case is stayed in all respects for forty-five (45) days except for the limited purpose of conducting early discovery related to the threshold issue of standing. The Court also denies Defendant PCNA's Motion to Dismiss (D.I. 26), MBUSA's Motion to Dismiss (D.I. 29), and Defendant Audi's Motion to Dismiss (D.I. 32) as moot without prejudice to renew following the automatic lift of the forty-five (45) day stay.

\* \* \*

WHEREFORE, at Wilmington this 2nd day of February, 2023, **IT IS HEREBY ORDERED** that:

1. Torchlight's Motion for Leave to File a Second Amended Complaint (D.I. 45; 46) is **GRANTED**.

2. Defendants Mercedes-Benz USA, LLC's request for leave to conduct early discovery limited to the threshold issue of standing (D.I. 57 at 5) is **GRANTED**. Subsequent to Torchlight's filing of its Second Amended Complaint, the case is **STAYED** for forty-five (45) days to allow Defendants to conduct early discovery limited to the threshold issue of standing.

3. Defendant Porsche Cars North America, Inc.'s Motion to Dismiss (D.I. 26), Defendant Mercedes-Benz USA, LLC's Motion to Dismiss (D.I. 29), and Defendant Audi of America, LLC's Motion to Dismiss (D.I. 32) are **DENIED** as **MOOT** without prejudice to renew following the automatic lift of the forty-five (45) day stay.

4. Because the Memorandum Order is filed under seal, the parties shall meet and confer and, no later than February 10, 2023, submit a joint proposed redacted version, accompanied by a supporting memorandum, detailing how, under applicable law, the Court may approve any requested redactions. In the absence of a timely, compliant request, the Court will unseal the entire opinion.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE