# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 23-0758-GBW |
| ) | |
| v. ) | |
| ) | |
| WIZ, INC. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT WIZ, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

OF COUNSEL:

Jordan R. Jaffe
Catherine Lacey
Callie Davidson
Alex Miller
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Dated: January 5, 2024

RICHARDS, LAYTON & FINGER, P.A.
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Counsel for Defendant Wiz, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.      The Asserted Patents, This Litigation, and Orca's Complaints ............................. 2

II.     Pre-Suit: Orca Has Not Plausibly Alleged Wiz's Knowledge of the Asserted Patents or Purported Infringement Prior the Filing of the Complaint .................. 3

III.    During the Lawsuit: Orca's Mid-Suit C&D Does Not Show Plausible Knowledge of the Later Asserted Patents or Their Alleged Infringement ............................... 6

IV.    The Filing of the Complaint or Amended Complaints Does Not Show Wiz Had Plausible Knowledge of the Asserted Patents or Their Purported Infringement ....... 9

V.     Orca Fails to Plausibly Plead Other Elements of Indirect Infringement ............... 9

CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Chimie v. PPG Indus.*,
    218 F.R.D. 416 (D. Del. 2003) ...............................................................................................3

*Cleveland Medical Devices Inc. v. ResMed, Inc.*, No. 22-794-GBW,
    2023 WL 6389628 (D. Del. Oct. 2, 2023) .........................................................................8, 9

*Corephotonics, Ltd. v. Apple, Inc.*, No. 17-CV-06457-LHK,
    2018 WL 4772340 (N.D. Cal. Oct. 1, 2018) ........................................................................7

*Deere & Co. v. AGCO Corp.*, No. 18-827-CFC,
    2019 WL 668492 (D. Del. Feb. 19, 2019) ............................................................................5

*Glob-Tech Appliances Inc. v. SEB S.A.*,
    563 US 754 (2011) ................................................................................................................8

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
    897 F.2d 508 (Fed. Cir. 1990) ...............................................................................................3

*iFIT Inc. v. Peloton Interactive, Inc.*, No. 21-507-RGA,
    2022 WL 609605 (D. Del. Jan. 28, 2022) ............................................................................9

*LiTL LLC v. Dell Techs. Inc.*, No. 23-121-RGA,
    2023 WL 7922176 (D. Del. Nov. 16, 2023) ........................................................................5

*LiTL LLC v. HP Inc.*, No. 23-120-RGA,
    2023 WL 7921477 (D. Del. Nov. 16, 2023) ........................................................................5

*Malvern Panalytical Ltd. v. Instruments-Waters LLC*, No. 19-cv-2157-RGA,
    2021 WL 3856145 (D. Del. Aug. 27, 2021) ........................................................................6

*Monec Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ......................................................................................8

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052,
    2014 WL 4675316 (D. Del. Sept. 19, 2014) ......................................................................10

*Philips v. ASUSTeK Comput. Inc*, No. 15-1125,
    2016 WL 6246763 (D. Del. Oct. 25, 2016) .......................................................................10

*SEB SA v. Montgomery Ward & Co*,
    594 F. 3d 1360 (Fed. Cir. 2010) ............................................................................................8

*Sonos, Inc. v. Google LLC*,
    591 F. Supp. 3d 638 (N.D. Cal. 2022) ............................................................................. 7, 8

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ............................................................................................ 3

*VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671,
    2023 WL 8654391 (N.D. Cal. Dec. 14, 2023) ..................................................................... 6

*VLSI Tech. LLC v. Intel Corp.*, No. 18-0966-CFC,
    2020 WL 3488584 (D. Del. June 26, 2020) ......................................................................... 6

**STATUTES**

35 U.S.C. § 271(c) ............................................................................................................................10

**INTRODUCTION**

After three tries, Orca still has not plausibly alleged willful or indirect infringement. Its conclusory and farfetched allegations of copied "coffee" or "copied lawyers" readily show this. Indeed, Orca's Opposition abandons many of its initial allegations, highlighting that this lawsuit is premised on a baseless narrative to distract from Wiz's success and Orca's failures. Notably missing from Orca's opposition is any discussion of its allegations that Wiz "copied" a coffee booth at a conference and many responses are relegated exclusively to footnotes.

After Wiz identified the lack of pre-suit notice in its original motion to dismiss, Orca resorted to sending a cease-and-desist letter ("C&D") while this lawsuit was ongoing—and three days before its opposition to Wiz's motion was due—to try and manufacture claims of willful and indirect infringement for additional related patents. Orca's mid-lawsuit tactics do not create a willful infringement claim where none exists. Wiz created its products independently and denies the allegations that it had the requisite pre-suit knowledge of the Asserted Patents.

Still, Orca continues to claim that several pieces of implausible allegations are collectively enough to create at least one plausible allegation. This misses the mark. The accused products have all been in the market for years. Orca's allegations of copying do not make sense where the patents ***did not exist*** when the product was created and first sold. This is why Orca has sought to create a claim for willful infringement via its mid-lawsuit C&D.

Finally, Orca doubles down on its belief that threadbare allegations regarding inducement to infringe and Wiz's CSP not having non-infringing uses are somehow enough to support claims of induced and contributory infringement. But neither claim is viable. Orca's claims against Wiz for indirect and willful infringement should be dismissed.

1

# ARGUMENT

**I.      The Asserted Patents, This Litigation, and Orca's Complaints**

Orca accuses certain of Wiz's products of infringing six patents—U.S. Patent Nos. 11,663,031 (the "'031 patent") (D.I. 15-1, Ex. 1); 11,663,032 (the "'032 patent") (D.I. 15-1, Ex. 2); 11,693,685 (the "'685 patent") (D.I. 15-1, Ex. 7); 11,726,809 (the "'809 patent") (D.I. 15-1, Ex. 8); 11,740,926 (the "'926 patent") (D.I. 15-1, Ex. 9); and 11,775,326 (the '326 patent") (D.I. 15-1, Ex. 14) (together the "Asserted Patents").  The Asserted Patents all claim priority to the same original provisional application filed on January 28, 2019 and are directed at methods of allegedly improving cloud security. *See generally* D.I. 15 ("SAC"); Asserted Patents.

Because Orca's brief conflates its various patents, allegations, and arguments together, it is helpful to walk through the timeline.  The '031 and '032 patents issued on May 30, 2023, less than two months before the initial complaint ("Complaint") was filed.  *See* D.I. 1, ¶¶ 34, 63.  Even though Wiz's product has been in the market for years, there are no allegations that Orca contacted Wiz before filing suit on July 12, 2023 to either notify Wiz of its patents or its alleged infringement.  For the patents asserted in the Complaint ('031 and '032), Orca relies solely on baseless "copying" allegations and a conclusory assertion that Wiz "monitors" Orca's patent portfolio.  There are no allegations specific to the time between when Orca's '031 and '032 patents issued on May 30, 2023 and when its Complaint was filed on July 12, 2023.

The remaining Asserted Patents were not included in the Complaint.  With one exception, they issued after the Complaint was filed:  the '809 patent issued on August 15, 2023, the '926 patent on August 29, 2023, and the '326 patent on October 3, 2023.  *See* SAC, ¶¶ 145, 180, 214.  The '685 patent issued on July 4, 2023, shortly before the Complaint was filed.  *Id.*, ¶ 110.  For each of these patents, Orca relies on a C&D it sent on September 12, 2023, a month after it filed this lawsuit and three days before Orca's response to Wiz's motion to dismiss the Complaint was

2

due. Other than its mid-lawsuit C&D, Orca's FAC includes no allegations regarding knowledge of the patents or infringement between patent issuance and the filing of the operative complaint, which ranges from a week (the '326 patent) to two months (the '685 patent).

**II.     Pre-Suit: Orca Has Not Plausibly Alleged Wiz's Knowledge of the Asserted Patents or Purported Infringement Prior the Filing of the Complaint**

It is undisputed that Orca provided no pre-suit notice to Wiz of any of its patents or their alleged infringement before commencing suit. Rather, Orca relies on pre-issuance "copying" allegations. *See* Opp. (D.I. 22), at 10-13. These arguments are insufficient as a matter of law.

First, all the allegations of copying occurred before the two patents asserted in the Complaint existed. Wiz cited several cases directly on point (Op. Br. (D.I. 18), at 10) that Orca does not distinguish. *See Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) ("It is obvious that a party cannot be held liable for 'infringement', and thus not for 'willful' infringement, of a *nonexistent* patent"). Instead, Orca wrongly argues that its pre-issuance copying allegations are adequate to show plausible knowledge. Opp. at 10-13. Even where pre-issuance conduct is considered, courts have found such conduct relevant only where "there is particularly egregious behavior showing a party intent on misappropriating a competitor's proprietary technology." *Chimie v. PPG Indus.*, 218 F.R.D. 416, 422 (D. Del. 2003); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1238 (Fed. Cir. 1985) (distinguishing case where evidence of pre-issuance copying was admitted due to egregious circumstances that the Federal Circuit described as "a most elaborate and detailed copying . . . by a corps of engineers working in secrecy over a period of a couple of years to pry loose the secret of Milgo's inventions."). No such egregious behavior has been plausibly alleged here, so Orca's argument that pre-issuance conduct is relevant is unavailing.

Instead of meaningfully engaging with Wiz's arguments demonstrating the faulty "copying" allegations, Orca simply regurgitates some of the "many examples" it initially put forth. Opp. at 11-12. But for the same reasons detailed in Wiz's Opening Brief—and ignored by Orca—there is no nexus between these examples and the Asserted Patents. *See* Op. Br. at 14-16. They are thus not sufficient to show plausible knowledge of the patents or their infringement. *Id.* For example, Orca fails to address its failed "copied patent boilerplate" argument after Wiz showed that the same generic content was in several applications filed ***years*** prior to Orca's, comprised ~1% of the text and was filed three years prior to any Asserted Patent issued. *Id.* at 10-12. There's similarly no mention of copying the word "MRI" or serving coffee.

Tellingly, Orca's scant attempts to engage with Wiz's substantive arguments often occur exclusively in footnotes. In one footnote, Orca claims that Wiz "does not dispute" that analysts have recognized Wiz's platform has similar features as Orca's. Opp. at 11 n.3. Wiz did not dispute this claim because the shared features Orca refers to are merely conventional cybersecurity terms and features (as Wiz previously explained). *See* Op. Br. at 15. That both companies have "Cybersecurity Features" does not equate to copying in any manner, let alone in a manner relevant to willful infringement of the Asserted Patents.

In another footnote, Orca incorrectly argues that it is "reasonable" to impute outside counsel's knowledge to Wiz. Opp. at 12 n.4. As Wiz previously detailed, the consequences of this theory are severe and should not be overlooked. Op. Br. at 9-10. Orca's theory is that a lawyer's work for every client should be imputed to ***every other client***. Orca cites no case law supporting such a theory. Orca further does not distinguish Wiz's cited authority that makes clear that imputing knowledge from one client to another unrelated client is inappropriate. *Id.* at 9. Instead, Orca cites to two inapposite cases, where the court found that outside counsel's knowledge could be imputed only because the knowledge concerned work done by outside

4

counsel for ***the same client***. *See* Opp. at 12 n.4 (citing *LiTL LLC v. Dell Techs. Inc.*, No. 23-121-RGA, 2023 WL 7922176, at *2 (D. Del. Nov. 16, 2023); *LiTL LLC v. HP Inc.*, No. 23-120-RGA, 2023 WL 7921477, at *2 (D. Del. Nov. 16, 2023)).

In an attempt to explain away its cursory dismissal of Wiz's arguments, Orca claims that "alternative explanations" to its individual allegations that purportedly show knowledge go to defenses and merits of Orca's claims, not adequacy of pleadings.[1] Opp. at 14.  Not so.  If a party could propound any baseless allegation to support plausible knowledge without consideration of arguments to the contrary, no claims would ever be dismissed on the pleadings.  As an example of an "alternative explanation," Orca points to Wiz's rebuttal to its argument that Wiz "copied" Orca's lawyers.  Opp. at 14.  But Orca does not dispute that Wiz had hired the same lawyer *before* Orca even existed, as public judicially noticeable records show.  Op. Br. at 15.  Instead, Orca now claims that it is possible that Wiz could also have later hired the same lawyer specifically to copy Orca.  Opp. at 14.  Repeatedly hiring the same lawyer is not "copying" under any reasonable definition, making the suggestion squarely implausible.[2]  Regardless, Orca pleads no facts to support that fanciful theory.

Even though Orca has no basis for claiming that its individual allegations are plausible, Orca wrongly claims that those implausible allegations taken together somehow make it "plausible, on information and belief" that Wiz monitors Orca's patent portfolio and knew of Orca's patents, and somehow knew of its alleged infringement. Opp. at 11-12.  Its allegations are

---

[1] Orca's cite to *Deere & Co. v. AGCO Corp.*, is inapposite. No. 18-827-CFC, 2019 WL 668492, at *5-6 (D. Del. Feb. 19, 2019). Opp. at 14.  The *Deere* court found that while it was plausible that plaintiff was using the lawsuit to scare competitors out of the marketplace with baseless assertions, plaintiff had also included sufficient allegations to make its claim plausible.  2019 WL 668492 at * 5-6.  Here, while Orca seems to be using this lawsuit to attempt to scare Wiz out of the marketplace, there are insufficient allegations to make Orca's claims for willful and indirect infringement plausible. *See supra* Section II; Op. Br. § V.A.

[2] There are no allegations of malfeasance by any attorney here.

5

just as insufficient collectively as they are individually.  Op. Br. at 14; *see also VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671, 2023 WL 8654391, at *30 (N.D. Cal. Dec. 14, 2023) ("VLSI has put forth several pieces of evidence that are unrelated, tenuous, and not significantly probative, perhaps in the hope that in combination they are equivalent to a single piece of material evidence. But VLSI's evidence is just as weak when viewed collectively under the totality of the circumstances as it is individually."); *Malvern Panalytical Ltd. v. Instruments-Waters LLC*, No. 19-cv-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (pleading pre-suit competitor monitoring supports inference of knowledge of infringements *only* where there are "detailed allegations" and "pre-suit knowledge [i]s undisputed.").

Critically, simply stating that Wiz had knowledge of the Asserted Patents because of this alleged monitoring is not enough.  Orca does not allege that this alleged "monitoring" resulted in knowledge of ***infringement after the patents issued***.  *See* Op. Br. at 16-17; *see also VLSI Tech. LLC v. Intel Corp.,* No. 18-0966-CFC, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) ("Allegations about monitoring competition generally and about patents not asserted here do not plausibly establish that Intel had knowledge of infringement of the [asserted] patents.").  Orca in its Opposition never identifies ***any*** pre-lawsuit fact allegations that would establish that Wiz knew of its alleged infringement of any Asserted Patents after they issued starting in May 2023.  This is determinative for the claims of pre-suit willful infringement.  *Id.*

### III. During the Lawsuit: Orca's Mid-Suit C&D Does Not Show Plausible Knowledge of the Later Asserted Patents or Their Alleged Infringement

Orca does not dispute that it sent its C&D three days before its response to Wiz's original motion to dismiss was due, with a deadline to respond corresponding almost exactly to the filing deadline.  Instead, Orca insists that regardless of when the C&D was sent, it was "formal pre-suit notice" for the later Asserted Patents.  Opp. at 7.  If, as Orca claims, its "examples of pre-

6

issuance copying" and the "pattern of copying" are adequate pre-suit knowledge (*id.* at 11-12), Orca would not have had to send a C&D mid-suit. Regardless, Orca's manufactured "notice" cannot be considered "pre-suit." Orca makes four arguments for why its mid-suit C&D is adequate notice; each fails.

First, for the '685, '809 and '926 patents, Orca tries a sleight of hand, pointing at "the four weeks that passed between Orca's [C&D] and the SAC." *Id.* at 9. But all these patents were asserted in the **First Amended Complaint** ("FAC"), so there was no time to "consider" the C&D between the FAC and SAC. Orca had already sued on them. That is not pre-suit notice under any reading. Orca then dedicates one sentence to arguing that "three days was sufficient" because of its allegations of pre-suit copying. *Id.* As explained above and in Wiz's Opening Brief, Orca has not sufficiently alleged that Wiz had plausible knowledge of, or copied, Orca's technology and patents. This case is nothing like Orca's sole cited authority of *Corephotonics, Ltd. v. Apple, Inc.*, where the court found that Apple was willfully blind because it had worked closely with Corephotonics' technology, cited to one of the asserted patents, and sent a message to Corephotonics cautioning them not to send it additional patents—all before it received a notice of infringement. No. 17-CV-06457-LHK, 2018 WL 4772340, at *9-10 (N.D. Cal. Oct. 1, 2018).

On the contrary, Orca's tactics here are more objectionable than those in Wiz's cited authority because litigation was **already ongoing** here and all the Asserted Patents have the same accused functionality. Wiz could not have ceased "infringing" on some patents when the same activity was allegedly already infringing the '031 and '032 patents in the pending litigation. *See* Op. Br. at 13 (discussing *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638 (N.D. Cal. 2022)). Orca's conduct is the exact type of gamesmanship that *Sonos* and other cases seek to prevent.

Second, Orca argues that "Wiz's infringing acts would not have changed with additional time." Opp. at 9. Orca cites no case law supporting this "it does not matter" theory, and Wiz is

7

aware of none. The only relevant question is whether the C&D plausibly alleges pre-suit knowledge. And the answer is clear: it does not. And as stated above, Orca ignores the relevant cases cited by Wiz (*e.g.*, *Sonos*, 591 F. Supp. 3d at 638).

Orca cites *Cleveland Medical Devices Inc. v. ResMed, Inc.*, No. 22-794-GBW, 2023 WL 6389628, at *4 (D. Del. Oct. 2, 2023), for the proposition that "alleged knowledge of patent family members and related patents . . . can be sufficient to overcome a motion to dismiss." Opp. at 10. However, *Cleveland* ***rejected*** pre-suit knowledge based on related patents where the asserted patents issued later. 2023 WL 6389628 at *4. The same is true here.

Third, Orca claims that its "virtual marking" of the '685, '809, and '926 patents is "sufficient to defeat Wiz's motion."[3] Opp. at 10. But there are no allegations that Wiz knew of the Asserted Patents or their marking after issuance and further knew of its alleged infringement. Indeed, the '926 patent issued on August 29, 2023 and was asserted two weeks later on September 12, 2023. Orca does not allege when it added the '926 patent to its virtual marking or that Wiz would have been daily monitoring Orca's website for newly identified patents, and instantly knew it was infringing–without any notice from Orca. Similar conclusory "monitoring" allegations have been continually rejected and should again be here. *See* Op. Br. at 14-16.[4]

Finally, Orca relies on the '326 patent, stating that it "first asserted the '326 patent in the SAC on October 10, 2023, meaning Wiz had *four weeks* from the September 12 [C&D] to address its ongoing infringement." Opp. at 8. This is misleading. The '326 patent did not issue

---

[3] Orca's cited authority is irrelevant. It simply highlights that marking can be considered constructive notice for damages. *SEB SA v. Montgomery Ward & Co*, 594 F. 3d 1360, 1378 (Fed. Cir. 2010); *Glob-Tech Appliances Inc. v. SEB S.A.*, 563 US 754 (2011). "[A]ctual (not constructive) knowledge is necessary to state a claim for indirect infringement." *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 n.6 (D. Del. 2012).
[4] Orca did not plead that it practiced its patents until Wiz pointed out the deficiency in its initial motion to dismiss.

8

until October 3, 2023 (D.I. 15-1, Ex. 14 at (45)), so there was no enforceable patent until *one week* before it was asserted in the SAC.  The C&D also did not differentiate between the other patents and what became the '326 patent.  It required an affidavit in less than three days' time for all the newly Asserted Patents, including for what led to the '326 patent.

### IV. The Filing of the Complaint or Amended Complaints Does Not Show Wiz Had Plausible Knowledge of the Asserted Patents or Their Purported Infringement

Orca attempts to dismiss Wiz's argument that, as courts in this district have found, knowledge of a patent gained through a complaint or amended complaint cannot serve as knowledge for purposes of indirect or willful infringement.[5]  Orca argues that Wiz is incorrect because it "ignores" the "majority view."  Opp. at 15.  But in its Opening Brief, Wiz recognized the split in authority but chose to follow *Cleveland,* where this Court adopted the well-reasoned view that a complaint cannot serve as notice because a lawsuit does not create a claim.  2023 WL 6389628 at *7.  Orca then tries to distinguish *Cleveland* using *Torchlight Technologies LLC v. Daimler AG, et al.* (D. Del. Feb. 2, 2023) (D.I. 22-1).  *Id*. at 16.  But *Torchlight* was decided over 8 months before *Cleveland* and has no import on the *Cleveland* decision.  And Orca ignores Wiz's cite to *iFIT Inc. v. Peloton Interactive, Inc.*, No. 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022), which explicitly states that an amended complaint is insufficient.

### V. Orca Fails to Plausibly Plead Other Elements of Indirect Infringement

Orca has not sufficiently shown that Wiz's challenges to Orca's indirect infringement claims fail.  First, Orca does not explain how Wiz's instructions caused customers to infringe Orca's patents as required for induced infringement.  Instead, Orca simply claims that its conclusory allegations that Wiz's blog posts and video purportedly instruct users how to do

---

[5] Orca also entirely ignores Wiz's Opening Brief when it claims that Wiz does not "challenge" that the Complaint and the FAC plausibly allege willful and indirect infringement. Opp. at 15.

certain things "in a manner that infringes" are enough to plausibly show how those instructions cause customers to infringe. Opp. at 17. Not so. As Wiz explained in its Opening Brief, these are precisely the kind of allegations that have been found insufficient because the purported instructions just describe the operation of Wiz's products. *See* Op. Br. at 18.

Additionally, Orca is wrong that Wiz keeping its marketing materials on its website after the filing of the complaint and receipt of the C&D constitutes "specific intent" to encourage another's infringement. Opp. at 17. Orca has not established that any of these materials plausibly caused customers to infringe. Nor has it pointed to any authority stating that merely keeping up marketing materials is enough to support specific intent.

Second, Orca does not dispute that it failed to sufficiently allege that Wiz's CSP was especially made for infringement and has no non-infringing use, as is needed to show contributory infringement. Instead, it baselessly asserts that Wiz does not argue that its platform is suitable for substantial non-infringing use. *Id.* at 18. While Wiz's platform *is* suitable for such use, that is not relevant at this juncture because, as even Orca recognizes, it is plaintiff's burden to show that the infringing product does not have such a use. 35 U.S.C. § 271(c); *see also* Opp. at 18. And Orca does not dispute that in cases with facts analogous to this case, contributory infringement claims have been dismissed because the complaint does not provide facts to support the inference that the accused functionalities have no substantial non-infringing use. *See* Op. Br. at 20 (citing *Philips v. ASUSTeK Comput. Inc*, No. 15-1125, 2016 WL 6246763, at *4 (D. Del. Oct. 25, 2016); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052, 2014 WL 4675316, at *7 n.8 (D. Del. Sept. 19, 2014)).

## **CONCLUSION**

For the foregoing reasons, Wiz respectfully requests that Orca's claims for indirect and willful infringement be dismissed.

| | |
|---|---|
| | /s/ Frederick L. Cottrell, III |
| OF COUNSEL: | Frederick L. Cottrell, III (#2555) |
| | Kelly E. Farnan (#4395) |
| Jordan R. Jaffe | Christine D. Haynes (#4697) |
| Catherine Lacy | RICHARDS, LAYTON & FINGER, P.A. |
| Callie Davidson | One Rodney Square |
| Alex Miller | 920 N. King Street |
| WILSON SONSINI GOODRICH & ROSATI, P.C. | Wilmington, DE 19801 |
| One Market Plaza | (302) 651-7700 |
| Spear Tower, Suite 3300 | cottrell@rlf.com |
| San Francisco, CA 94105 | farnan@rlf.com |
| (415) 947-2000 | haynes@rlf.com |
| | |
| Dated: January 5, 2024 | *Counsel for Defendant Wiz, Inc.* |

11