# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
(302) 351-9205
rsmith@morrisnichols.com

January 18, 2024

The Honorable Jennifer L. Hall             *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *Orca Security Ltd. v. Wiz, Inc.*, C.A. No. 23-0758 (JLH)

Dear Judge Hall:

I write on behalf of plaintiff Orca Security Ltd. in the above-captioned matter to ask the Court to require the parties to engage in substantive meet and confer conferences under both Fed. R. Civ. P. 16 and 26 so that a Rule 16(b) scheduling conference can be held with the Court, a case schedule can be entered, and discovery can commence without further delay.

This action has been pending for over six months.  Orca filed its initial complaint in this action on July 12, 2023 (D.I. 1), alleging direct, indirect, and willful patent infringement by defendant Wiz, Inc.  As additional related patents issued, Orca amended its complaint twice, filing the operative Second Amended Complaint on October 10, 2023.  (D.I. 13, 15).  On November 21, 2023, Wiz filed a motion to dismiss only the indirect and willful infringement claims of the Second Amended Complaint, but not challenging the claims of direct infringement in this case.  (D.I. 17).  Thus, even in the unlikely event that Wiz's motion were granted with prejudice and indirect and willful infringement permanently dismissed from the action, the direct infringement claims would proceed.  Wiz's motion was fully briefed as of January 5, 2024 (D.I. 18, 22, 23).

The Court often enters scheduling orders and permits discovery to proceed while motions to dismiss are pending.  *See, e.g.*, *Autonomous Devices, LLC v. Tesla, Inc.*, C.A. No. 22-1466-MN, D.I. 17 (D. Del. Feb. 16, 2023) (three days after motion to dismiss briefing was completed, oral order requiring parties to confer and submit a proposed scheduling order); *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, C.A. No. 14-28, D.I. 32 (D. Del. Jan. 7, 2015) (oral order denying defendants' request to stay entry of a scheduling order based on pending motion to dismiss); *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, C.A. No. 14-878-LPS-CJB, D.I. 38 (D. Del. Apr. 20, 2015) (entering scheduling order despite pending motion to dismiss the complaint); *see also Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015) (describing "the District Court's preference that, in the main, cases should move forward—even in the face of a yet-to-be-resolved motion to dismiss").

The Honorable Jennifer L. Hall
January 18, 2024
Page 2

Nevertheless, Wiz has refused to discuss a proposed scheduling order until its non-dispositive motion to dismiss is decided.

Given that this case has been pending for over six months, Orca respectfully requests that the Court compel the parties to confer under Rules 16 and 26 concerning a case schedule and to set a Rule 16(b) scheduling conference so that this case can move forward.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

cc:   Clerk of Court (via hand delivery)
      All Counsel of Record (via electronic mail)