# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
rsmith@mnat.com

February 21, 2024

The Honorable Jennifer L. Hall         *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    <u>*Orca Security Ltd. v. Wiz, Inc.*, C.A. No. 23-758 (JLH)</u>

Dear Judge Hall:

      Pursuant to the Court's January 22, 2024 Order, Plaintiff Orca Security Ltd. and Defendant Wiz, Inc. jointly submit this letter and the attached proposed Scheduling Order. The parties met and conferred on February 14, 2024 but were unable to agree on a proposed schedule. The parties' positions regarding the disputed schedule are detailed below.

### *Plaintiff's Position – Further Delay in the Case Schedule is Unwarranted*

      The parties' dispute with respect to the schedule largely centers on whether the deadlines in the case should begin after the Court enters its Scheduling Order (as Orca proposes), or whether the parties should delay four months to proceed until after Wiz's non-dispositive motion to dismiss is decided (as Wiz proposes).

      Orca's proposal follows the Court's model scheduling order. Per the Court's model, Orca proposes exchanging Rule 26(a)(1) disclosures five (5) days from the Court's Order, an application for a protective order ten (10) days from the Court's Order, and a deadline for Plaintiff to identify the Accused Products on March 8, 2024, leading to trial in approximately December 2025.

      During the parties' meet and confer, Wiz did not identify any problems with the dates Orca proposed, or contend that there were any unique issues in this case that would preclude the parties from meeting Orca's proposed schedule. Indeed, aside from the first event date, Wiz proposes the same timing Orca proposes between subsequent events, with minor variations to account for deadlines falling on weekends and holidays (e.g., both schedules propose a 12-month window between the deadline for Plaintiff's identification of accused products through the close of fact discovery). Wiz's proposal thus acknowledges the reasonableness of Orca's proposal.

      Wiz's proposal, in contrast, is little more than a renewed request to stay this case for four months until its non-dispositive motion to dismiss is resolved and the pleadings are closed. That argument mirrors the same argument the Court already rejected in ordering the parties to move forward with submitting a scheduling order. *Compare* D.I. 26 (Wiz arguing that the entrance of a

scheduling order should be delayed while "the universe of claims by both parties remains unknown" because of its pending motion to dismiss); *with* D.I. 27 (ordering the parties to jointly submit a proposed Scheduling Order within thirty days). As was the case then, there is no reason to further delay this case—pending since July 2023—based on a non-dispositive motion that, even in the unlikely event it were granted with prejudice, would not stop Orca's direct infringement claims from moving forward. *See* D.I. 25. Courts in this District often enter a scheduling order and permit discovery to proceed while motions to dismiss are pending and the pleadings have not closed. *See id.* (collecting cases). Defendant identifies no reason for the Court to depart from that practice. On the contrary, within two hours of the parties' Rule 26 conference, Defendant served Plaintiff with discovery requests, including sixty requests for production. By Defendant's own actions, this case is ready to move forward now in line with Orca's proposed schedule.

Wiz's only other argument for its delayed schedule is a suggestion that it "may" bring counterclaims against Orca. During the parties' meet and confer, Orca asked Wiz to elaborate on what counterclaims it envisioned so Orca could consider their impact on the case schedule. But Wiz refused to provide any substantive information as to what the counterclaims might entail. Wiz's refusal to elaborate warrants rejection of its schedule based on the alleged specter of possible but unidentified counterclaims. Indeed, the mere possibility of counterclaims exists in every case and would dictate that case schedules would never be entered until the pleadings close. That approach has been rejected in this District, and Orca respectfully requests that it be rejected here. *See* D.I. 25 (collecting cases); D.I. 27 (ordering Parties to enter a proposed schedule). Wiz's four-month delay is therefore unwarranted and Orca's schedule should be entered.[1]

***Defendant's Position – The Schedule Should Properly Account for Counterclaims and Defendant's Pending Motion to Dismiss***

Wiz's proposal is not a disguised attempt to stay proceedings. Rather, it is the only proposal that properly accounts for Wiz's potential counterclaims and Wiz's motion to dismiss Orca's willful infringement claims. And the difference in proposed schedules assumes a ruling on the motion to dismiss and counterclaims being filed in the next couple of months. This is a lawsuit between two competing operating companies in the cybersecurity space. While Wiz has not yet asserted counterclaims since its motion to dismiss is pending and will not give Orca a preview of said claims before they are asserted, it currently intends to assert counterclaims against Orca. Of course, until claims are actually asserted those claims are "potential", but Wiz will not prejudice itself by outlining such claims to Orca before there are plead. Thus, only Wiz's proposal would obviate the need for a later application for amendment of the scheduling order under Rule 16(b)(4), while Orca's proposal would in all likelihood require such an application.

First, Wiz made its intention to potentially file counterclaims clear to Orca during the Parties' meet and confer. Contrary to Orca's assertion, Wiz is not required to outline what the

---

[1] Wiz's proposals to delay exchanging initial disclosures until after the pleadings are closed and to delay submitting a protective order are similarly unwarranted. Rule 26(e) aleardy requires the parties to update their initial disclosures when necessary in view of later arising "additional or corrective" information.

The Honorable Jennifer L. Hall
February 21, 2024
Page 3

specific counterclaims are to justify its proposed schedule. The mere fact that Wiz currently intends to assert counterclaims is enough to have a tangible impact on the case schedule.

Second, as Wiz has previously made clear, it makes practical sense to schedule case deadlines after Wiz's dispositive motion has been decided because, if granted, the universe of claims will be significantly altered. Accordingly, Wiz's proposed schedule will prevent needless expenditure of the Parties' and Court's resources, while Orca's proposal will result in unnecessary work and expense. Wiz understands this Court's Order to prepare a proposed Scheduling Order as just that—a requirement to prepare a proposed Scheduling Order, *not* a decision regarding when the Schedule should begin or what the specific deadlines should be. D.I. 27 (ordering Parties to enter a proposed schedule and outline the Parties' positions regarding any disputes but taking no position on when deadlines should be set).

Finally, as Orca acknowledges, Wiz already served discovery on Orca after the parties' meet and confer under Rules 16 and 26. With discovery open and proceeding, there is no basis to argue that Wiz is seeking a "stay" of the litigation, but instead proposes a schedule that properly accounts for the circumstances of this case, while Orca's proposed schedule does not.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

cc: Clerk of Court (via hand delivery)
    All Counsel of Record (via electronic mail)