IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 23-758 (JLH) |
| | ) |
| WIZ, INC., | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Orca Security Ltd. ("Orca") and Defendant Wiz, Inc. ("Wiz"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential information, and/or proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").

    a. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on

      each page of the Protected Material (except native documents and deposition and hearing transcripts) for which such protection is sought.

    b. For natively produced Protected Material, the filename shall be the production number and the confidentiality designation shall be placed in the filename of each such natively produced document, and the slip sheet corresponding to the Protected Material shall include the production number and the confidentiality designation. In the event the receiving Party of natively produced Protected Material chooses to print or otherwise make a copy of such materials, the printout or copy must be marked with the confidentiality designation.

    c. For deposition transcripts, Parties or testifying persons or entities may designate depositions and other testimony (or portion thereof) with the appropriate designation pursuant to this Order by indicating on the record at the time the testimony is given or by sending written notice of how the transcript or portions thereof are designated within thirty (30) days of receipt of the transcript of the testimony. Access to the transcript so designated shall be limited in accordance with the terms of this Order. If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition or hearing shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition or hearing testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape (or portions thereof) shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape may contain confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript.

2. Any document produced before issuance of this Order with the designation "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall receive the same treatment as if designated as such under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 14 herein:

   a. outside counsel of record in this Action for the Parties, as well as partners, associates, and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   b. up to and including one (1) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action provided that before access is given, the in-house counsel has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party at least ten (10) days before access to the Protected Material is to be given to that in-house counsel. The producing Party may object by notifying the receiving Party in writing that it objects to disclosure of Protected Material to the in-house counsel. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

   c. outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) and their necessary support personnel retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action[2]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least seven (7) days before access to the Protected Material is to be given to that consultant. As part of the curriculum vitae of the consultant or expert or in a separate document(s) served with the curriculum vitae, the receiving Party must disclose the following information regarding the consultant or expert to the producing Party: name, address, current

---

[2] For the avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

4

employer, employment history for the past four (4) years, a listing of cases in which the consultant or expert has testified as an expert at trial or by deposition within the preceding four (4) years, and an identification of any patents or patent applications in which the consultant or expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest, to the extent such information is reasonably available. The producing Party may object by notifying the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree. The receiving Party shall have the burden of proving that such disclosure is warranted. No disclosure shall occur until all such objections are resolved by agreement or Court order;

d. independent litigation support services, including persons working for or as court reporters, graphics or design services, translation services, jury or trial consulting services, mock jurors that have been retained specifically for the purpose of trial preparation, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

e. the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced pursuant to any discovery request in this Action that include Protected Material designated as DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings (subject to the provisions in paragraph 28), or any business or competitive purpose or function. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not

|   |   |
|---|---|
|   | make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.  Nothing in this paragraph shall prohibit any use, copying or otherwise, of material that is publicly available (e.g., in a public filing). |
| 8. | To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."  Source Code Material includes computer code, firmware, driver code, scripts, assembly, binaries, object code, Hardware Description Language (HDL) files, Register Transfer Level (RTL) files, Cadence and other computer-aided design (CAD) files, and GDSII files.  For example, Source Code Material includes ".include," ".s," "c.," ".vhd," ".h," "make," ".mcm," ".dra," ".brd," ".sip," ".gds" files. |
| 9. | For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a) and (c-e). |
| 10. | For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply: |

6

a. Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel that is capable of hosting source code review, or at such other location as the supplier and receiving Party mutually agree. The room containing the standalone computer(s) must have a minimum of 10' x 10' working space and be temperature-controlled. The stand-alone computer(s) shall have disk encryption and be password protected and shall have the Source Code stored on a hard drive contained inside the computer(s). Use or possession of any input/output device (e.g., mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. The receiving Party may not directly copy the Source Code into notes. When used in notes composed by the receiving Party, function names, variable names, parameter names, and other individual identifiers do not constitute copying code. Such notes will be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." No copies of all or any portion of the Source Code may leave the room in which any Source Code is inspected, except as otherwise provided herein. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s), and shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart. The producing Party may visually monitor the activities of the receiving Party's representatives from outside the inspection room but only to such an extent as to ensure that no unauthorized electronic records of the Source Code Material and no unauthorized information concerning the Source Code Material is being created or transmitted. The producing Party shall only monitor the inspection room in such a way that their representative is not able to listen to the conversations of the receiving Party's representatives or view the content of the written notes of the receiving Party;

b. The supplier may employ security measures on the stand-alone computer such as physical measures to prevent or detect tampering with the stand-alone computer, and to implement disabling of communication ports and software functionality, data encryption, access logging limitations on access privileges by the receiving Party, and specification and configuration of the operating system and software tools to be used for inspecting the Source Code. The receiving Party shall not attempt to circumvent any security measures implemented by the supplier, under any circumstances. In order to verify that its Source Code has not later been altered, the supplier may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the stand-alone computer. No person other than the supplier may alter, dismantle,

        disassemble or modify the stand-alone computer in any way, or attempt to circumvent any security feature of the stand-alone computer.

c.     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time of the outside counsel in possession of the review computer on business days (i.e., weekdays that are not Federal holidays). However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The receiving Party shall provide five (5) business days' notice of its intent to inspect for its initial inspection of the Source Code Material that has been produced by the producing Party and identify in writing all qualified persons who will review the Source Code Material. The receiving Party shall provide three (3) business days' notice prior to any additional inspection and identify in writing all qualified persons who will review the Source Code Material. The producing Party shall be reasonable in accommodating requests for inspection on shorter notice;

d.     The receiving Party's outside counsel may request that commercially available software tools for viewing and searching Source Code Material, be installed on the stand-alone computer(s), provided, however, that (a) the receiving Party possesses an appropriate license to such software tools; (b) the producing Party approves such software tools, such approval not to be unreasonably withheld; and (c) such other software tools are reasonably necessary for the receiving Party to perform its review of the Source Code Material consistent with all of the protections herein. The receiving Party must provide the producing Party with the CD or DVD, or link, containing such licensed software tool(s) at least four (4) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use on the stand-alone computer(s). To the extent any Source Code Material is provided in a proprietary format, the producing Party shall make software available to facilitate review of such Source Code Material;

e.     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material;

f.     The producing Party will produce Source Code Material in computer-searchable format on the stand-alone computer(s);

g.     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to four (4) outside

    consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(c) above;

h. To the extent portions of Source Code Material are quoted in a Source Code Document[4], either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

i. Except as set forth in this Order, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of Source Code Material for use in any manner (including by way of example only, the receiving Party may not scan the Source Code Material to a PDF or photograph the code). The receiving Party shall not include excerpts of Source Code Material (either graphical copies or copied text) in correspondence between the Parties (references to production numbers shall be used instead). The receiving Party shall also omit images or copies of Source Code Material from pleadings and other papers unless such images or copies are necessary. Only if it is necessary, the receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, include the minimal amount of such Source Code Material information that is reasonably necessary, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Wherever possible, the receiving Party will make a reasonable and good-faith effort to limit this information to references to production numbers, file names, and line numbers;

j. The receiving Party shall be permitted to print reasonable and not excessive portions of the Source Code Material. Unless otherwise agreed to by the producing Party, any printed portion of Source Code Material that consists of more than fifty (50) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy. Any request that would result in more than one thousand (1000) total pages of source code having been printed for the receiving Party shall likewise be presumed to be excessive. The receiving Party shall include the filename and full

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, including for example translation services, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

[4] The term "Source Code Document" is used throughout this Protective Order to refer to any document that includes excerpts of Source Code Material.

    path of the file on the header of each printout. The producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed by the receiving Party. Within four (4) business days, the producing Party shall either (i) ship one copy set of such pages to the receiving Party or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the producing Party may file a "Motion for Teleconference to Resolve [Discovery/Protective Order] Disputes" with the Court within five (5) business days of the producing Party's objection, or within such other time as the Parties may agree. Upon any such motion to the Court, the burden shall be on the producing Party to show good cause for why the requested printed source code should not be provided. However, as discussed above, in the case of disputes related to the printing of continuous blocks of source code longer than fifty (50) pages or the printing of more than one thousand (1000) total pages, the receiving Party may file a "Motion for Teleconference to Resolve [Discovery/Protective Order] Disputes" with the Court within five (5) business days of the producing Party's objection, or within such other time as the Parties may agree, and the burden shall be on the receiving Party to demonstrate the need for a printed copy that exceeds fifty (50) pages of a continuous block of source code. Although the receiving Party may print entire file(s) that have been identified as of interest, the receiving Party shall not print Source Code Material in order to review blocks of Source Code Material outside the stand-alone computers in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the stand-alone computer(s);

k.     Except on a temporary basis in connection with a particular deposition, hearing, or specific Court proceeding, the receiving Party's outside counsel may make no more than five (5) copies of any printed page of the Source Code Material received from a producing Party pursuant to paragraph 10(j). Outside vendors shall not be used to print or copy the computer code. The receiving Party's outside counsel shall maintain a log of all such paper copies of the Source Code Material, including the recipients and storage locations of the same. All such copies shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." Upon five (5) days advance notice to the receiving Party, the receiving Party shall provide a copy of this log to the producing Party, and in any event the receiving Party shall provide this log to the producing Party upon the conclusion of the litigation;

l.     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to

      the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

m.   A producing Party's Source Code Material may only be transported by the receiving Party by a person authorized under paragraph 10(g) above to another person authorized under paragraph 10(g) above, on paper via hand carry or Federal Express.  The receiving Party may not transmit the producing Party's Source Code Material electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Copies of printed Source Code Material that are marked as deposition exhibits, may be provided to the Court Reporter during the deposition, but shall not be retained by the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code Material brought to the deposition that are used as exhibits shall remain with the producing Party's outside counsel; and

n.   Counsel for the Party in possession of a Party's Source Code Material, including any printouts, shall immediately notify via email counsel for the producing Party if Source Code Material was lost or stolen or if the security of the Source Code Material was otherwise compromised, and shall provide details of the event and make all reasonable effort to retrieve the Source Code Material.

11.   Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application substantially related to the particular information disclosed in such HIGHLY SENSITIVE MATERIAL, from the time of receipt of such material through and including the first to occur of (i) one year after the complete resolution of this Action through entry of a final non-appealable judgment or order for which appeal has been exhausted and completion of the requirements of this agreement; (ii) one year after the complete settlement of all claims

|     | in this Action and completion of the requirements of this agreement; or (iii) one year after the time the individual person(s) cease(s) to have access to such material. This provision does not apply to participation in *inter partes* review or other post-grant proceedings, except that persons covered by this prosecution bar shall not assist, supervise, or participate in the proposal, drafting, or modification of any new or amended claims in such proceedings. For purposes of clarity, a patent or patent application is not "related to" the particular information disclosed if it both makes no use of that information and the claims do not encompass, in whole or in part, any of the hardware, software, or technical functionality to which the particular information relates. |
| --- | --- |
| 12. | Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. |
| 13. | Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages |

containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

14. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current officer, director, or employee of the producing Party or a witness who has been designated under Federal Rule of Civil Procedure 30(b)(6) to testify on behalf of the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraphs 9 and 10 of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to have access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Any DESIGNATED MATERIAL that is filed with the Court, including any filing that discloses or relies on DESIGNATED MATERIAL, shall be filed under seal and the filing party shall comply with D. Del. L.R. 5.1.3 and relevant CM/ECF Procedures. Where reasonably practical, only the portions of the documents containing DESIGNATED MATERIAL shall be filed under seal. The filing Party shall place the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.

17. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order. The identification or agreed upon treatment of certain types of disclosures and discovery material does not reflect agreement by the parties that the disclosure of such categories of disclosure and discovery material is required or appropriate in these actions. The Parties reserve the right to argue that any particular category of disclosure and discovery material should not be produced.

18. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation in response to the written request, the parties shall attempt to resolve the challenge in good faith and must begin the process by conferring directly (in voice to

14

voice dialogue; other forms of communication are not sufficient) within ten (10) days of the written request. The requesting Party shall seek to reach agreement with the designating Party to re-designate the information and give the designating Party an opportunity to review the DESIGNATED MATERIAL, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the Parties cannot reach agreement, the requesting Party may apply to the Court for relief pursuant to the discovery dispute procedures set forth in the Scheduling Order (or as otherwise ordered by the Court) within twenty-one (21) calendar days of the written request or fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each in-house counsel, designated representative, and outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order. Any such Third Parties shall be provided a copy of this Order by the Party seeking information from the Third Parties.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," any documents, testimony, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, testimony, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, testimony, information or other material so produced or given shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Order.

22. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed. The receiving Party shall verify the destruction by affidavit furnished to the producing Party, upon the producing Party's request. This limits on disclosure of DESIGNATED MATERIAL shall remain in force until such destruction.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of Protected Material or filing of Protected Material under seal or with appropriate redactions by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Nothing in this Order shall prevent or restrict a producing Party's own disclosure or use of its own "DESIGNATED MATERIAL" for any purpose.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29. <u>Other Proceedings.</u>  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | RICHARD, LAYTON & FINGER, P.A. |
| */s/ Rodger D. Smith II* | */s/ Frederick L. Cottrell, III* |
| Jack B. Blumenfeld (#1014) | Frederick L. Cottrell, III (#2555) |
| Rodger D. Smith II (#3778) | Kelly E. Farnan (#4395) |
| 1201 North Market Street | Christine D. Haynes (#4697) |
| P.O. Box 1347 | One Rodney Square |
| Wilmington, DE  19899-1347 | 920 North King Street |
| (302) 658-9200 | Wilmington, DE  19801 |
| jblumenfeld@morrisnichols.com | (302) 651-7700 |
| rsmith@morrisnichols.com | cottrell@rlf.com |
| | farnan@rlf.com |
| *Attorneys for Plaintiff* | haynes@rlf.com |
| | *Attorneys for Defendant* |

March 14, 2024

SO ORDERED, this <u>15th</u> day of <u>March</u>, 2024.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-758 (JLH) |
| | ) | |
| WIZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**APPENDIX A**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession,

and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____