**RICHARDS LAYTON & FINGER**
**125 YEARS**

Frederick L. Cottrell, III
302-651-7509
cottrell@rlf.com

May 13, 2024

**BY CM/ECF**
Hon. Sherry R. Fallon
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3555

      Re:    *Orca Security Ltd. v. Wiz, Inc.*, 1:23-cv-00758-JLH

Dear Judge Fallon:

      Defendant Wiz, Inc. ("Wiz") submits this letter for the discovery conference scheduled for May 20, 2024. *See* D.I. 51.  Plaintiff Orca Security Ltd. ("Orca") takes the position that "interim deadlines" are required for Wiz's document productions and responses to Orca's interrogatories, but Orca failed to meaningfully meet and confer with Wiz regarding that position before bringing this dispute before the Court.  As Wiz will explain in response to Orca's letter brief, such a request is premature at best because the Scheduling Order (D.I. 33) is clear on deadlines.  Additionally, on May 1, 2024 Orca informed Wiz that its source code was available for inspection.  Wiz is in the process of reviewing the code, so disputes regarding Orca's code are not ripe at this time.  Accordingly, Wiz withdraws the dispute regarding Orca's refusal to make source code available but reserves the right to raise the issue with the Court at the appropriate time.

    **I.**    **Interim Deadlines**

      Wiz has repeatedly made clear that Orca's dispute regarding interim deadlines is not ripe. In fact, in discussing Orca's draft motion for a teleconference, counsel for Wiz sent the following email:

> The draft letter for a teleconference says the parties are at an impasse regarding "Setting interim deadlines for Defendant's document productions and responses to Orca's interrogatories."  The parties have never discussed "interim deadlines," what those deadlines would be or require in terms of production, or the basis for such "interim" deadlines.  Your citations to correspondence do not at all contradict this.  And the negotiated Scheduling Order is silent on any "interim deadlines."
>
> Regarding what you do cite, it omits the most relevant parts of our discussions and in fact confirms that the parties are not at an impasse on this issue.  Wiz has repeatedly made

> clear that it is not refusing to produce any documents and that it expects to roll out its next production by May 10, 2024. Is Orca objecting to May 10 and seeking an earlier date? What date? Is Orca demanding a set number of documents by that date or on another date? We have never discussed those issues and do not know Orca's position. During the April 23 meet and confer, Wiz agreed to supplement its Interrogatory responses and agreed to provide a date certain for some of those requests in the near future, and Wiz stated that Wiz could not provide a date certain for the responses that refer to document productions because Wiz is planning to produce documents on a rolling basis. Is Orca demanding a supplemental response within a certain number of days of May 10? If yes, why and what date? Again we have never discussed this.

*See* Ex. 1 at 2.

Rather than answering these questions, Orca went ahead and filed the motion on April 25, 2024. D.I. 49. On April 30, 2024–*five days later and after this issue was already allegedly at an impasse*, Orca sent over a "the attached amended ESI order that, among other things, identifies additional specific interim deadlines for the parties' document productions, Wiz's responses to Orca's interrogatories, and procedures for electronic correspondence discovery (e.g., email and other messaging applications)." Ex. 1 at 1. This "Amended ESI Order" purports to provide the "interim deadlines" (*see* Ex. 2 at 7-9), that Orca represented to this Court the parties had reached an impasse over–even though **Orca had never disclosed these proposed "deadlines" before**. Orca's own conduct shows it failed to sufficiently meet and confer on this matter before it filed the motion for teleconference. *See* D.I. 33, ¶ 8(g)(ii) (allowing the parties to file a motion for teleconference only where "counsel find, after good faith efforts – including verbal communications among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter").[1]

      Orca's failure to meet and confer is no mere formality as Wiz has repeatedly said the parties are not at an impasse regarding "interim deadlines" because Orca had not proposed any such deadlines before bringing this dispute to the Court, and there are none in the Scheduling

---

[1] Orca's request for an "Amended ESI Order" is in fact an attempt to amend the Scheduling Order, including providing deadlines for interrogatory responses–which are not part of ESI orders. Amending the Scheduling Order requires good cause under Fed. R. Civ. P. 16(b)(4)—which is not present here and Orca has never even attempted to show. The parties met and conferred on these deadlines on May 9, and Wiz explained that interim deadlines do not belong in an ESI order and asked Orca what the purpose of some of its edits to the default ESI Order were (e.g. removal of "Cooperation" and "Proportionality" provisions). During the meet and confer, Orca demanded a counterproposal to its amendments by the next day, stating that it would unilaterally submit its Amended ESI Order unless Wiz did so, because its discovery letter brief was due on May 13. Wiz responded that the letter brief was due on Monday only because Orca submitted its dispute to the court *before* proposing any deadlines and while the meet and confer process was still ongoing. Still, on May 10, Wiz reiterated its position via email, explaining that Wiz does not agree with Orca's edits and stating that the Scheduling Order does not contemplate that the parties replace the default ESI Order. Ex. 3 at 1.

Order.  To the extent Orca has requested dates regarding document production, Wiz has made clear from the very first time Orca raised the issue that Wiz would begin rolling document productions in due course.  In response to Orca's repeated demands that Wiz provide a date certain by which it would produce documents, Wiz reiterated that it was planning to begin rolling document productions.  When Orca was dissatisfied with that answer, Wiz asked Orca if there were any deadlines before which Orca urgently needed to review Wiz's documents by, so that Wiz could prioritize any such productions.  Ex. 1 at 2-3.  The only deadline Orca identified was its deadline to submit Infringement Contentions (May 10), including Orca stating that it would need to review Wiz's source code before that deadline.

In response to that representation, Wiz made its source code available and Orca reviewed that code on April 29—well in advance of the deadline Orca highlighted.  And, as promised, on May 10, Wiz made a document production (WIZ_0003038 – WIZ_0004048) with documents responding to Orca's discovery requests.  Wiz also supplemented its responses to Orca's first set of Interrogatories on the same day. When Orca again demanded that Wiz provide a date certain by which it would complete document production, Wiz stated that while document productions would begin to be rolled out on May 10, it could not be certain of when document production would be complete but that it would be in advance of the deadline the Scheduling Order contemplates for substantial completion of document production. *See* D.I. 33, ¶ 8(b) ("[d]ocument production shall be substantially complete by **November 1, 2024**.").  Wiz has consistently stated it will begin producing documents in a reasonable time frame.

The parties have also yet to discuss custodial ESI discovery, which likely will constitute additional substantial documents by both parties.  As Wiz stated on April 23, 2024, the parties are not, and cannot be at an impasse, because "[t]he parties have also yet to discuss custodial ESI discovery, which likely will constitute additional substantial documents by both parties.  The parties should confer on a reasonable time to exchange search terms and then, once those are finalized, talk about a schedule for rolling productions on said search terms." Ex. 1 at 5.  Orca did not respond to Wiz's proposal, other than simply "disagree[ing] that the parties are not at an impasse." *Id.*  at 4.

The Court should deny Orca's motion without prejudice and direct them to meet and confer on these issues as required ***before*** bringing a motion requesting a teleconference, as required by the Court's standing order.

                                                  Respectfully,

                                                  */s/ Frederick L. Cottrell, III*

                                                  Frederick L. Cottrell, III (#2555)

cc:      All Counsel of Record (via email)