IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-758 (JLH) (SRF) |
| | ) | |
| WIZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE SHERRY R. FALLON FROM RODGER D. SMITH II
IN RESPONSE TO WIZ'S DISCOVERY TELECONFERENCE LETTER (D.I. 59)**

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Blake R. Davis
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Kristina D. McKenna
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA  02116
(617) 948-6000

May 14, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiff Orca Security Ltd.*

Dear Judge Fallon:

Plaintiff Orca Security Ltd. writes in response to Defendant Wiz, Inc.'s discovery teleconference letter (D.I. 59). Wiz does not identify any affirmative issues for the Court to address. Indeed, whereas Wiz originally claimed the parties were at an impasse relating to Orca's production of source code for its patent-practicing Orca Platform, that issue is moot. D.I. 59 at 1. As Wiz demanded, Orca produced its complete source code for all versions of the patent practicing product, including Git history, for Wiz to inspect. Thus, the only remaining issue related to source code is Wiz's refusal to produce for inspection the same scope of source code that it demanded from Orca. As explained in Orca's May 13 Teleconference Letter, the Court should reject Wiz's source code double standard and compel Wiz to make available for inspection the complete source code for all versions of the Accused Product, including Git history, like Orca has already done. *See* D.I. 58 (Orca's Teleconference Letter dated May 13, 2024, hereinafter "Orca's Letter") at 3-4.

Having no issues to raise regarding Orca's discovery, Wiz instead uses its letter to argue the Court should deny Orca's request for the Court to set an interim deadline for Wiz's document productions. The Court should reject those arguments. As explained in Orca's Letter (D.I. 58 at 3-4), setting a date for Wiz's initial production of documents from its most relevant ESI sources is necessary to curb Wiz's discovery delays, permit timely follow-on discovery, and provide Orca with a full and fair ability to prepare its case. Wiz claims the issue of setting dates certain for its document productions is "not ripe" for four reasons. Each is wrong.

**First**, Wiz argues Orca did not "meaningfully meet and confer" on interim deadlines for Wiz's document productions. D.I. 59 at 1. Not so. Beginning on March 29, Orca requested that Wiz "produce at least the scope of responsive documents it has agreed to for these requests no later than April 4, 2024." Ex. A at 1. The parties discussed that timeline during the April 4 verbal meet and confer, but Wiz rejected it and would only agree to "provide its *position*, in writing by April 8, on the scope of discovery it would agree to for the 61 RFPs for which it had responded that it would be willing to 'meet and confer' on." D.I. 58, Ex. C at 2 (emphasis added). But April 8 came and went, and Wiz still failed to "provide its position on the 60+ RFPs and 4 interrogatories." *Id.*, Ex. D at 15. In response to more prodding from Orca, *id.*, on April 11, Wiz agreed to supplement its RFP responses by April 15 but was silent on (a) whether any documents would accompany those responses, and (b) when it would provide interrogatory responses. *Id.* at 12. Orca explained that if Wiz was not going to begin producing documents and substantively responding to interrogatories by April 15 (or at a minimum provide Orca a date when it *would* begin), Orca would be forced to "ask for the Court's guidance regarding deadlines for document production." *Id.* at 11. Wiz responded only that "[t]here is no reason to 'seek the Court's guidance regarding deadlines for document production' when the Court has already set a substantial completion deadline of November 1, 2024." *Id.* at 10-11. The parties again discussed a timeline for Wiz's document production and interrogatory responses during an April 12 verbal meet and confer. *Id.* at 9. Once again, Wiz "refused to commit to any dates certain for its productions because it does not see any urgency or need to produce documents absent express Court deadlines." *Id.* On April 16, Orca again asked Wiz to "provide a date certain by which you will produce responsive documents" and "supplemental interrogatory responses" to the non-contention interrogatories. *Id.* at 7-8. Wiz responded that it would "begin rolling productions within the month" without providing any date certain, insisting that no "deadlines [] necessitate sooner productions." *Id.* at 7. Orca again attempted to obtain dates for Wiz's productions during the April 18 verbal meet and

The Honorable Sherry R. Fallon
May 14, 2024
Page 2

confer, but "Wiz refused to address it" or provide any "basis for its failure to produce *any* additional documents." *Id.* at 4. The issue arose once more during yet another meet and confer on April 23. This time, Wiz finally identified a date certain to begin producing documents—May 10, the date Orca's initial infringement contentions were due—but "did not provide any basis for waiting until that date," over Orca's repeated requests for earlier productions. *Id.* at 2.

Wiz's letter does not address any of the parties' correspondence from March 29 to April 23. Instead, Wiz block quotes an email it sent on April 24 in response to Orca's motion requesting a conference with the Court, where Wiz raised a smattering of questions relating to Wiz's document productions that had allegedly "never" been discussed. D.I. 59 at 1-2. But framing Wiz's questions as having "never" been discussed as if that were somehow Orca's doing is perplexing; Wiz never *raised* its questions during any of the parties' four meet and confers. Wiz then faults Orca for requesting a teleconference prior to responding to Wiz's belated April 24 questions as if those questions had ever been asked before. And in all events, Orca diligently attempted to address Wiz's questions prior to filing its May 13 Letter with the Court.

Leaving all this aside, as Wiz notes, Orca sent Wiz a proposed ESI protocol on April 30 that included interim deadlines for prior outstanding discovery and future custodial and electronic correspondence productions.[1] D.I. 59-3; *see also* D.I. 59-4 at 2 (noting that the ESI order did not "moot" the pending issue of interim deadlines). Orca asked Wiz repeatedly for its positions concerning those interim deadlines, which Wiz refused to provide. *See* D.I. 59-2 at 1; D.I. 59-4 at 2. On May 9, the parties verbally met and conferred yet again, and Wiz was again unwilling to discuss any interim deadlines. As of this letter, Wiz has refused to provide any edits or counterproposals to Orca's proposed deadlines, or the scope of what Wiz should produce and when.

In sum, Wiz's contention that there needs to be more meeting and conferring on when it will produce its belated documents rings hollow. Having now met and conferred *five* times on that now, Orca asks the Court to set the interim May 24 deadline for initial document productions in Orca's Proposed Order and put an end to Wiz's filibustering.

**Second**, Wiz alleges that interim deadlines are not necessary because Wiz has repeatedly said it "would begin rolling document productions in due course" and the existing deadline for the substantial completion of documents is not until November 1. *See* D.I. 59 at 2-3. Wiz misses the point. The issue is not *whether* Wiz will produce documents, but *when*. As explained in Orca's Letter, Wiz spent the first three months of discovery doing as little as it could, producing only three customer-facing documents and a one-page financial summary on the April 5 deadline for core technical documents. D.I. 58 at 1-2. While Wiz produced a second set of documents on May 10, even that production is entirely deficient as it does not include internal documents from Wiz's "most relevant" ESI sources. *Id.* at 1, n.1. Indeed, Wiz admits in its letter that the May 10 document production is not "complete," and promises only that more documents will come in the future at some indeterminate time of its choosing. D.I. 59 at 3; *see generally id.* (stating Wiz will

---

[1] Orca's Letter only addresses an interim deadline for document productions responsive to the parties' first set of requests for production that have been the subject of extensive meet and confers. The parties continue to discuss deadlines for mutual exchanges of electronic correspondence discovery.

The Honorable Sherry R. Fallon
May 14, 2024
Page 3

"begin rolling productions in due course" and productions will be made "in a reasonable time frame"). Wiz's refusal to provide dates certain, and its repeated references to the Court's substantial completion deadline, suggests that Wiz intends to withhold many of its documents until the end of the discovery period. There is no legitimate basis for such stalling, and this approach, if permitted to continue, would prejudice Orca which needs these documents now to adequately prepare its case and determine what additional discovery is needed.

**Third**, Wiz tries to justify its failure to engage in discovery because Orca has not identified any specific "deadlines before which Orca urgently needed to review Wiz's documents." D.I. 59 at 3. That is not the law. The Federal Rules of Civil Procedure obligate Wiz to produce documents and respond to interrogatories in a timely fashion, and does not permit a party to withhold discovery until the requesting party proves it is "urgently needed." *See* Fed. R. Civ. P. 1, 2, 33, 34. Orca served its first set of requests for production and interrogatories months ago, and there is no excuse for Wiz's repeated failures to have properly produce its documents and answer the interrogatories. Moreover, discovery is an iterative process that involves cycles of requests, responses, and document productions refined with follow-on discovery of more targeted requests and particular documents produced, ultimately leading to the substantial completion deadline. *Integral Dev. Corp v. Tolat*, No. C 12-06575 JSW (LB), 2013 WL 5120682, at *2 (N.D. Cal. Sept. 13, 2013) ("iterative discovery means that the parties can start with productions that illuminate the fact lay of the land, and then they can fashion more targeted requests"); *Taylor v. Armor Corr. Health Servs., Inc.*, No. 120CV01406WJMNYW, 2020 WL 13850266, at *2 (D. Colo. Nov. 19, 2020) ("discovery is, by necessity, an iterative process"). Wiz's refusal to provide fulsome discovery has obstructed this iterative process and should be rejected.[2]

**Fourth**, Wiz argues that adding an interim deadline for document productions is an "attempt to amend the Scheduling Order" that requires "good cause." D.I. 59 at 2 n.1. Not so. Orca does not seek to amend any existing deadlines in the scheduling order, but rather to compel production of documents responsive to the parties' initial requests for production. Wiz provides no authority for its novel proposition that ordering a party to produce documents constitutes an amendment to the scheduling order, and Orca is not aware of any. To the contrary, courts in this District regularly compel the production of documents by specific dates without addressing "good cause" factors for amending a schedule. *See, e.g.*, *Goddard Sys., Inc. v. Gondal*, No. CV 17-1003-CJB, 2018 WL 5919742, at *1 (D. Del. Nov. 9, 2018); *Finjan, Inc. v. Rapid7, Inc.*, No. CV 18-1519-MN, 2020 WL 5045186, at *3 (D. Del. Aug. 7, 2020); *Commonwealth Ins. Co. of Am. v. Colony N. Apartments*, No. CV 11-1019-SLR-CJB, 2013 WL 12506986, at *2 (D. Del. July 24, 2013).

In sum, Orca's request for dates certain by which Wiz must produce documents responsive to Orca's initial Requests for Production (Nos. 1-83) is necessary here to curb further delays and

---

[2] Wiz's pattern of delay appears to be recurring with Wiz's responses to Orca's second set of RFPs. As with its responses to Orca's First Set of RFPs discussed in Orca's Letter (D.I. 58 at 1), Wiz responded to Orca's Second Set of RFPs (Nos. 84-90) on April 29 with boilerplate objections and a statement that "Defendant is willing to confer" for each Request. The parties met and conferred on those requests on May 9, where Wiz stated it would later provide its position whether it would produce documents responsive to those requests. Thus far, Wiz has yet to agree to produce any documents.

The Honorable Sherry R. Fallon
May 14, 2024
Page 4

allow for necessary follow on discovery.  Wiz should not be permitted to withhold documents and information responsive to that discovery only to later provide a dump of discovery on the deadline for substantial completion.  Accordingly, Orca asks the Court to enter Orca's proposed order, or order other dates certain for Wiz's compliance as the Court sees fit.

                                      Respectfully,

                                      */s/ Rodger D. Smith II*

                                      Rodger D. Smith II (#3778)

Enclosure
cc:      All Counsel of Record (via electronic mail)