**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 23-0758-JLH |
| | ) | |
| | ) | **PUBLIC VERSION** |
| v. | ) | |
| | ) | |
| | ) | |
| WIZ, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE SHERRY R. FALLON FROM**
**FREDERICK L. COTTRELL, III REGARDING DISCOVERY DISPUTE**

OF COUNSEL:

Jordan R. Jaffe
Catherine Lacy
Callie Davidson
Alex Miller
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Praatika Prasad
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY  10019-6022
(212) 999-5800


Dated: May 14, 2024

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 658-6541
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Counsel for Defendant Wiz, Inc.*

Defendant Wiz, Inc. ("Wiz") submits this letter in opposition to Plaintiff Orca Security Ltd.'s ("Orca") May 13, 2024 letter brief seeking assistance with: (1) Wiz's purported "deficient" production of core technical documents and source code; and (2) setting interim deadlines for document productions. D.I. 58. Orca's arguments regarding Wiz's core technical documents do not engage with the relevant standard in the Court's Scheduling Order. And for good reason— under the applicable standard, Wiz more than sufficiently complied. Orca's requested "interim deadlines" seek to turn the ordinary discovery process into a micromanaged and unworkable schedule. Orca cites no precedent for its schedule and no good cause to amend the Scheduling Order. Orca's requested relief should be denied.

### Background

Orca's unfounded narrative regarding this case is already rapidly coming undone. All Orca's asserted patents stem from the same patent family and same patent application. In its Second Amended Complaint, Orca touts the first issued patent in this family despite the fact that it is not asserted in this case. D.I. 15, ¶ 10 (referring to "first of these patents [that] issued on August 22, 2022" when first asserted patent issued later). Wiz challenged that patent via *inter partes* review, and rather than dispute that it was invalid, Orca *statutorily disclaimed all challenged claims*.[1] As shown in Wiz's pending motion to dismiss (D.I. 17), Orca's so-called copying allegations are similarly meritless. The idea of serving "coffee" at a conference is not Orca's and its reliance on such an allegation shows the weakness of its case. As Wiz will show, it is Orca that copied Wiz, not vice versa.

Orca's purported history of this case and its characterization of Wiz as "dilatory" in discovery is also incorrect. D.I. 58 at 1. The reason for the current stage of the litigation is because of Orca, not Wiz. Orca amended its complaint twice, including in response to a motion to dismiss by Wiz. Wiz's operative motion to dismiss Orca's Second Amended Complaint was fully briefed on January 5, 2024. D.I. 23. Orca requested a Rule 16 conference shortly thereafter. D.I. 25. The Court entered its Scheduling Order on March 4, 2024. D.I. 33. Orca served its initial infringement contentions last Friday, on May 10, 2024. Orca's assertion that Wiz has attempted to "delay discovery" is similarly wrong. D.I. 58 at 1. After discovery opened with the parties' Rule 26 meet and confer on February 21, 2024, *Wiz* first served discovery that same day. Orca did not serve discovery until a week later. D.I. 29.

Orca also claims that Wiz is somehow applying "a double standard" to discovery. D.I. 58 at 2. That is again incorrect. Similar to Wiz, Orca offered to meet and confer about 19 of Wiz's RFPs and two interrogatories. Ex. As Orca acknowledges, Wiz has supplemented all but one of its responses to Orca's first set of RFPs. Wiz has also responded to all of Orca's non-contention interrogatories, has produced thousands of pages of documents, and has identified documents by Bates number in its interrogatory responses. Orca continues to refuse to supplement seven of its responses to Wiz's RFPs and has provided inadequate information in the three interrogatory responses it supplemented. Additionally, while Orca complains Wiz has not produced sufficient documents responsive to Orca's initial RFPs, Orca has not produced documents responsive to many of Wiz's RFPs. *See* Ex. 1; Ex. 2.

---

[1] Under the Patent Office's recent proposed rule regarding terminal disclaimers, all the asserted patents would now be unenforceable. *See* https://www.federalregister.gov/documents/2024/05/10/2024-10166/terminal-disclaimer-practice-to-obviate-nonstatutory-double-patenting

**<u>Wiz's Production of Core Technical Documents and Source Code</u>**

**<u>Core technical documents</u>:**  The Court's Scheduling Order required Wiz to produce "core technical documents related to the accused product(s), ***sufficient to show*** how the accused product(s) work(s)" on April 5, 2024.  D.I. 33, ¶ 7(b) (emphasis added).  Wiz did so.   Wiz produced nearly 3000 pages of non-public information showing how the Accused Product works.  Ex. 1 at 18.  Still, Orca insists, without explanation, that the production was deficient because Wiz did not search for additional relevant information.  This is not true.  As Wiz has made clear to Orca multiple times during meet and confers, Wiz conducted an internal search for documents sufficient to show how the Accused Product works and produced them in a timely manner.

To avoid a dispute, despite disagreeing with Orca's assertions regarding Wiz's core technical production, Wiz made source code available for inspection well in advance of Orca's infringement contention deadline.[2]  Any information that was purportedly "missing" from Wiz's core technical document production sufficient to show the operation of the Accused Product's "Wiz Analysis Engine" or the "Wiz console and backend" (D.I. 58 at 2) would have been available in Wiz's source code—which Orca and its experts inspected on April 29 and on May 9, 2024.  Orca does not argue otherwise.

Contrary to Orca's assertion, the court in *Cirba*, did not find that production of source code "does not relieve it of its obligation to produce other core technical documents." 2021 WL 7209447 at \*6.  The court instead explained that "the core technical document production is usually a beginning and certainly not an end of document production on technical topics" and instructed the parties to "work on this a little bit within the request for production process." *Id.* Wiz has been doing exactly this.  Wiz produced core technical documents sufficient to show how the Accused Product works over a month ago, and shortly thereafter made source code available that should have answered any additional questions Orca may have had regarding how the Accused Product works.  Wiz has more than produced documents sufficient to show operation of the Accused Products.  No more is required under the Scheduling Order, and Orca's letter does not attempt to show that Wiz has not produced technical documents "sufficient to show how the accused product(s) work(s)."  There is no "deficient production" of core technical documents that Wiz must "remedy."[3]

**<u>Source code</u>:**  As an initial matter, "source code" is not properly raised as a separate issue apart from Wiz's core technical production.  D.I. 49 at 1 ("Defendants' deficient production of core technical documents, including the scope of source code to be produced.").  The Court's Scheduling Order requires documents sufficient to show operation of the Accused Products.   Source code is not expressly required to be produced with a core technical document,

---

[2] *See Cirba Inc. v. VMWare, Inc.*, C.A. No. 19-742-LPS, 2021 WL 7209447, at \*6 (D. Del. Dec. 14, 2021); *see also PerDiemCo LLC v. CalAmp Corp.*, C.A. No. 1-20-cv-01397-VAC-SRF (D. Del. May 17, 2022) ("plaintiff has not shown that source code should be categorized as a core technical document").

[3]  By contrast, Orca's proposed order asks Wiz be compelled to produce all internal technical documents "***describing the Accused Product***" from various repositories and "the complete source code for [the Accused Product] including its git history" by May 24, 2024.  That scope of production is not required by the Scheduling Order.  D.I. 58-1, ¶ 1.

but Orca does not dispute that Wiz's source code is sufficient to show how the Accused Products work. That should be the end of this dispute under Orca's request for relief.

If considered, Wiz has produced sufficient source code for purposes of its core technical production. (To the extent Orca is relying on its document requests, it did not identify any for purposes of this dispute.) On the scope of the source code, Wiz identified what it understood as the asserted functionality based on Orca's complaint and identification of accused products. It produced source code in two snapshots: one as the code currently exists and a second around the time this lawsuit was filed. Wiz offered Orca the option of selecting a third date prior to issuance of the patents in suit but Orca never selected any third date. Ex. 1 at 11. Unlike in *PerDiemCo*, Wiz has not taken a hard line that it will not produce additional source code. Instead, it has told Orca that if there are additional portions it contends are relevant, it is potentially willing to do so. Instead, Orca simply claimed impasse. *Id.* In fact, even now, after Orca has inspected Wiz's produced code twice, Orca has not identified any specific deficiencies.

Despite Orca's improper approach, there are two areas where Wiz understands there to be a dispute. The first is on the scope of the produced code. The second is regarding providing a full history–every change ever made–to the source code. Neither is warranted.

**First**, Orca cannot simply claim that the "complete code is necessary to investigate the scope of Wiz's infringement" (D.I. 58 at 3), without actually explaining why it is necessary and what parts of the code that have not been produced are necessary.[4] Orca's request includes code that is unrelated to the accused functionality and unreleased code. Orca has not shown that producing code untethered to the accused functionality is relevant or proportional to the needs of the case. Orca's other argument that Wiz has only one product and thus must produce everything is misplaced. Wiz provides a *platform* for cloud security. *See* Ex. 3 at 1 (referring to the "Wiz Security Platform"). That Platform provides a number of different services and includes different components for doing so. *Id.* at 11 (listing at bottom 13 different types of solutions provided, including functionality such as Supply Chain Security and Automated Compliance). Orca has not shown that all this different functionality is relevant to its claims, nor could it. For example, counsel is unaware of Apple being required to produce the entire source code for the iPhone when a party accuses it of infringement of a narrow software patent. Rather, only the relevant code need be produced and is proportional to the case.

**Second**, Orca's claim that Wiz is "withholding [] source code change logs" is similarly misleading. D.I. 58 at 3-4. What Orca is actually asking for is the complete source code history for all source code ever within Wiz. Every change or comment in history, even before the asserted patents issued. Wiz is not aware of any requirement in Delaware for entities to produce the entire source code history to competitors. And Orca has identified none.[5] On the other hand, Wiz has explained to Orca multiple times that producing the entire code is not proportional to the

---

[4] *Leader Techs. Inc. v. Facebook Inc.,* C.A. No. 08-862-JJF-LPS, 2009 WL 3021168, at *3 (D. Del. Sept. 4, 2009) is inapposite because there the plaintiff demonstrated "the relevance of the entirety of the source code of Facebook's website" in its infringement contentions and its expert explained why all the source code should be made available, which Orca has not even attempted.
[5] *HLFIP Holdings, Inc. v. Rutherford Cnty., Tenn.*, No. 3:19-CV-00714, 2021 WL 6498853, at *6 (M.D. Tenn. Feb. 5, 2021) is inapposite because there, the requesting party established revision history was relevant after it learned of a "legacy" version of the accused product. Here, Wiz has produced source code as of the issuance of the patents and a current version, and Orca has not identified any reason more is required here.

3

needs of the case, especially here where Orca is a direct competitor. Lacking any other basis for additional source code and in view of Orca's response to Wiz's recent IPR, Wiz can only be left with the conclusion that Orca seeks to go on a fishing expedition to try and unearth new claims on unrelated functionality. This is a patent case; producing irrelevant source code to your direct competitor in litigation is not required under the Federal Rules. Wiz properly produced the relevant code; no more is required.

**<u>Interim Deadlines for Document Productions</u>**

The Scheduling Order requires that parties substantially complete document production by November 1, 2024. D.I. 33, ¶ 8(b). Orca seeks to amend that order without showing good cause. *See* Fed. R. Civ. P. 16(b)(4). Because it has not done so, its request should be denied.

If further considered, as Wiz has repeatedly made clear to Orca, and outlined in its opening discovery letter brief, Orca's dispute regarding interim deadlines is not ripe. *See* D.I. 59. Regardless, there is no need for imposing deadlines while both parties have been engaged in routine discovery practices. As explained above, Wiz has been engaging with Orca in good faith to respond to Orca's discovery requests. Wiz's requests to meet and confer and roll out productions are typical. Like Wiz, Orca has also requested to meet and confer multiple times and has been rolling out productions. Contrary to its assertions, Orca's productions have not included documents responsive to multiple of Wiz's requests even though Orca agreed to produce documents in response to those requests. But Wiz understands that Orca will roll out responsive documents in due course. Orca should extend the same courtesy to Wiz and not threaten to "run to the Court every time" Wiz does not meet its artificial and unnecessary deadlines. D.I. 58 at 4.

Orca's proposal is also manifestly unworkable and improper. In its proposed order it demands production in response to the entirety of Orca's first set of RFPs, but does not even attach all those RFPs to its response, contrary to the Court's guidelines for discovery disputes. *See* D.I. 58-2. The RFPs that are attached include such overbroad requests as "All Documents and Things relating to the marketing and advertising of the Accused Products…" (RFP 20), "Any presentations relating to the Accused Products…." (RFP 44), "All Documents and Communications referring or relating to [the Wiz founders] decisions to leave Microsoft and found Wiz…." (RFP 45). *Id.* at 24, 46-47. Orca seemingly seeks every document from the entire company. That Orca chose such overbroad RFPs necessitating meet and confers to narrow their scope was Orca's decision, not Wiz's. Orca should not be rewarded for its overbroad RFPs.

The proposed date of May 24, 2024, three days after the scheduled teleconference in this matter, is also not workable. The parties have yet to exchange search terms or agree on dates for doing so, despite Wiz's suggestion to do so in advance of this motion. Requiring production from non-custodial data sources by May 24 is not possible when the parties have yet exchanged such search terms, which is part of the normal process and contemplated by the Default Standard. Orca has shown no reason for why non-custodial discovery should be complete over 5 months prior to the date that Orca itself proposed in the Scheduling Order. As Wiz has repeatedly made clear, it continues to gathering relevant responsive information and will complete document production in advance of the deadline in the Scheduling Order.

\* \* \*

For all the above reasons, the Court should deny Orca's motion in its entirety.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

cc:    All Counsel of Record (via email)