IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-758 (JLH) |
| | ) |
| WIZ, INC., | ) |
| | ) |
| Defendant. | ) |

**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

This Stipulation and [Proposed] Order supplements the Default Standard For Discovery Including Discovery of Electronically Stored Information ("ESI") (the "Default Standard For Discovery"), as incorporated in the Scheduling Order. D.I. 33 at paragraph 1.

    **a.**    **Privilege Logs.**

        (i)    The parties will serve logs for documents produced from the parties' agreed-upon custodians and responsive to requests for production that are withheld or redacted on the basis of any privilege or protection, such as attorney-client privilege, work product protection, common interest or joint defense protection, or other immunities, in accordance with D. Del. LR 26.2.  The log of withheld documents shall be due 10 business days after the deadline for substantial completion of document production.  The parties shall identify on their privilege logs where an author or recipient of a withheld document is an attorney or a representative of the attorney (e.g., with an asterisk or similar).  In the case of e-mail, any email family where the entire family is withheld in full based on privilege grounds may be logged as a single entry, provided that the privilege description includes sufficient information to identify both the parent email and its attachments.  Any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and

forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim shall be logged as one document and shall be identified by the top-most e-mail in the chain that is withheld or redacted. The parties shall not be required to log identical copies of an e-mail that is included in a chain that has been logged in accordance with this paragraph. Each member of a family (i.e., e-mail attaching memorandum) that is withheld or redacted on the grounds of privilege, immunity or any similar claim shall be identified on the log separately. Privilege logs shall contain the following columns:

1. Privilege Log ID No.;

2. Production Bates No;

3. Document Type;

4. Date;

5. From/Author;

6. To/Recipient(s);

7. Other Senders and Recipients (or Other Participants);

8. Privilege Asserted: Attorney-Client, Work Product, Joint Defense, etc.;

9. Privilege Description; and

10. Whether the document is redacted.

(ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (8).

2. **Specific E-Discovery Issues.**

    a. **Electronic Correspondence (Email and Instant Messaging Services).**

General production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence, including instant messages from Slack and other non-email messaging applications (collectively "Electronic Correspondence"). To obtain Electronic Correspondence, parties must propound specific Electronic Correspondence production requests. Electronic Correspondence production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. Each requesting party shall limit its Electronic Correspondence production requests to a total of ten (10) custodians per producing party for all such requests.[1] Absent a showing of good cause by a requesting party, a requesting party's four (4) priority custodians in Section 3(a)(i) shall be selected from those identified pursuant to Paragraph 3.a of the Default Standard For Discovery or identified in a Party's Rule 26(a)(1) initial disclosures. The parties may jointly agree to modify the number of total or priority custodians without the Court's leave. The date ranges and search terms need not be the same for each custodian. By default, absent good cause and/or agreement between the parties, the parties will limit the number of terms to no more than ten (10) search terms per custodian. Focused terms, rather than over-broad terms (e.g.,

---

[1] The Parties' stipulation to the total custodians per producing party does not waive a producing party's right to object pursuant to Fed. R. Civ. P. 26(c) to a requesting party's Electronic Correspondence requests directed to a custodian that the producing party contends, for example, lacks personal knowledge of relevant facts or some unique knowledge that is relevant to this Action. For purposes of Electronic Correspondence requests only, custodians identified by a Party pursuant to Paragraph 3.a of the Default Standard For Discovery or identified in a Party's Rule 26(a)(1) initial disclosures are presumed to have personal knowledge of relevant facts or some unique knowledge that is relevant to this Action.

product and company names), shall be employed. The parties agree that Electronic Correspondence production requests shall occur on the dates set forth in **Section 3** below.

   (i)  **Email.** Email shall be collected in a manner that maintains reliable email metadata and structure. Whenever possible, email shall be collected from the producing party's email store or server. Metadata and "header fields" shall be extracted from email messages. Email collections shall include calendar meetings and appointments.

   (ii)  **Instant Messaging Services (e.g. Slack)**. Instant messages, including messages from Slack and other non-email messaging applications maintained in a server of the Producing Party dedicated to instant messaging, shall be collected in a manner that maintains reliable metadata and structure. For the avoidance of doubt, absent a showing of good cause by a Requesting Party, the items listed in Schedule A of the Default Standard For Discovery need not be collected. Metadata shall be extracted from the instant messages and produced in accordance with the metadata described in paragraph 2.e. of the Default Standard For Discovery. The Producing Party shall only produce an attachment(s) to instant messages to the extent the messages refer to such an attachment(s). The Receiving Party shall have the right to request additional attachment(s) to instant messages if a produced instant message has an attachment that is not produced. Each party reserves the right to object to or challenge the format in which the other party produces instant messages. The parties shall produce instant messages in a format consistent with their discovery obligations and that provides sufficient context in a single thread for any responsive messages pursuant to the following rule: (1) the parties shall produce the entirety of any conversation containing 20 or fewer total messages that has at least one responsive message; and (2) the parties shall produce ten messages above and ten below each responsive message for conversations containing more than 20 total messages.

      **b.** **De-duplication.** ESI shall be de-duplicated globally across all custodians and data sources (both vertically or horizontally). Hard copy documents should not be de-duplicated. All custodians who were in possession of a de-duplicated document must be identified. Exact duplicate documents shall only be identified based on individual document MD5 or SHA-1 hash values. However, removal of duplicate documents shall be done at the family level (e.g., a standalone document shall not be removed if it has the exact duplicate as part of an Email family.)

      **c.** **Redaction.** If a file that originates in Electronic Correspondence needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced. ESI that does not render well (e.g., spreadsheets) or cannot be rendered in image format (e.g., audio files) can be redacted in native format. The producing party will provide searchable text for those portions of the document that have not been redacted.

**3.** **Discovery Deadlines.**

      **a.** The parties will adhere to the discovery deadlines set forth in the Scheduling Order (D.I. 33). The parties further stipulate to the following interim discovery deadlines:

      (i) By **June 11, 2024,** each Party may serve Priority Electronic Correspondence production requests identifying up to four (4) priority custodians ("Priority Requests"). For the avoidance of doubt, priority custodians count towards a party's ten (10) total custodians (*see* **Section 2.a** above).

      (ii) By **June 25, 2024**, each Party will provide unique, deduplicated, hit counts for each proposed search term and identify objections, if any, to the requesting Party's Priority Requests. The parties will confer to try to reach agreement on the search terms to be applied to each custodian's ESI.

(iii) By **July 9, 2024**, to the extent the parties are unable to reach agreement, the parties may submit Priority Request disputes for resolution using the Court's motion for teleconference procedure set forth in Section 8(g) of the Scheduling Order (D.I. 33) and pursuant to the Court's local rules.

(iv) By **August 20, 2024,** the parties will have substantially completed production of all non-privileged custodial ESI responsive to the parties' Priority Requests, subject to any unresolved objections.

(v) Within 21 days of receipt of any remaining Electronic Correspondence production requests ("Non-Priority Requests") or by **September 3, 2024**, whichever is later, a producing party will identify objections, if any, to the requesting Party's Non-Priority Requests and, to the extent the producing party does not object to the custodian themselves, provide unique, deduplicated, hit counts for each proposed search term. The parties will confer to try to reach agreement on the custodians, search terms to be applied to each custodian's ESI, and the timing of any such productions. To the extent the parties are unable to reach agreement, the parties may submit disputes for resolution using the Court's motion for teleconference procedure set forth in Section 8(g) of the Scheduling Order (D.I. 33) and pursuant to the Court's local rules.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff Orca Security Ltd.*

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

Blake R. Davis
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Kristina D. McKenna
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

May 30, 2024

RICHARD, LAYTON & FINGER, P.A.

*/s/ Kelly E. Farnan*

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Defendant Wiz, Inc.*

OF COUNSEL:

Jordan R. Jaffe
Catherine Lacy
Callie Davidson
Alex Miller
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Praatika Prasad
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
(212) 999-5800

SO ORDERED this __5th__ day of ___June_____ 2024.

_____
The Honorable Jennifer L. Hall
United States District Court Judge