IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-758 (JLH) (SRF) |
| | ) |
| WIZ, INC., | ) |
| | ) REDACTED - PUBLIC VERSION |
| | ) |
| Defendant. | ) |

**JOINT LETTER TO THE HONORABLE SHERRY R. FALLON
<u>REGARDING THE STATUS OF FACT DISCOVERY</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

*Attorneys for Plaintiff Orca Security Ltd.*

RICHARDS, LAYTON & FINGER, PA
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 658-6541
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Defendant Wiz, Inc.*

Original filing date: June 24, 2024
Redacted filing date: July 1, 2024

Dear Judge Fallon:

Pursuant to the Court's Oral Order dated May 17, 2024 (D.I. 62), Plaintiff Orca Security Ltd. ("Orca") and Defendant Wiz, Inc. ("Wiz") jointly submit this discovery status report.

**ORCA'S POSITION:** Wiz continues to stall discovery absent Court intervention. Since the Court's May 17 Order, Wiz made its May 24 court-ordered production, produced certain source code modules Orca identified as missing, served invalidity contentions, and on June 21 made one additional production of 14 documents. Wiz's productions are deficient, and Wiz continues to delay remedying its deficiencies. Wiz also refuses to supplement interrogatory responses or produce source code and git history relevant to Orca's affirmative case and Orca's defenses to Wiz's new counterclaims. Wiz also consistently stalls on providing times for teleconferences with the Court. Orca thus respectfully requests the Court set regular conferences to address issues the parties are unable to resolve after good faith conferences to ensure discovery is efficient.

Status of Discovery: The scope of discovery has broadened since May 17. On June 4, Wiz filed counterclaims asserting five patents and incorrectly alleging that Orca has copied Wiz's product development. Orca intends to defend itself against Wiz's claims, without significant delay in its affirmative case. The parties have agreed to just a 2-month extension to the deadline for the close of fact discovery, mainly to allow time for contention exchanges relating to Wiz's patents. D.I. 85.

There are two parallel tracks for document discovery here: (1) non-custodial and source code, and (2) custodial/electronic correspondence (email and slack). The latter track just began and will proceed pursuant to the parties' stipulated ESI agreement, which includes a July 9 date for raising ESI disputes with the Court. D.I. 71. The former track progressed after the Court's May 17 order, but has since slowed despite Orca's efforts, including on multiple meet and confers. As discussed below, Orca requests the Court's assistance with multiple outstanding issues relating to Wiz's (i) May 24 production, (ii) RFP responses, (iii) interrogatory responses, and (iv) source code.

Wiz's Deficient Court-ordered Production: As the Court ordered, Wiz produced certain documents from its most relevant non-custodial sources on May 24. On June 3, Orca explained to Wiz that the production had several problems. Over 100 documents were blurry, illegible, had cut-off text or missing images, or were missing metadata, hindering Orca's investigation and ability to pursue other discoverable information such as internal Wiz wiki and other pages that appear to relate to or discuss Orca and Accused Functionalities. After weeks of asking Wiz to correct these deficiencies, Wiz finally produced *some* updated documents on June 21. But that production does not address many issues Orca flagged and still contains blurry or illegible documents. There also were substantive gaps in Wiz's May 24 production, which Orca identified on June 3 and Wiz has not responded to. For example, Orca asked Wiz to confirm it produced all plainly relevant documents such as ones labeled "███████████████████████████████████" Wiz ignored this request. Orca also asked Wiz to identify the search terms it used to collect documents after it appeared Wiz had filtered its search for JIRA to just 11,000 of at least 40,000 existing documents. Weeks later, Wiz responded saying search terms were not used but will not explain how else it arrived at the limited set of JIRA tickets it produced.

Wiz's Deficient RFP Responses: Wiz's responses to Orca's second set of RFPs followed the same pattern as its responses to Orca's first set of RFPs that necessitated Court intervention. As before, Wiz responded to each request with blanket, boilerplate objections and proposals to meet and confer. The parties have now met and conferred at least three times where Orca has repeatedly explained the relevance of the requests. Yet Wiz refuses to produce responsive documents or even search for documents called for by the requests, such as documents Wiz received from ThreatOptix

The Honorable Sherry R. Fallon
June 24, 2024
Page 2

(a cloud security company with Orca as its only customer providing functionality in Orca's patent practicing products) containing confidential Orca technical and customer information.[1]

<u>Wiz's Deficient Interrogatory Responses</u>:  In a May 20 letter, Orca identified numerous deficiencies in Wiz's supplemental interrogatory responses, including that Wiz's responses fail to provide relevant information about Wiz products under development (Rog. No. 1); identify relevant source code for the Accused Functionalities (Rog. No. 2); address Wiz's knowledge of Related Patents (Rog. No. 4); describe Wiz's development of the Accused Functionalities (Rog. No. 6); provide financial information (Rog. No. 7); and explain when and how Wiz learned its patent prosecution counsel prosecuted patents for Orca (Rog. No. 12).  The parties have met and conferred on these issues multiple times.  Each time, Wiz has injected further delay into discovery by demanding additional explanations and case law supporting Orca's plainly relevant requests, or, at best, promising to address self-selected pieces of Orca's interrogatories on unspecified or delayed timeframes.  Orca expects to file a discovery motion for these issues.[2]

<u>Wiz's Deficient Source Code Production</u>:  Three developments since the Court's May 17 Order have confirmed the inadequacy of Wiz's source code production and the relevance of Wiz's source code change logs.  **First**, Wiz's May 24 production confirmed Wiz's source code development of Accused Functionalities was motivated by copying Orca. *See, e.g.,* WIZ_0005013 █████████████████████████████████████████████████████████; WIZ_0005090 █████████████████████████████████████████████████████ Orca is entitled to explore other evidence reflecting Wiz's copying that will be found in Wiz's prior source code versions and history.  **Second**, Orca asked Wiz to substantively respond to Orca's Rog 2 by identifying produced code for specific Accused Functionalities.  That information would show whether Wiz produced all relevant code. Wiz must have already done this to identify the self-selected code it produced, yet multiple meet and confers later, Wiz still refuses to provide this basic information. Worse still, Orca's inspection of Wiz's code revealed Wiz withheld (and is withholding) relevant source code modules for features charted in Orca's infringement contentions.  **Third**, Wiz's counterclaims allege Orca copied Wiz since 2021 (D.I. 70).  These allegations put Wiz's and Orca's respective product development timing squarely at issue.  That timing will be shown in Wiz's source code, and git history and change logs stored with code.  Wiz ignores these developments and insists it need not produce more code because the Court denied without prejudice Orca's request for Wiz's complete code. The complete code would be appropriate, but, at a minimum, Wiz should be ordered to identify the code requested by Orca's Rog 2 and produce all versions of code and git history related to the functionalities either Party identified as relevant to their claims. Wiz vaguely suggests below that Orca is seeking "irrelevant" code. Wiz is wrong. The only specific code Wiz identified as "irrelevant" is for its Runtime Sensor expressly charted in Orca's contentions.

---

[1] On June 21, Wiz served responses to Orca's third set of RFPs repeating this same tactic, stating only that "Defendant is willing to meet and confer" in response to 20 of the 24 requests.

[2] Wiz alleges deficiencies in Orca's responses to Rogs 2 and 4 and RFP 54. There are no deficiencies, which Orca will address in forthcoming teleconference submissions. Orca repeatedly confirmed that it has searched for and not identified a specific Microsoft slide deck (Rog 2), provided conception and reduction to practice information (Rog 4), and asked Wiz to clarify what it is seeking given the overbreadth of RFP 54.  Wiz's position below insinuates for the first time that the Microsoft meeting did not happen. That is wrong. Orca's multiple narrative responses to Rog 2 identify the attendees, location, topics, and intentions of the meeting.

The Honorable Sherry R. Fallon
June 24, 2024
Page 3

**WIZ'S POSITION:** Orca's claim that Wiz is stalling discovery is wrong. Wiz has produced over 12,000 noncustodial documents of over 33,600 pages, including technical documents, source code, price information, release notes, competitive information, and prior art documents. It is not true that Wiz has not responded to different meet and confer requests. Rather, it is **Orca** that stalls critical discovery, forcing Wiz to move to compel. For example, Orca's Complaint highlights a May 2019 meeting with "Wiz founders" as the root of Wiz's alleged copying of Orca. D.I. 15, ¶ 14. Wiz denies such a May 2019 meeting took place. D.I. 70, ¶ 14. And despite over four months of discovery, Orca has provided *no evidence* that the meeting took place as alleged. Wiz has serious concerns about the veracity of Orca's claims about this May 2019 meeting. Orca itself has already admitted some of its original allegations are untrue: though it publicly alleged that "Wiz founders" met with Orca's founders while at Microsoft (D.I. 15, ¶ 14), Orca now contends in discovery that only one of the four Wiz founders was involved. Orca must immediately produce information to substantiate this central allegation to its case. Similarly, Orca's response to Wiz's simple request for evidence of the Asserted Patents' conception and reduction to practice was to stall over two months before identifying only *two* documents besides the patents and file histories. One document has metadata showing it was created *the day before* the common patent application for the asserted patents was filed; the other has metadata showing it was created *after* this case was filed. Both raise questions about Orca's response and none answer this standard interrogatory.

Orca's strategy is clear: distract from its inability to substantiate its allegations by pointing the finger at Wiz in discovery. But there are no discovery disputes warranting court intervention now, apart from Orca's own failures. Orca provides no authority or precedent for "regular conferences," and such conferences undermine party incentives to resolve disputes without court intervention. But such is Orca's approach, serving RFPs on plainly irrelevant (e.g., a Wiz party) or overbroad (e.g., *all* documents regarding Wiz's Series B investment) topics. Orca's pursuit of improper discovery that forces Wiz to object and meet and confer should not be rewarded.

**Status of Discovery**: Discovery has not "slowed despite Orca's efforts," as Orca claims. Wiz complied with the Court's May 17 Order (D.I. 62) on May 24, producing 11,000+ documents of 28,889 pages, including "internal, non-public documents from [its] most relevant non-custodial sources." *Id.* As detailed below, Orca's claim that Wiz's production is insufficient is incorrect.

The parties have collectively served 270 RFPs and 35 interrogatories since discovery opened on February 14. They continue to exchange discovery correspondence with high frequency, and have worked together to amend the ESI Order to add deadlines for custodial ESI discovery. On Saturday, June 22, Orca asked–and Wiz agreed–to delay the June 25 deadline to June 27.

Wiz filed its Answer and Counterclaims on June 4, 2024 (D.I. 70), alleging infringement of five Wiz patents–and further, that Orca's allegations that Wiz copied the idea of serving coffee at a conference are wrong. It is Orca that has repeatedly copied Wiz's patented technology. *Id.* ¶¶ 18-29. Two days later, Orca requested a 30-day extension to respond to Wiz's counterclaims. The parties negotiated a revised case schedule. D.I. 85.

**Pending Discovery Issues**:

The Honorable Sherry R. Fallon
June 24, 2024
Page 4

<u>Orca's Deficient Responses to Wiz's Interrogatories 2 and 4</u>.  As discussed, Wiz intends to move to compel on these interrogatories relating to an alleged May 2019 meeting and Orca's alleged conception and reduction to practice of the Asserted Patents.

<u>Orca's Response to Wiz's RFP 54</u>.  RFP 54 seeks documents "[r]elating to Orca's competitors." Orca seeks lost profits, amongst other relief, but refuses to provide discovery about its competitors. This is improper and Wiz intends to move to compel.

<u>Wiz's May 24 Production</u>:  For the first time, Orca claims in this joint report that technical issues for a small subset of produced documents has "hindered" its investigation.  These are all issues that Wiz has agreed to address, if it has not already.  Wiz provided a production overlay on June 21 with replacements of all documents Orca identified, that had technical issues, and all Jira tickets (even those not specifically identified), and confirmed that no search terms were used two days after Orca's first request and again at least twice, even though there is no requirement under the ESI Discovery Default Standard for it to explain how it identified non-custodial documents.

<u>Orca's Interrogatories 1, 2, 6, 7, 12</u>:  Wiz has not "injected" any "delay" regarding these interrogatories, and Orca's requests are not "plainly relevant" just because it claims so.  Wiz has substantively responded to all these interrogatories.  Still, Orca seeks further information.  As Orca itself has done, consistent with standard discovery practice, Wiz requested explanations and case law for the propriety of further supplementation and the parties continue to meet and confer.

<u>Orca's RFPs 84-90 re: ThreatOptix</u>:  Contrary to Orca's assertion, Wiz has agreed to produce documents in response to all but two RFPs.  RFPs 85 and 88 seek information that is, according to Orca's own Complaint, irrelevant to Orca's claims.  Orca claims it invented a "novel agent***less*** cloud security platform." D.I. 15, ¶ 14 (emphasis added); ThreatOptix is a third party that provides agent-***based*** technology.  Its technology is not used by Wiz ***at all***.  These requests are another fishing expedition, just like Orca's failed demand for irrelevant source code.

<u>Wiz's Source Code Production</u>:  This Court denied Orca's previous request that the Court compel Wiz to produce its complete code and Git history.  D.I. 62.  Orca makes the same demand now, even though it has not satisfied the standard for seeking reconsideration of a prior order.  Nor could it—nothing has happened since that would support providing all of Wiz's source code—including code ***irrelevant*** to Orca's claims or Wiz's counterclaims.  Orca's other complaints are similarly off the mark.  None of the documents Orca cites show that Wiz was "motivated by competing with" or "copying" Orca.  Far from it, as Wiz's counterclaims show.  Wiz also did not "withhold" relevant source code modules.  Wiz made all code relevant to Orca's claims available for inspection on April 26.  Orca inspected Wiz's code four times before identifying seven allegedly "missing" code modules on May 20.  Wiz disagreed those modules needed to be produced, but to avoid a dispute, produced code for six of the seven modules.  Wiz did not produce the seventh because it is not relevant as it relates to Wiz's agent-***based*** technology, which is the opposite of Orca's alleged agentless technology and is not accused.  Orca's "compromise" is no such thing. Orca's interrogatory requires Wiz to provide source code claim charts for Orca's infringement allegations.  Such requests have repeatedly been rejected.  Orca cannot put the burden on Wiz to chart its own products against Orca's asserted claims.  *See Cirba Inc. v. VMware, Inc.*, 2023 WL 6799267, at *2 (D. Del. Mar. 30, 2023) (plaintiff owner's "burden to prove infringement, including infringement of each claim element.").

The Honorable Sherry R. Fallon
June 24, 2024
Page 5

| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | RICHARD, LAYTON & FINGER, P.A. |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Kelly E. Farnan* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br><br>*Attorneys for Plaintiff* | Frederick L. Cottrell, III (#2555)<br>Kelly E. Farnan (#4395)<br>Christine D. Haynes (#4697)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>(302) 651-7700<br>cottrell@rlf.com<br>farnan@rlf.com<br>haynes@rlf.com<br><br>*Attorneys for Defendant* |

June 24, 2024