# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-758-JLH-SRF |
| WIZ, INC., | ) ) ) |
|       Defendant. | ) ) |

## MEMORANDUM ORDER

At Wilmington this **10th** day of **September, 2024**, the court having considered the parties' letter briefing on the pending discovery motions, (D.I. 132; D.I. 133; D.I. 134; D.I. 135), IT IS ORDERED that the discovery motions are addressed as follows:

### DEFENDANT'S ISSUES

1. **Defendant's motion to compel Plaintiff to provide a complete response to Interrogatory No. 2 is GRANTED.** On or before September 25, 2024, Plaintiff shall supplement its response to Interrogatory No. 2 to identify additional responsive information from its August 30, 2024 ESI production and verify that it has no further responsive documents after a fulsome search in accordance with its agreement to do so. (D.I. 134 at 2; D.I. 132, Ex. 2 at 13, 18)

2. **Defendant's motion to compel Plaintiff to supplement its response to Interrogatory No. 4 is GRANTED-IN-PART.** Plaintiff shall supplement its response on or before September 25, 2024 to include corrected metadata for the documents previously produced in accordance with Plaintiff's agreement to provide that information. (D.I. 134 at 2 n.1) To the extent that Plaintiff included responsive information in its response to a separate interrogatory regarding first offer for sale, Plaintiff shall amend its response to Interrogatory No. 4 to include

those citations. (*Id.* at 2) The motion is DENIED without prejudice in all other respects because the response provides a sufficient narrative, and there is no dispute that Plaintiff has produced source code, git history, and technical documents from which the requested information can be ascertained. (D.I.132, Ex. 1 at 103-05)

**3. Defendant's motion to compel Plaintiff to produce non-privileged documents responsive to Request for Production No. 54 is DENIED without prejudice to renew in a narrowed form.** The request, which seeks all documents and communications relating to Plaintiff's competitors, is overbroad. Defendant shall narrow the request by limiting the topic and time period of the requested documents and communications. (D.I. 132, Ex. 2 at 5)

## PLAINTIFF'S ISSUES

**4. Plaintiff's motion to compel Defendant to supplement its response to Interrogatory No. 2 and make available for inspection source code modules for the Accused Product's accused functionalities is GRANTED-IN-PART.** Plaintiff's proposed order seeks an inspection of "all source code modules for the Wiz Accused Product's accused functionalities, including the features identified in Orca's infringement contentions and May 20, 2024 letter, including the Supply Chain Security feature, Runtime Sensor, and any other features relating to or using Wiz's agentless scanning, including all versions of that code and git history from 2020 to the present." (D.I. 133, Proposed Order) The motion is GRANTED with respect to the Supply Chain Security feature and the Runtime Sensor, as well as the source code change logs and git history from 2020 to the present for those specific features. The record before the court establishes that these functionalities fall within the scope of Plaintiff's claims and infringement contentions, as well as Defendant's response to Interrogatory No. 1 identifying components in the Accused Product related to the accused functionalities. (D.I. 133 at 2; Ex. E at 10-17; Ex. A

at 7-9; Ex. J at WIZ_0032973) As such, they are relevant to allegations of copying because they show the timing of the development of Defendant's Accused Product. (*Id.*, Ex. F at 5; D.I. 124 at &para&para 16-28) Defendant shall make the Supply Chain Security and Runtime Sensor source code modules available for inspection on or before September 18, 2024 and shall supplement its response to Interrogatory No. 2 on or before September 25, 2024. The motion is DENIED without prejudice to the extent that it seeks "any other features relating to or using Wiz's agentless scanning" because the requested relief is overbroad.

5. **Plaintiff's motion to compel Defendant to supplement its response to Interrogatory No. 6 and produce all documents relating to the development and operation of the accused functionalities is GRANTED-IN-PART.** Defendant does not dispute that Plaintiff proposed a mutual exchange of search terms to be run against JIRA tickets during a meet and confer. (D.I. 135 at 4) On or before September 18, 2024, the parties shall engage in a mutual exchange of search terms to be run against JIRA tickets and shall engage in a meet and confer promptly following the exchange. (*Id.*, Ex. 2 at 4) On or before September 25, 2024, Defendant shall run the agreed-upon search terms, produce the responsive JIRA tickets, and supplement its response to Interrogatory No. 6 to verify that the foregoing production was made.

6. Plaintiff's motion is DENIED without prejudice in all other respects. Plaintiff seeks the production of prior source code versions and git history information. (D.I. 133, Proposed Order) Plaintiff acknowledges that Defendant already produced two versions of its code from May 20, 2023 and April 22, 2024, and it fails to articulate why this production is insufficient. (*Id.* at 3) Plaintiff explains in conclusory fashion that git history would show "when features and functions were added, modified, or altered, including through engineers' notes and comments." (*Id.*) But Plaintiff does not identify specific features or functions it wants to investigate or how

3

those specific features and functions are tethered to the claims in this case. Consequently, the request is overbroad and not proportional.

**7. Plaintiff's motion to compel Defendant to produce all documents responsive to Request for Production Nos. 84-90 is DENIED without prejudice.** (D.I. 133, Ex. H) Plaintiff has not established how Defendant's communications with, valuations of, and potential acquisition of ThreatOptix, a third-party cloud security company offering agent-based technology, are relevant to Plaintiff's claims and prayer for relief. There is no dispute that the ThreatOptix product is agent-based, and Defendant does not offer the product. (D.I. 135 at 4) On this record, Plaintiff has not shown how Defendant's accused agentless functionality is comparable to ThreatOptix's agent-based technology.

**8. Plaintiff's motion to compel Defendant to produce documents responsive to Plaintiff's "cloud native" ESI search term for the four primary custodians is DENIED without prejudice.** There is no dispute that this term comprises multiple terms and exceeds the agreed limit of 10 terms per custodian. (D.I. 108 at 1; D.I. 133, Ex. I at 2-3) This results in a burdensome number of hit counts. (D.I. 133, Ex. I at 1-2) This ruling is without prejudice to further efforts by the parties to narrow the term.

**9. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

- Defendant's motion to compel Plaintiff to provide a complete response to Interrogatory No. 2 is GRANTED, and Plaintiff shall supplement its response n or before September 25, 2024 in accordance with this Memorandum Order.

- Defendant's motion to compel Plaintiff to supplement its response to Interrogatory No. 4 is GRANTED-IN-PART. On or before September 25, 2024, Plaintiff shall supplement its response to include corrected metadata for the documents previously produced, and

4

Plaintiff shall amend its response to include citations to documents regarding first offer for sale. The motion is DENIED without prejudice in all other respects.

- Defendant's motion to compel Plaintiff to produce non-privileged documents responsive to Request for Production No. 54 is DENIED without prejudice to renew in a narrowed form.

- Plaintiff's motion to compel Defendant to supplement its response to Interrogatory No. 2 and make available for inspection source code modules for the Accused Product's accused functionalities is GRANTED-IN-PART. The motion is GRANTED with respect to the Supply Chain Security feature and the Runtime Sensor, as well as the source code change logs and git history from 2020 to the present for those specific features. Defendant shall make the Supply Chain Security and Runtime Sensor source code modules available for inspection on or before September 18, 2024 and shall supplement its response to Interrogatory No. 2 on or before September 25, 2024. The motion is DENIED without prejudice in all other respects.

- Plaintiff's motion to compel Defendant to supplement its response to Interrogatory No. 6 and produce all documents relating to the development and operation of the accused functionalities is GRANTED-IN-PART. The motion is GRANTED-IN-PART with respect to the JIRA tickets. On or before September 18, 2024, the parties shall exchange search terms and meet and confer on those terms. On or before September 25, 2024, Defendant shall run the agreed-upon search terms, produce the responsive JIRA tickets, and supplement its response to Interrogatory No. 6 to verify that the foregoing production was made. Plaintiff's motion is DENIED without prejudice in all other respects.

- Plaintiff's motion to compel Defendant to produce all documents responsive to Request for Production Nos. 84-90 is DENIED without prejudice.
- Plaintiff's motion to compel Defendant to produce documents responsive to Plaintiff's "cloud native" ESI search term for the four primary custodians is DENIED without prejudice.

IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for September 11, 2024 at 3:00 p.m. is CANCELLED.

**10.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **September 17, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**11.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**12.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge