# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | C.A. No. 23-758-JLH-SRF |
| v. ) | |
| ) | |
| WIZ, INC., ) | **REDACTED** |
| ) | **PUBLIC VERSION** |
|     Defendant/Counter-Plaintiff. ) | |

## WIZ, INC.'S LETTER TO THE HONORABLE SHERRY R. FALLON REGARDING DISCOVERY DISPUTE

OF COUNSEL:

Jordan R. Jaffe
Lisa Zang
Catherine Lacy
Callie Davidson
Alex Miller
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Praatika Prasad
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
(212) 999-5800

Dated: September 3, 2024

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Counsel for Defendant Wiz, Inc.*

Frederick L. Cottrell, III
302-651-7509
Cottrell@rlf.com

September 3, 2024

BY CM/ECF
The Honorable Sherry R. Fallon
U.S. District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

REDACTED PUBLIC VERSION

Re:  *Orca Security Ltd. v. Wiz, Inc.*,
C.A. No. 23-758-JLH-SRF

Dear Judge Fallon:

Pursuant to the Court's oral orders dated July 9 and 22, 2024 (D.I. 98, D.I 109), Defendant Wiz, Inc. ("Wiz") seeks this Court's assistance with the following issues: (1) Plaintiff Orca Security, Ltd.'s ("Orca") deficient responses to Wiz's Interrogatory Nos. 2 and 4; and (2) Orca's deficient response to Wiz's RFP No. 54.

### Background

Orca's strategy in this case was clear as of June 24, 2024 (D.I. 89 at 3) and continues to be clear now: to distract from its inability to back up its allegations or undermine Wiz's counterclaims, Orca has put forth unsubstantiated claims that Wiz's discovery has been deficient and dilatory. It is in fact Orca that is refusing to provide necessary discovery on basic items, and by consequence introducing further delay.

Addressed here are Wiz's long-standing requests for information about (1) an alleged meeting between the "Wiz founders" and Orca in May 2019 that Orca contends begets it baseless allegations of "copying;" (2) conception and reduction to practice of the alleged Orca inventions; and (3) documents regarding Orca's competitors to its alleged practicing products.

### Orca's Responses to Wiz's Interrogatory Nos. 2 and 4:

Wiz's Interrogatory Nos. 2 and 4 seek information that is critical to claims and defenses in this case: Orca's allegations about an alleged May 2019 meeting with "Wiz founders" (No. 2), and the conception and reduction to practice of Orca's patents (No. 4). *See* Ex. 1. Wiz served these Interrogatories over 6 months ago, met and conferred with Orca at least three times about Orca's deficient responses, and exchanged numerous emails about those responses. Wiz even included a detailed explanation of Orca's deficient responses in the parties' joint status report on June 24, 2024. D.I. 89 at 3-4. Still, Orca has refused to sufficiently respond to these Interrogatories.

The Honorable Sherry R. Fallon
September 3, 2024
Page 2

**Interrogatory No. 2** asks Orca to provide evidentiary support for its allegation in its complaint that a May 2019 meeting between Orca and the "Wiz founders" took place, leading to Wiz's alleged copying of Orca. D.I. 15, ¶ 14. Because Orca alleged that the Wiz founders "left their lucrative careers at Microsoft" to create a company that is "nothing more than the misappropriation of Mr. Shua's ideas and Orca's technology as presented to Wiz founders before they formed Wiz and sought to launch a copycat competitor to Orca" (*id.*), Wiz specifically served this Interrogatory to request the purported evidence for these grandiose allegations. Accordingly, this Interrogatory asks what evidence supports the allegation, including what was disclosed at the alleged meeting, whether any of that purportedly highly sensitive information was confidential, and whether a non-disclosure agreement had been entered into before the meeting. The Interrogatory also specifically asks Orca to identify "all documents and things that support" its contentions. Ex. 1 at 98-99. Even though it publicly alleged that "Wiz founders"—plural—attended the purported meeting, Orca's response states only that ████████████████████ ████████. *Id.* at 99. Orca's response also states that during the meeting, Mr. Shua explained that ████████████████████████████████████████████████████████████. *Id.* Wiz repeatedly requested more information, after which Orca supplemented its response to include vague descriptions of what the purpose of the meeting was ████████████████████ ████████████████████████████████ and the confidentiality of the information that was supposedly shared during the meeting (████████████████████████████████████ ████████████. *Id.* at 100.[1] Despite this, there remains no document showing discussion of any meeting with the "Wiz founders" (plural) as alleged in Orca's complaint, no NDA, nor any evidence of what was discussed at any alleged meeting with all the "Wiz founders." Orca has not even provided a specific date for the alleged meeting. Orca must substantiate its allegations as pleaded by supplementing its response or confirm that it has no other responsive information or documents.[2]

**Interrogatory No. 4** asks Orca to describe with specificity the "events of conception, actual reduction to practice, constructive reduction to practice, and diligence leading to reduction to practice . . . ." Ex. 1 at 103. Orca's initial response simply stated that because "[e]ach of the

---

[1] On May 20, 2024, Orca stated that "Orca produced responsive documents months ago" citing to one three-page document that does not mention the Wiz founders, Orca, or Microsoft. Ex. 2 at 22 (citing to Ex. 5). That document is not cited in the interrogatory response.

[2] Orca produced over 1,100,000 pages of ESI documents on August 30, 2024, that Wiz is still reviewing. Based on a preliminary review, none appear to involve a meeting with all the "Wiz founders" as alleged in the Complaint. The documents seem to indicate that ████████████████ who was allegedly present at the meeting—████████████—connected Orca's founders to a Microsoft team that dealt with startups and that various meetings were going to be scheduled. *See, e.g.,* Exs. 8-11. They also seem to show that Orca's founder may have met with one or more Microsoft employees apart from the Wiz founders who specifically worked with startups that used Microsoft's cloud product, Azure. *See, e.g.,* Ex. 8 at ORCA_1097966 (referring to discussion between Orca founder and Microsoft employee focused on "Microsoft for Startups" in May 2019); Ex. 12 at ORCA_1116217 (referring to meeting with another Microsoft employee in May 2019 regarding "Microsoft for startups" program to receive "Azure credits").

The Honorable Sherry R. Fallon
September 3, 2024
Page 3

Asserted Patents are post-AIA patents," the "provisional and/or parent applications" are sufficient "evidence of the conception and constructive reduction to practice[.]" *Id.* at 104. After Wiz explained that the Interrogatory also asks for information related to actual reduction to practice, Orca stalled for over two months and then supplemented its response to include **two** documents besides the patent and file histories. One document has metadata showing it was **created the day before** the common patent application for the Asserted Patents was filed (Ex. 6). The other has metadata showing it was **created after** the case was filed (Ex. 7). Orca continues to refuse to further supplement its response to include or identify additional documents and has been unable or unwilling to explain the metadata of either document. Instead, Orca has attempted to flip the burden to Wiz, demanding that Wiz "identify" "specific documents" Wiz believes have not been produced. Ex. 2 at 4-5. This is improper and logistically impossible. This information is exclusively in Orca's possession. And there is no way Wiz can know what documents are in Orca's possession. By withholding this information, Orca is prejudicing Wiz because this evidence is relevant to claim construction as well as invalidity. Presumably Orca also intends to have its witnesses testify at trial regarding conception of the alleged inventions. However, it seeks to withhold this same information from discovery in response to Wiz's Interrogatory. This is improper and contravenes the purpose of pre-trial discovery. Further, Orca has refused to confirm that these are the only documents that exist but has also refused to confirm that Orca will not later attempt to produce or offer as evidence any other documents related to conception and reduction to practice. *Id.* at 4-5, 8. Accordingly, Wiz requests that Orca be required to provide the additional information requested or that this Court enter an order precluding Orca from offering further evidence regarding conception and reduction to practice.

In light of the above, Wiz requests that Orca be compelled to supplement its responses to Interrogatory Nos. 2 and 4 and to produce all responsive documents, or to confirm that no additional documents exist, within two weeks of this Court's order.

**Orca's Response to Wiz's RFP No. 54:**

**RFP No. 54** seeks documents "[r]elating to Orca's competitors, including but not limited to Wiz." Ex. 3 at 56. Orca offered to meet and confer to "more clearly define and narrow the scope" of the request. *Id.* at 57. Wiz then explained to Orca on multiple occasions that the request is relevant because Orca seeks lost profits, amongst other relief. On Orca's insistence, Wiz offered to narrow the request to documents related to Orca's competitors with respect to Orca's allegedly patent-practicing products. Ex. 2 at 2, 17. Orca still claims that the narrowed request is overbroad, simply because it seeks "all documents" even though it is limited to a specific set of competitors. This, despite Orca routinely serving requests on Wiz that similarly seek "[a]ll documents." *See, e.g.,* Ex. 4 and RFP Nos. 18, 20, 25, 27-29, 51, 63-67 (seeking "all documents" including all documents related to Orca's current and/or prospective customers). Still, Orca has refused to produce *any* documents in response to the request. Wiz's request seeks relevant information and the request for documents related to Orca's competitors for Orca's allegedly practicing products is sufficiently targeted to the issues in this case and narrow in scope. *See Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1377-78 (Fed. Cir. 2003) (explaining that to recover lost profits, a patent owner must prove that by a reasonable probability the patent holder would have made a sale "but for" the infringing activity); *Dor Yeshurim, Inc. v. A Torah Infertility Medium of Exch.*, No 10-

The Honorable Sherry R. Fallon
September 3, 2024
Page 4

2837, 2011 WL 7285038, at *6 (E.D.N.Y. Aug. 10, 2011) (explaining that a lost profits claim can be supported by evidence regarding the "volume of business in the area"); *PBM Prods., LLC v. Mead Johnson Nutrition Co.*, No. 3-269, 2010 WL 56072, at *6 (E.D. Va. Jan. 4, 2010) (stating that market share is a "recognized economic approach" to calculating lost profit damages). Orca should be compelled to produce non-privileged, responsive documents within two weeks of this Court's order.

***

Wiz respectfully requests that this Court enter Wiz's Proposed Order (Ex. A).

Respectfully,

*/s/ Frederick L. Cottrell, III*

Attachments

Frederick L. Cottrell, III (#2555)

cc:   All Counsel of Record (via email)