# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., ) | |
| ) | C.A. No. 23-758-JLH-SRF |
| Plaintiff/Counter-Defendant, ) | |
| ) | **REDACTED PUBLIC VERSION** |
| v. ) | |
| ) | |
| WIZ, INC., ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## WIZ, INC.'S REPLY DISCOVERY DISPUTE LETTER TO THE HONORABLE SHERRY R. FALLON

OF COUNSEL:

Jordan R. Jaffe
Lisa Zang
Catherine Lacy
Callie Davidson
Alex Miller
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Praatika Prasad
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
(212) 999-5800

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Counsel for Defendant Wiz, Inc.*

Dated: September 4, 2024

Dear Judge Fallon:

**Background:** This is a patent case. D.I. 133 at 1. Still, Orca attempts to argue that everything related to Wiz is relevant and must be produced—even that which has nothing to do with any asserted patent or accused product. This is improper under the discovery limits of the Federal Rules. This Court denied Orca's prior improper requests (D.I. 62), but Orca's fishing expedition continues. Orca again demands all source code, whether or not it is accused. Orca claims to have invented an "agentless" cloud security solution, but seeks broad discovery over agent-based technology from a third party. And Orca refuses to substantiate its allegations in response to Wiz's discovery requests, but seeks the production of virtually every document in Wiz's possession. Orca failed in these tactics previously (*id.*), but is undeterred from trying again.

Orca once again argues that Wiz has "ignored" discovery obligations and this Court's orders, even though the offender here is Orca. Orca may have produced "thousands of technical documents" (D.I. 133 at 1), but none describe how its Accused Products work. Producing reams of irrelevant material is not the same as satisfying discovery obligations. In contrast, Wiz has produced thousands of responsive documents and relevant technical documents and agreed to supplement responses where appropriate. Consistent with this Court's order, Wiz substantially completed its ESI production on August 30, 2024; as Wiz explained to Orca, the production did not include documents that hit on the disputed ESI term and unresponsive documents. Ex. 1 at 1.

**Orca's Refusal to Comply With This Court's Order:** The Parties met and conferred in response to this Court's order to narrow the parties' disputes (D.I. 123), on August 27, 2024. Ex. 2 at 5-8. During that court-ordered meet and confer, Orca refused to comply with this Court's order that the parties actually resolve disputes before resubmitting their most recent joint motion for teleconference. Instead, Orca said it was "de-prioritizing" disputes for the September 11 hearing. D.I. 129 at n.1. Nevertheless, at the outset of the meet and confer, Orca stated that it would not present the ESI term related dispute at the September 11 hearing. Ex. 2 at 6. Despite Orca refusing to actually resolve any pending disputes, the parties memorialized the narrowed set of remaining disputes for the September 11 hearing in their renewed joint motion, which did not include the ESI term dispute. D.I 129 (omitting the ESI term from the list of disputes for the September 11 hearing) Orca then presented the ESI term for argument anyway. D.I. 133 at 5. When Wiz pointed out that Orca was reneging on its representation to Wiz and this Court, Orca incredibly stated that such conduct was proper because of its own refusal to comply with the Court's order by not actually resolving disputes. Ex. 3 at 1.

**Wiz's Response To Orca's Interrogatory No. 2 Is Not Deficient; Wiz Is Not "Withholding" Source Code:** Interrogatory No. 2 asks for "[f]or each Product identified in response to Interrogatory No. 1, Identify all operating systems, Software, Source Code, applications, and firmware (including but not limited to Accused Functionalities) that You design, manufacture, support, install, make, use, license, or instruct others to use associated with said Product." D.I. 133-1 at 9-10. Wiz complied by producing its source code for the "Accused Products" and identifying them pursuant to Rule 33(d). *Id.* at 10-12.

Orca identifies no RFP or other production obligation at issue, which should end the inquiry. Regardless, Wiz has provided the relevant source code and supplemented its response to Interrogatory No. 2 multiple times: first identifying specific responsive documents, and then pointing to the source code where relevant features are implemented. *Id.* at 7-9. Orca now requests something further—though it does not state what specifically it asks for. In fact, Orca's bid is a

1

familiar tactic of plaintiffs—seeking to flip the burden to Wiz to chart Orca's infringement claims on its own products. This is improper. *See Cirba Inc. v. VMware, Inc.*, 2023 WL 6799267, at *2 (D. Del. Mar. 30, 2023) (plaintiff owner's "burden to prove infringement, including infringement of each claim element."). For example, Wiz disagrees as to what the scope of the "Accused Products" and "Accused Instrumentalities" are in this Interrogatory, as this briefing itself bears out. If it has a specific request for production of additional code, it should propound that request.

Orca's request for all versions of Wiz's code is another overreach. Wiz produced multiple versions of its accused source code based on its then current status and around the time of the issuance of the Asserted Patents.[1] It offered to meet and confer if there were other specific versions Orca sought. Orca never followed up on that offer. Now Orca seeks code related to the entire Wiz company, and every single version and revision. Again that is neither required nor proportional to the case. In response, Orca again tries to flip the burden by stating it is entitled to all of Wiz's code because its allegations are "core" to Wiz's product. That is insufficient. Wiz previously provided examples of code that is not relevant, it is not required to go line by line. It is Orca that must meet its burden to show the requested code is relevant. It has not done so.

Even for the two examples Orca does address, it has not met its burden. "Supply Chain Security" includes "scanning pull requests for security flaws keeping the main codebase safe from new threats." D.I. 133, at 2. Orca has not shown how this is relevant to its claims. Orca points to "Supply Chain Security" as a related feature because it is advertised as "***using*** 'agentless visibility' 'to detect vulnerabilities, misconfigurations, and exposed secrets'" (*id.*), but that conflates one module of Wiz's product using the output of a separate module with both modules performing the accused functionality. Merely because they are allegedly part of the same product or service does not make them relevant, as Orca suggests. Orca has similarly not shown the Wiz's "Runtime Sensor" functionality is relevant. As discussed below regarding RFPs Nos. 84-90, the sensor–an agent–is the opposite of what Orca claims as its invention—a particular solution for ***agentless*** scanning. Orca then asserts that Wiz's runtime sensor is charted for infringement and thus relevant (D.I. 133-5), but Exhibit E contains no reference to any "sensor." Exhibit E instead confirms Wiz's argument–that Orca is accusing "agentless" cloud security. *Id.* (repeatedly and only accusing "agentless" scans, *e.g.*, "The Accused Product(s) further includes any similar products or services used for implementing Agentless Scanning...").

Finally, Orca says that the Court's prior order does not preclude this request because that order did not address this specific Interrogatory and was issued "without prejudice" and before Wiz filed counterclaims. D.I. 133 at 1-2. None of these reasons are relevant to the Court's prior order and Orca provides no substantive reasons for why the Court should rule differently here. Orca simply seeks a "do over." ***First***, while Interrogatory No. 2 was not at issue in this Court's prior order, the Court clearly stated that Orca had not explained why the "complete code" is relevant or proportional to the needs of the case. (D.I. 62). This decision included a denial of Orca's demand for git history, which is a log of all the changes the code went through to get to its current state. Here, Orca has done no better. Instead of explaining why additional code is needed, Orca attempts to shoehorn extra, unaccused features under the accused functionalities. Again, Wiz has provided all relevant source code for the functionalities that Orca has accused. ***Second***, that Orca's original

---

[1] Orca's complaint is truly that Wiz has not identified for Orca the allegedly infringing features—*i.e.*, which is Orca's burden to do. Orca has had access to Wiz's source code for months and has reviewed it over 10 times since the Court's May 2024 order.

motion was denied "without prejudice" does not mean additional source code is now relevant with no additional rationale. ***Finally***, Wiz's counterclaims are not relevant to this Interrogatory. Orca contends that Wiz's counterclaims put "development of its product and alleged inventions at issue" (D.I. 133 at 2), but fails to tie Wiz's counterclaims to the scope of the Interrogatory, which seeks information regarding Orca's patent claims. Nor can it, because Wiz's asserted patents have a different scopefrom Orca's asserted patent claims.[2]

Wiz's identification of WIZ_00032970 as having responsive information does not alone mean that every functionality it describes is responsive. Wiz makes this clear in stating that "information relating to the names and versions of what Wiz understands to be the Accused Product(s) may be found in the following documents…" D.I. 133-1 at 8-9 (emphasis added). Wiz has never represented that all information in those documents is responsive. Orca has accused specific functionalities of Wiz's products. That documents describing those functionalities also include non-accused functionalities does not alone make non-accused functionalities related or relevant. Orca's cite to *Ameranth, Inc. v. Pizza Hut, Inc.* is inapposite because Orca "has not shown that it needs to fully understand all the operations of Defendants' products as opposed to understanding only those aspects accused in the infringement claims." 2013 WL 636936, at *5 (S.D. Cal. Feb. 20, 2013); *Uniloc USA, Inc. v. Apple Inc.,* 2018 WL 2002979, at *2 (N.D. Cal. Apr. 30, 2018) (ordering production of only relevant portions of source code). Instead Orca attempts to link features that are unrelated to the Accused Functionalities because those features "use" or are "used with" agentless scanning. The Court should deny Orca's request for further supplementation of Interrogatory No. 2.

**Wiz's Response to Interrogatory No. 6 is Not Deficient:** Wiz has supplemented its response to Interrogatory No. 6 three times (D.I. 133-1 at 23-25), and addressed all of Orca's purported "deficiencies." It is also not true that Wiz "merely invokes Rule 33(d)." D.I. 133 at 3. Wiz cited multiple responsive documents under Rule 33(d) in its responses (D.I. 133-1 at 24-25), and supplemented with a narrative response identifying the people involved in the conception and development of the Accused Functionalities in response to Orca's demand for this. *Id.* at 25. Orca has not raised any issues with Wiz's latest supplement or asked to meet and confer about it (Ex. 4 at 1), yet vaguely states now that Wiz should "address these deficiencies." D.I. 133 at 3. But, it is unclear what alleged deficiencies exist. Orca must be required to specifically identify what information is purportedly missing and meet and confer with Wiz regarding any further "deficiencies" in Wiz's response before raising the dispute with the Court.

**Orca's Demand for Additional Source Code and Git History Is Improper:** Orca identifies no request for production or obligation that requires such a broad production. Again this should end the inquiry as neither Interrogatory No. 2 nor 6 require such production. Regardless, Orca does not dispute that Wiz has already produced multiple versions of its source code which contain the relevant code. Orca is not satisfied that the code across multiple versions is sufficient and now requests even more versions and git history of what has already been produced. Out-of-Circuit *HLFIP Holdings, Inc. v. Rutherford Cnty., Tennessee*, which Orca cites, is inapposite as the court there relied on the patentee's expert's opinion that "[t]he set of all source code produced to date still does not represent all of the" accused functionality, and Defendant's failure to contradict it. 2021 WL 6498853, at *5 (M.D. Tenn. Feb. 5, 2021). Orca offers no such expert opinion, and there

---

[2] Contrary to Orca's suggestion, Wiz's revenue, its funding, or any potential acquisition have no bearing on whether irrelevant source code is proportional to the needs of the case.

is no reason to believe all code is relevant or proportional to the needs of the case. This does not support Orca's demand that Wiz produce all git history for the code when it has already produced multiple versions. Also, in *HLFIP*, the moving party established relevance of revision history after learning of a "legacy" version of the accused product. *Id.* at *6. Wiz has produced source code as of the issuance of the patents and a recent version. Orca has not identified any reason more is required. And, its reliance on *RoboticVISIONTech, Inc. v. ABB Inc.* quotes not the court, but the parties' description of what git mirrors show and can explain. D.I. 133-12 at 4. Neither of these cases supports Orca's position.

Despite identifying documents relating to Wiz's source code development, Orca claims that no such documents have been produced. Instead, Orca uses these documents to conflate Wiz competing with Orca to mean Wiz copied Orca. This is in no way supported. Orca claims that because Orca produced git history for its platform, Wiz should do the same, and that the burden is low given Wiz's resources. Irrespective of burden, Orca has made no showing that Wiz's complete git history and additional source code are relevant and proportional to the needs to the case and, until/unless it does (which it cannot), Wiz should not be required to produce it. Similarly, the difficulty or ease of using an "export command" (D.I. 133 at 4), to collect irrelevant information does not mean Wiz must produce such information to its competitor. Orca's repeated request for additional versions of source code and git history lacks relevance and proportionality, and should be denied.

**Orca's Demand for Additional JIRA Documents Is Not Ripe:** Wiz does not believe there is a dispute for this issue, even though Orca has not identified a relevant discovery request other than Interrogatory No. 6. Orca first proposed a mutual exchange of search terms to be run against JIRA tickets during the parties' most recent meet and confer on August 27, 2024 and Wiz agreed to evaluate the proposal. Ex. 2 at 4. Orca also raises brand new disputes the parties have not even met and conferred about. Orca's request should be denied without prejudice so that the parties can properly meet and confer as required.[3]

**Orca's RFP Nos. 84-90 Seek Irrelevant Information:** Orca contends that Wiz copied its advancement of a "novel agentless cloud security platform." D.I. 15, ¶ 14. Still, Orca repeatedly demands information from Wiz related to agent-based technology from a ***third party where Wiz does not offer the ThreatOptix product.*** Wiz has asked Orca at least 4 times in writing (D.I. 132-2 at 1, 8, 15, 22) and many more times verbally, but Orca refused to explain how discovery regarding third party ThreatOptix's "agent-***based*** technology" can be relevant to Orca's claims relating to a "novel agent***less*** cloud security platform." D.I. 15, ¶ 14 (emphasis added); *id.*, ¶ 10. Agent-based technology is by definition not relevant to claims relating to agentless technology. Orca still has not provided an explanation of whether its claims encompass ThreatOptix's agent-based technology. Contrary to Orca's representations, the fact that Orca is ThreatOptix's "sole customer" or that ThreatOptix's agent-based technology is "used with agentless technology" does not make it relevant where Wiz does not offer said product. D.I. 133 at 5. As explained above, Orca cannot unilaterally claim that everything integrated with Orca, regardless of whether it is relevant to any Asserted Patent, is relevant simply because Orca itself is based on "agentless" technology; this would greatly overstate proportionality and relevance. Also, information related to the valuation or acquisition of other cloud security products is generally not relevant where, as

---

[3] Wiz will not address Orca's baseless representations about what each JIRA ticket "indicates." As shown in Wiz's counterclaims, it is Orca that has been repeatedly copying Wiz.

4

here, the two technologies are not comparable. *See Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC.*, 2019 WL 5310220, at *1 (D. Del. Oct. 21, 2019) (precluding damages expert's reliance on overall company valuation where patents at issue were a small portion of the company's portfolio); *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 79 (Fed. Cir. 2012) ("alleging a loose or vague comparability between different technologies or licenses does not suffice."); *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 496 (D. Del. 2019) (requiring "technological comparability" for information to be relevant to damages). Orca's cite to *E-Contact Techs., LLC v. Apple, In*c., 2013 WL 12143967 (E.D. Tex. Feb. 6, 2013) is easily distinguishable. There, the court held that the valuation of a very similar technology, also offered by the defendant, was relevant. *Id*. at *3. Unlike *Apple*, however, Wiz's accused agentless functionality is not comparable to a third-party's unrelated agent-based technology. Finally, the irrelevance of ThreatOptix to this case has nothing to do with Wiz's request for Orca to produce documents related to its competitors for Orca's allegedly practicing products. D.I. 132 at 3. Orca's attempt to conflate the issues is improper. Wiz should not be required to produce documents relating to ThreatOptix because of the irrelevance of such documents, regardless of what burden is involved in collecting or producing such documents.

**Orca's Improper "Cloud Native" Search Term:** Orca's "cloud native" search "term" is not relevant or proportional to the needs of the case or compliant with the stipulated ESI Order. Orca likely knows it is improper, as it initially objected to including the entire text of its term in the parties' joint statement and only included it upon Wiz's repeated insistence. D.I. 133-9 at 1-2. First, the "term" comprises multiple terms and would improperly circumvent the agreed limit of 10 terms per custodian. *Id.* at 7. In addition to the investment-related terms, the "term" also disjunctively uses other terms related to completely different concepts, such as "discount*" and "compet*." *Id.* Second, most terms used in the compound search term, including "invest*," "acqui*," "fund*," "invest*," and "seed," relate to acquisitions and investments (*id.*) which, as described above, is not relevant or proportional to the needs of the case. Third, Orca's search terms are unduly burdensome in general (*id.* at 3), and this particular term—unlike those for which Wiz agreed to search and review documents—hits on an exceptional number of documents. Wiz has never "agreed" that Orca's terms were not overbroad. *Id.* ("The very language from my prior emails you quote belies that we 'conceded' your characterization of the term is accurate . . . it only became clearer with Orca's further revisions that Orca wanted to focus the term on irrelevant information."). Finally, Orca's argument that Wiz should be forced to produce documents in response to a plainly overbroad and irrelevant search "term" simply because Orca's total hit count is "lower" than Wiz's total hit count is disingenuous. Orca has purported to reserve at least 9 search terms across the priority custodians for later requests. *See* Ex. 5; D.I. 133-9 at 8-18 . There is no way of knowing whether those "reserved" search terms will result in under 30,000 documents.[4] * * *

In light of the above, Wiz respectfully requests that this Court deny Orca's requests.

---

[4] Orca cites *Prism Techs.* and *VirnetX* for the notion that a patentee must tie damages to the claimed invention. D.I. 133 at 5. Wiz agrees. That is why information regarding the acquisition of an entire company is irrelevant—it is <u>not closely tied to the claimed invention</u>. *See Roche*, 2019 WL 5310220 at *1.

5

                                                                            Respectfully,

                                                                            */s/ Frederick L. Cottrell, III*

Attachments                                                      Frederick L. Cottrell, III (#2555)

cc:         All Counsel of Record (via email)