IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 23-758 (JLH) (SRF) |
| v. | ) |
| | ) **REDACTED - PUBLIC VERSION** |
| WIZ, INC., | ) |
| | ) |
| Defendant. | ) |

**LETTER TO THE HONORABLE SHERRY R. FALLON FROM RODGER D. SMITH II
IN RESPONSE TO WIZ'S DISCOVERY TELECONFERENCE LETTER (D.I. 132)**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Rodger D. Smith II (#3778) |
|  | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
|  | Wilmington, DE  19899-1347 |
| Douglas E. Lumish | (302) 658-9200 |
| Lucas Lonergan | jblumenfeld@morrisnichols.com |
| LATHAM & WATKINS LLP | rsmith@morrisnichols.com |
| 140 Scott Drive |  |
| Menlo Park, CA  94025 | *Attorneys for Plaintiff Orca Security Ltd.* |
| (650) 328-4600 |  |

Blake R. Davis
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Christopher Henry
Kristina D. McKenna
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA  02116
(617) 948-6000

Original filing date; September 4, 2024
Redacted filing date: September 11, 2024

Dear Judge Fallon:

Plaintiff Orca Security Ltd. writes in response to Defendant Wiz, Inc.'s discovery teleconference letter (D.I. 132) regarding Orca's responses to Wiz's Interrogatory Nos. 2 and 4 and Orca's response to Wiz RFP No. 54.

As explained in Orca's opening letter (D.I. 133), Orca has conducted discovery in a fulsome, timely, and responsive manner.  Unlike Wiz, Orca has produced the entirety of its source code, including prior versions and git history, thousands of technical documents, and over 1.1 million pages of email and slack documents.  Also, in contrast to Wiz, Orca has provided actual, substantive responses to interrogatories and has diligently investigated and produced documents responsive to requests for production.  Wiz's complaints about Orca's discovery responses are meritless and, for reasons explained below, should be rejected.

**Orca's Response to Wiz Interrogatory No. 2:**  Wiz's Interrogatory No. 2 asked Orca to describe the May 2019 meeting at Microsoft between Mr. Avi Shua (Orca's CIO and co-founder and the sole named inventor on all six Orca Asserted Patents) and Wiz's founders before they left Microsoft to start Wiz. D.I. 132, Ex. 1 at 98-99.  Orca sufficiently responded to this interrogatory on March 15, 2024 and April 26, 2024, and Wiz's contrary complaints are unfounded.  In fact, they are contradicted by Wiz's own letter briefing and exhibits.  As Wiz's papers admit and show, Orca has provided two narrative responses to this interrogatory and has, as requested, identified

REDACTED

D.I. 132 at 2; *id.*, Ex. 1 at 99-100.

Wiz's letter concedes that this meeting took place, and that at least one Wiz founder was present at it.  D.I. 132 at 2.  Yet Wiz argues that Orca's response is deficient because Orca has not produced a specific document "showing discussion of any meeting" with the Wiz founders.  *Id.*  As Orca has explained, however, it is not withholding any such documents or otherwise responsive information.  Orca has searched its most relevant data sources, produced responsive documents located—including ORCA_0011803, a presentation given around the same time as the May 2019 meeting—and confirmed that it has not yet identified any specific presentation for the Microsoft meeting.  *See id.*, Ex. 2 at 4 (confirming that Orca searched for and has not yet identified a specific Microsoft "presentation"), 22 (notifying Wiz of ORCA_0011803 produced on March 28, 2024).

In addition, as Wiz concedes, Orca repeatedly informed Wiz that it expected further responsive information to come from ESI discovery.  *See* D.I. 132, Ex. 2 at 4 ("Orca further explained that it expects additional information responsive to this request to come from the parties' electronic correspondence discovery that began last week.  At a minimum Wiz has identified Avi Shua and Orca has identified  REDACTED   as priority custodians, both of whom were present at the Microsoft meeting."), 13 ("Orca expects further information responsive to this request to come from the ESI discovery that will being June 11."), 18 ("Orca further highlighted that the parties' upcoming ESI discovery could also lead to responsive documents.").  That proved true.  On August 30, 2024, Orca substantially completed production of ESI discovery for four priority

The Honorable Sherry R. Fallon
September 4, 2024
Page 2

custodians, and as Orca expected, that production included additional information responsive to Interrogatory No. 2—as Wiz itself points out. D.I. 132 at 2 n.2.

Orca told Wiz months ago that it intended to supplement its response to Interrogatory No. 2 to identify further responsive information after ESI discovery is exchanged and additional information and documents are discovered. *See, e.g.*, D.I. 132, Ex. 2 at 13, 18. And, as promised, Orca is preparing a supplemental response to identify additional responsive information from its August 30 ESI production. The Court should not reward Wiz's decision to unnecessarily raise unfounded complaints about Orca's responses by ordering any other supplementation.

**Orca's Response to Wiz Interrogatory No. 4:** Wiz's Interrogatory No. 4 asked Orca to describe the development of the claimed inventions of its asserted patents, identify the inventor and knowledgeable persons, and specify the events of conception, actual and constructive reduction to practice, and diligence. D.I. 132, Ex. 1 at 103. Orca sufficiently responded to this interrogatory on March 15, 2024 and May 29, 2024.

As Wiz's opening letter shows, Orca's response identified the inventor of each Asserted Patent (Avi Shua), described conception and constructive reduction to practice (citing the provisional and/or parent applications to which each Asserted Patent claims priority, as well as the application issuing as each Asserted Patent), and identified knowledgeable persons (Avi Shua). D.I. 132, Ex. 1 at 103-05. Given that all of Orca's asserted patents are post-AIA patents under the first to file rule, further responses to this interrogatory have little if any relevance to the claims and defenses in this case. *See In re Samuels*, No. 2022-1121, 2024 WL 960931, at *2 (Fed. Cir. Mar. 6, 2024) (evidence of "earlier conception or an earlier constructive reduction to practice" is "irrelevant to the inquiry required under post-AIA 35 U.S.C. 102(a)(1)"); *Frazer v. Schlegal*, 498 F.3d 1283, 1288 (Fed. Cir. 2008) (filing of a patent application constitutes "constructive reduction to practice"); *Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998) (it is not necessary to "provide evidence of either conception or actual reduction to practice when relying on the content of the patent application").

Nevertheless, Orca has made extensive efforts to address Wiz's concerns, including by supplementing its related response to Wiz's Interrogatory No. 6 (Ex. I) and producing and identifying significant documentation regarding diligence and actual reduction to practice. Specifically, Orca was founded in late 2018 to bring Mr. Shua's inventions to market, and Orca's cloud security platform practices the claimed inventions. Showing this actual reduction to practice, Orca has made available for inspection the entirety of its source code, including prior versions and git history, and produced thousands of technical documents from Orca's founding in 2018 to the present, including Jira and confluence documents describing and evidencing development of the claimed inventions. Wiz has not identified any deficiency in those productions nor specified what type of development information is supposedly missing. Orca has also produced documents originating from the sole named inventor further supporting his development of the patent-practicing Orca platform.[1]

---

[1]   Wiz's letter points out that two of Orca's cited documents have incorrect metadata. Orca intends to reproduce corrected metadata for one of those documents, which shows that

The Honorable Sherry R. Fallon
September 4, 2024
Page 3

Wiz argues that Orca "has attempted to flip the burden to Wiz," but that is contradicted by the parties' correspondence. Given the substantial documents and source code that Orca has already produced or otherwise made available for inspection, the narrative responses that Orca already provided, and Wiz's ability to depose the named inventor who Orca already identified as a knowledgeable person on this topic, Orca has merely asked Wiz to identify *what else* it is seeking. *See, e.g.*, D.I. 132, Ex. 2 at 4-5. Wiz refused to tell Orca what it contends is missing, and its letter to the Court likewise fails to specify what else Wiz allegedly needs. D.I. 132. Wiz's request for further supplementation should be denied.[2]

Additionally, Orca did not "stall[] for over two months" before supplementing its initial response Interrogatory No. 4. D.I. 132 at 3. Rather, as Wiz's own papers show, Wiz did not identify what it believed to be deficient in Orca's response until the parties met and conferred on May 21—despite Orca requesting such information as early as May 6. *Id.*, Ex. 2 at 18. Then, eight days later, Orca supplemented its response, including to identify relevant documents from the named inventor.

Wiz's complaints also are unreasonable in view of its own discovery tactics. As noted above and in Orca's opening letter, Wiz refuses to describe the development of its accused platform, and it is withholding source code, git history, and technical documents relevant to its development efforts. D.I. 133 at 3-4. And, in response to Orca's interrogatory seeking information about Wiz's development of the alleged inventions in its asserted patents, Wiz merely identified the named inventors and stated that its patents are post-AIA patents. *See* Ex. A (Wiz Resp. to Orca Rog. 17). Wiz cannot reasonably complain about Orca's response to Interrogatory No. 4 while also refusing to provide any meaningful information about its own development activities; those positions are irreconcilable.

**Orca's Response to Wiz RFP No. 54:** Wiz's RFP No. 54 asks Orca to produce "All Documents and Communications Relating to Orca's competitors, including but not limited to Wiz." Orca objected to this RFP because, as other courts have found when considering substantially identical RFPs, it is "vague and overbroad on its face." *See, e.g.*, *MarketLinx, Inc. v. Industry Access Inc. et al.*, C.A. No. 12-3496, D.I. 84 (C.D. Cal. Jan. 2, 2013) at 7-8 (attached as Ex. B, finding request that "seeks the disclosure of '[a]ll documents and things relating to Your competitors, … vague and overbroad on its face"); *Wilson et al. v. Corning, Inc.*, C.A. No. 13-210, D.I. 97 (D. Minn Jan. 8, 2014) at 3 (attached as Ex. C, "To the extent Plaintiffs seek additional discovery on

---

ORCA_0011812 (D.I. 132, Ex. 7) was last modified December 10, 2018. Orca is investigating the metadata for ORCA_0011806 (D.I. 132, Ex. 6) and will provide Wiz corrected information once located.

[2]  Wiz's request for an order "precluding Orca from offering further evidence regarding conception and reduction to practice" is particularly inappropriate considering the current stage of discovery. D.I. 132 The parties are set to exchange further ESI requests later this month, no depositions have been scheduled (let alone taken), and the fact discovery cut-off is not for another eight months. D.I. 90 at 3 (setting May 13, 2025 as Fact Discovery Cut-Off).

The Honorable Sherry R. Fallon
September 4, 2024
Page 4

Document Request 19, "all documents relating to competition in the market for Products, including but not limited to any documents that refer to specific competitors," the motion is DENIED as overly broad."); D.I. 132, Ex. 3 (Orca Resp. to Wiz RFP 54) at 56-57. And, contrary to what Wiz states in its letter, Wiz has **not** limited this request to "a specific set of competitors." D.I. 132 at 3. Wiz's proposed "narrowing" simply tied the request to all Orca competitors with respect to Orca's patent-practicing platform. *Id.* But that platform is Orca's sole product. Accordingly, Wiz's purportedly narrow "subset" of competitors is no subset at all—it encompasses every Orca competitor. This is why Orca asked Wiz to work cooperatively with Orca by identifying the types of documents Wiz is actually seeking. *See id.*, Ex. 2 at 5 ("Orca has repeatedly asked Wiz to narrow its request or elaborate on the type of documents it expects in response to this request. Orca remains open to Wiz's proposal"). Wiz refuses to do so, and the Court should deny its request for the same reason.

Additionally, Wiz's insistence that Orca produce all documents relating to all competitors cannot be squared with Wiz's own discovery responses. For example, as Orca explained in its opening letter brief, Wiz refuses to produce documents relating to its competitors, even documents relating to a competitor whose technology is integrated into Orca's platform and with whom both Orca and Wiz have interacted. D.I. 133 at 4-5; *id.*, Ex. D at 3 (explaining that "Wiz's request for all documents regarding competitors is not sustainable in view of Wiz's own refusal to produce documents regarding ThreatOptix, considering Orca is Wiz's competitor and Wiz knew that ThreatOptix's product was specifically used in Orca's product."); *id.*, Ex. C at 4 ("Wiz further stated that it only would produce such information as related to Orca, not any other competitor or integrated platform, despite demanding that Orca provide competitive intelligence information for such third parties (*see* Ex. D (Orca Resps. to Wiz RFPs 61, 63, 65, and 67)). Wiz has never explained why Orca must produce information that is analogous to, but far broader in scope than, what Wiz unjustifiably withholds.

Moreover, Wiz's citation to case law finding lost profits-related discovery relevant misses the mark. D.I. 132 a 3-4 (citing cases). Orca does not dispute that documents relating to competition, e.g., documents pertaining to market share, are relevant to a lost profits analysis. Orca has already agreed to produce such documents in response to other, duplicative document requests, about which Wiz does not complain. *See, e.g.*, Ex. E (Orca's Resps. to Wiz RFP No. 97, 98, 101, 102, 103). And Orca also has already produced documents in response to still other (also duplicative) requests for documents, including documents comparing Orca's platform to multiple competitors, such as Prisma, Qualys, Rapid7, and Palo Alto Networks. *See* Ex. D (Orca Resps. to Wiz RFP Nos. 61, 63, 65, 67); Exs. F-H (ORCA_0049646; ORCA_0049655; ORCA_0049663); *see also* D.I. 133, Ex. C at 4. Wiz has not explained the relevance of additional information regarding Orca's competitors beyond what Orca has already produced.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

cc:   All Counsel of Record (via electronic mail)