IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-758 (JLH) |
| | ) | |
| WIZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORCA SECURITY LTD.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS WIZ, INC.'S COUNTERCLAIM COUNT IV
UNDER FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Blake R. Davis
Peter Hoffman
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Kristina D. McKenna
Christopher Henry
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA  02116
(617) 948-6000

October 3, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff and Counterclaim-
Defendant Orca Security Ltd.*

Ryan Thomas Banks
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
(714) 540-1235

Gabriel K. Bell
Nicole Elena Bruner
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
(202) 637-2200

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT: THE CLAIMS ARE INELIGIBLE UNDER § 101 ...................................2

    A. Step One: Wiz's Own Description Confirms The Claims Are Abstract .................2

    B. Step Two: Wiz Identifies No Inventive Concept Or Material Fact Issue ................7

    C. Dismissal is Appropriate........................................................................................9

III. CONCLUSION................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Adaptive Streaming Inc. v. Netflix, Inc.*,
   836 F. App'x 900 (Fed. Cir. 2020) ................................................................................8

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
   838 F.3d 1253 (Fed. Cir. 2016)......................................................................................7

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
   97 F.4th 1371 (Fed. Cir. 2024) ....................................................................................10

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   573 U.S. 208 (2014).......................................................................................................1

*Beteiro, LLC v. DraftKings Inc.*,
   104 F.4th 1350 (Fed. Cir. 2024) ..................................................................................10

*Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*,
   778 F. App'x 882 (Fed. Cir. 2019) ................................................................................9

*BSG Tech LLC v. Buyseasons, Inc.*,
   899 F.3d 1281 (Fed. Cir. 2018)............................................................................4, 5, 8

*Chamberlain Grp., Inc. v. Techtronic Indus. Co.*,
   935 F.3d 1341 (Fed. Cir. 2019)......................................................................................8

*ChargePoint, Inc. v. SemaConnect, Inc.*,
   920 F.3d 759 (Fed. Cir. 2019)........................................................................................3

*Dropbox, Inc. v. Synchronoss Techs., Inc.*,
   815 F. App'x 529 (Fed. Cir. 2020) ............................................................................8, 9

*Elec. Pwr. Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016)......................................................................................6

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016)......................................................................................5

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
   2024 WL 371959 (Fed. Cir. Feb. 1, 2024).....................................................................3

*FairWarning IP, LLC v. Iatric Sys., Inc.*,
   839 F.3d 1089 (Fed. Cir. 2016)......................................................................................9

*Gottschalk v. Benson*,
    409 U.S. 63 (1972) .................................................................................................................3

*In re TLI Commc'ns LLC Pat. Litig.*,
    823 F.3d 607 (Fed. Cir. 2016) ................................................................................................3

*McRO, Inc. v. Bandai Namco Games America, Inc.*,
    837 F.3d 1299 (Fed. Cir. 2016) ..............................................................................................4

*Mobile Acuity Ltd. v. Blippar Ltd.*,
    110 F.4th 1280 (Fed. Cir. 2024) .........................................................................................6, 10

*O'Reilly v. Morse*,
    56 U.S. (15 How.) 62 (1854) ..................................................................................................3

*PersonalWeb Techs. LLC v. Google LLC*,
    8 F.4th 1310 (Fed. Cir. 2021) .................................................................................................7

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
    65 F.4th 698 (Fed. Cir. 2023) ............................................................................................2, 10

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
    873 F.3d 905 (Fed. Cir. 2017) ................................................................................................9

*Simio, LLC v. FlexSim Software Prods., Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020) ......................................................................................7, 8, 9

*Trinity Info Media, LLC v. Covalent, Inc.*,
    72 F.4th 1355 (Fed. Cir. 2023) ............................................................................................4, 8

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
    874 F.3d 1329 (Fed. Cir. 2017) ..............................................................................................5

*Universal Secure Registry LLC v. Apple Inc.*,
    10 F.4th 1342 (Fed. Cir. 2021) ...............................................................................................5

**STATUTES**

35 U.S.C. § 101 ............................................................................................................... *passim*

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................9

## I. INTRODUCTION

The patent claims here are aimed at nothing more than creating context for alerts and queries using existing technology. Controlling law dictates that such claims constitute the epitome of abstraction—not any technological advance. As Orca explained, Wiz's asserted claims are ineligible under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), because they (1) are directed to a classic information-based abstract idea (retrieving, contextualizing, querying, and responding to cybersecurity threat information) and (2) add nothing inventive (admittedly using only conventional computer functionality). D.I. 138 ("Op. Br.") 7-19.

Wiz's answering brief ("Ans. Br.," D.I. 144) confirms this result. Wiz does not deny that humans can (and did) perform the functions recited in the claims (crafting database queries to retrieve useful information) and that the patent aims to alleviate that often-tedious manual process (by using computers to supply additional context). Automating human functions is a hallmark of ineligibility. Wiz's own description of its purported improvement is simply *using* existing computer technology—such as LLMs—to aid that process. Wiz nowhere suggests it invented or even improved the LLMs themselves; that technology is a mere tool. That, too, shows ineligibility.

Tellingly, Wiz's answering brief largely overlooks the '549 patent and primarily refers to its First Amended Counterclaims ("FACC," D.I. 124), which, in turn, recites allegations that are divorced from the disclosures of the '549 patent. But, even crediting these allegations, Wiz still fails to demonstrate any basis for eligibility. Wiz's central argument is that its claims are directed to a "specific" application of LLMs to improve cybersecurity incidence response. But the asserted claims and specification provide no details for a "specific" application of LLMs or of any "specific" improved LLM. Plainly, LLMs are not the claims' main focus. Instead, as Wiz confirms, the purportedly "inventive" focus of the claims is the "mapping" activity—where, in a

cybersecurity context, a received input is mapped to "scenarios." That "mapping" is to provide context—associating information with other information—which is an abstraction.

Wiz fails to show why § 101 cannot be resolved now. Wiz handwaves regarding a "question of fact" and claim construction but fails to point to any specific facts in dispute or any claim terms to be construed. Ans. Br. 20. Where a patentee, as here, makes conclusory assertions "to the effect that 'a factual dispute exists'" and "fail[s] to provide proposed constructions" or "explain why any proposed constructions … would make any difference to the *Alice* analysis," those assertions do not prevent dismissal under § 101. *Sanderling Mgmt. Ltd. v. Snap Inc.*, 65 F.4th 698, 705 n.6, 704 (Fed. Cir. 2023). The FACC should be dismissed with prejudice. *See id*.

## II.   ARGUMENT: THE CLAIMS ARE INELIGIBLE UNDER § 101

### A.   Step One: Wiz's Own Description Confirms The Claims Are Abstract

Under *Alice* step one, Wiz's claims are directed to the abstract concept of retrieving, contextualizing, querying, and responding to cybersecurity threat information. Op. Br. 7-15. Wiz's alleged invention purports to supply additional context or "structure" for natural language database queries using existing technology. *See* '549 patent at 1:26-37, 10:10-13. But providing additional context is part of the abstract idea, and thus—even if new—is still abstract. The '549 patent confirms that Wiz's "solution" is not an improvement in the *technology*—the claims may be implemented via a variety of off-the-shelf large language models (LLMs) "such as GPT, BERT, and the like," "general-purpose microprocessors," or "any other hardware logic components that can perform calculations." *Id.* at 10:14-40, 16:25-26, 17:59-18:3; *see* Op. Br. 3-5.

Neither Wiz's FACC nor its answering brief points to any improved technology to identify a security threat, query a database, or facilitate responses. Instead, Wiz asserts that an LLM is "cutting-edge … technology" and that it "maps an incident input into a scenario." Ans. Br. 4. But even if LLMs are "cutting-edge," Wiz's claims are not eligible simply by *using* that existing

2

technology. Precedent is littered with failed attempts to get patents using cutting-edge technologies where, as here, the claims provided no details for improving the technology itself. Just as Samuel Morse could not patent the use of "electro-magnetism, however developed for marking or printing intelligible characters" in the mid-1800s, *O'Reilly v. Morse*, 56 U.S. (15 How.) 62, 112 (1854), and Gary Benson could not patent the use of "[a] digital computer" to perform certain binary computations in the mid-1900s, *Gottschalk v. Benson*, 409 U.S. 63, 65 (1972), Wiz cannot make its claims eligible here merely by using LLMs "however developed" to process information.[1] Again, Wiz does not suggest that it invented or improved LLMs—and its claims certainly provide no details for improving LLMs. Moreover, the challenged claims do not require that the LLM perform the asserted "mapping." *See* '549 patent cls. 1, 11, 12. At base, the '549 claims lack eligible subject matter. Wiz's contrary arguments fail for four reasons.

First, Wiz's argument that the claims are "'necessarily rooted in computer technology'" and "'solve a specific problem in the realm of computer networks'" (Ans. Br. 8) misses the mark. As Wiz admits, the '549 patent purports to address a "problem" where "queries and alerts" can "lack context and important information, such as the relevant workloads, root causes, or potential mitigation." *Id.* But "lack[ing] context" is not a problem rooted in computer technology, and providing context does not entail a technical solution. Instead, by the patent's own disclosure, the claims involve a solution to "overcome the challenges" where "an operator will often receive an alert that lacks context." '549 patent at 1:44-58. Even now, Wiz does not dispute that the claims

---

[1] *See also, e.g.*, *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766-73 (Fed. Cir. 2019) (claims ineligible despite reciting cutting-edge wireless charging components); *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) (claims ineligible despite "nascent" fields—combining digital camera with cellular telephone—as there was no "inventive solution to any problem presented by combining the two"); *Eolas Techs. Inc. v. Amazon.com, Inc.*, 2024 WL 371959, at *1-2 (Fed. Cir. Feb. 1, 2024) (claims ineligible despite reciting providing interactive content on Internet using distributed processing); Op. Br. 17 & n.3 (use of artificial intelligence).

3

are "performable by humans." Ans. Br. 12. That is a key sign of abstraction. Op. Br. 8-10; *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361-62 (Fed. Cir. 2023) (ineligible claims were directed to automating human activities). And the Federal Circuit has repeatedly held that providing useful context or information—including for improving database queries—is abstract. *See BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1286 (Fed. Cir. 2018); Op. Br. 11-13.

Nonetheless, Wiz contends that the patent's use of an LLM is a specific solution rooted in computer technology. But the '549 patent acknowledges that the disclosed LLM can be any well-known large language models such as OpenAI's ChatGPT, or Google's BERT, '549 patent at 16:25-26, 10:14-40, and that tools exist to convert natural language queries to database queries, *id.* at 12:13-17, 1:38-43. And, further, Wiz's assertion that "the claims require using generative AI to map what specific cloud cybersecurity response scenarios are applicable given the particular received incident input" (Ans. Br. 8) is incorrect. The claims do *not* require performance of any mapping by an LLM; the claims instead recite generic computer components for performing that mapping. *See* '549 patent at cls. 1 (computer method), 11 (computer medium), 12 (computer system). Likewise, Wiz's FACC confirms that humans may perform the mapping function. *See* FACC ¶¶ 112-120. Wiz's attempt to monopolize human activity in its infringement allegations speaks volumes. *See id*. The asserted inventive features are abstract.[2]

Second, Wiz's argument that the claims are directed to a "specific implementation" of the a "specific type" of LLM is belied by the record. The independent claims do not recite how the

---

[2] Wiz's reliance (at 12) on *McRO, Inc. v. Bandai Namco Games America, Inc.*, 837 F.3d 1299, 1307 (Fed. Cir. 2016), where the patents automated human behavior, is misplaced. There, the claims advanced animation technology because they recited specific rules—including a "set of rules that define output morph weight set stream as a function of phoneme sequence and time of said phoneme sequence"—that departed sharply from the way humans performed animation. *Id.* at 1307-08 Here, the claimed functions are recited generically and mirror human activities.

4

LLM is used other than to receive an input (prompt) and generate an output. *See* '549 patent at cls. 1, 11, 12. The claims provide no requirement that the LLM perform the mapping feature, nor does the specification confirm how the LLM would map the received incident input into a plurality of scenarios *based on the output of the LLM* (i.e., based on its own output).

Wiz attempts to distinguish *Universal Secure Registry LLC v. Apple Inc.*, 10 F.4th 1342, 1350 (Fed. Cir. 2021) ("*USR*"), arguing that the ineligible claims there "included no limitation that the mapping involve an LLM, involve mapping to an incident input into a scenario associated with an incidence response, or on how the 'mapping' was performed at all." Ans. Br. 14-15. The same is true here: Wiz's claims do not require the LLM to perform the mapping or explain "how the 'mapping' [is] performed at all." *Id.* The *USR* claims "map[ped] a 'code to an identity'" to provide useful contextual information; so too do Wiz's claims map an incident input to a scenario. Wiz's claims should be held ineligible too. Wiz's claims recite "generic functional language to achieve … purported solutions" without claiming "*how* the desired result is achieved." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017). That is dispositive.

Wiz also relies on the specification's reference to a "security database" with a "representation of the computing environment." Ans. Br. 9. But Wiz and the patent nowhere suggest the database structure itself is improved—it merely *uses* existing database technology to store information, just like other claims the Federal Circuit has found abstract. *See, e.g.*, *BSG*, 899 F.3d at 1288. That marks a sharp contrast from the eligible claims in *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016), which specifically improved the database technology itself—a "self-referential" database that departed from existing database structures. Here, Wiz's claims merely use the database "as a tool"; they do not improve it. *Id.* at 1336.

Third, Wiz's argument that the claims are directed to improving the "'efficient functioning

5

of computers'" lacks merit. As discussed, the '549 specification confirms that the main thrust of the invention has been performed by humans and existing tools. Humans previously generated database queries and prior technology existed to convert natural language queries to database queries. '549 patent at 1:38-43. Thus, at most, the '549 patent simply supplies additional context for database queries—*not* a new tool or feature for querying a database. In retrieving the additional context, the patent claims scenario mapping (*see, e.g.*, *id.* at cls. 1, 11, 12), that may be performed via user input. *Id.* at 15:27-40. To facilitate the user queries, the patent describes using conventional techniques, including large language models, to generate the queries, and using conventional database technology, such as SQL, to store and retrieve the data. *Id.* at 1:30-37. The patent does not purport to invent or improve any such technologies; it merely *uses* them to process information, which "is an intangible" process "within the abstract-idea category." *Elec. Pwr. Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353-54 (Fed. Cir. 2016).

Fourth, Wiz argues that the dependent claims include further elements that "relate to specific, technical solutions" and that "Orca fails to address" these dependent claims. But Orca addressed each dependent claim in turn in its opening brief. Op. Br. 14-15. Wiz addresses only dependent claims 3-5 and 14-16, Ans. Br. 15-16, but fails to identify any "distinctive significance." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1290 (Fed. Cir. 2024).[3] Wiz argues that some claims recite using certain data as inputs (for training the LLM and for the incident input) but does not suggest that the training process or technology itself is improved. Merely reciting "specific types of data" (Ans. Br. 15) as inputs for a known technological process is abstract. *Elec. Pwr.*, 830 F.3d at 1355 (specifying "type" or "source" of data is abstract). The dependent claims reciting "generating a second prompt" repeat the abstract functions of the independent claims—and

---

[3] Wiz "forfeits" any separate argument as to other claims. *Mobile Acuity*, 110 F.4th at 1290-91.

"[s]tringing together the claimed steps by '[a]dding one abstract idea ... to another'" is still abstract. *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1317 (Fed. Cir. 2021).

**B.    Step Two: Wiz Identifies No Inventive Concept Or Material Fact Issue**

At step two, Wiz identifies nothing inventive apart from the abstract idea. *See* Ans. Br. 16-20; *cf*. Op. Br. 15-19.  First, Wiz contends the claims are inventive because they use a "a specific application of AI—large language models, or LLMs." Ans. Br. 17; *see id.* (citing FACC to allege claims are unconventional because they "leverage[e] LLMs," and LLMs are "neither routine nor conventional in the industry").  But, again, Wiz does not assert that the LLMs *themselves* are improved.  For good reason: the specification squarely admits that LLMs were known and the alleged invention can be implemented using off the shelf LLMs including Google's BERT and OpenAI's GPT, as Orca explained and Wiz does not dispute.  Op. Br. 3-4, 10-11, 16-17; '549 patent at 10:14-40, 16:25-26, 17:59-18:3, 18:23-28, 18:43-45.  Wiz's argument is that LLMs were not previously used *in this context*—i.e., to assist with providing contextual information and generating database queries, which are part of the abstract idea.  But "merely limiting the field of use of the abstract idea to a particular existing technological environment" does not make claims eligible.  *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1259 (Fed. Cir. 2016).  Wiz cannot "repackage" the abstract idea as a technological advance by reciting its performance using existing computer technology—even if that was not previously done in this field.  *Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1364-65 (Fed. Cir. 2020).  Where, as here, the claims use existing computer technology to perform an abstract idea, they lack any inventive concept, despite any assertions of unconventionality or technological improvements.  *See id*.

Second, Wiz argues that the '549 patent "issued over numerous prior art references considered during its prosecution." Ans. Br. 18.  But "satisfying the requirements of novelty and non-obviousness does not imply eligibility under § 101 … because what may be novel and non-

obvious may still be abstract." *Adaptive Streaming Inc. v. Netflix, Inc.*, 836 F. App'x 900, 904 (Fed. Cir. 2020) (citing *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348-49 (Fed. Cir. 2019)); *see also, e.g.*, *Simio*, 983 F.3d at 1364. Indeed, if USPTO approval was sufficient to demonstrate patent eligibility, courts would never need to address § 101. But where issued claims recite an abstract idea implemented using conventional components—like here—courts find them invalid under *Alice*. This Court should do the same.

<u>Third</u>, Wiz relies on the "ordered combination" of elements as purportedly unconventional. But in its claim construction chart, Wiz asserted that the claims elements need ***not*** be performed in any order. D.I. 151 at 11. Either way, the claims add nothing inventive. Again Wiz points to aspects of the abstract idea: providing context information ("mapping the received incident input into a scenario of a plurality of scenarios") and querying a database ("generating a query for a security database"). But "the abstract idea itself … 'cannot supply the inventive concept.'" *Simio*, 983 F.3d at 1364 (quoting *BSG*, 899 F.3d at 1290). To supply an inventive concept, a claim must "recite[] a specific, discrete implementation of the abstract idea where the particular arrangement of elements is a technical improvement over the prior art." *Dropbox, Inc. v. Synchronoss Techs., Inc.*, 815 F. App'x 529, 534 (Fed. Cir. 2020) (cleaned up). Here, the claims merely recite steps that the specification and Wiz's infringement allegations confirm humans can perform, only now using conventional LLM technology. Op. Br. 8-12; *supra* at 3-4, 6. But using conventional technology to augment human activities is not inventive. *See Simio*, 983 F.3d at 1365 (improving the "user's" efficiency or speed is insufficient); *Trinity*, 72 F.4th at 1367; Op. Br. 8-12.

<u>Fourth</u>, the dependent claims "primarily recite the type or source of the input or output information" or a user interface, which the Federal Circuit has found lacks an inventive concept at step two, as Orca explained. Op. Br. 14-15, 18-19. Wiz argues this is an "overgeneralization,"

8

but identifies no "additional inventive concepts." Ans. Br. 19-20. Wiz cites one paragraph in the FACC alleging the dependent claims are "not routine, conventional, or well-understood." *Id.* (citing FACC ¶ 108). But a patent owner cannot defeat a motion to dismiss by including conclusory allegations of inventiveness. *See Simio*, 983 F.3d at 1365 ("We disregard conclusory statements when evaluating a complaint under Rule 12(b)(6)."); *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 894 (Fed. Cir. 2019) (district court "was not required to accept [the plaintiff]'s legal conclusions as true," including "repeated characterizations of its inventions as 'technical innovations'"); *Dropbox*, 815 F. App'x at 538 (dismissing undetailed allegations that claims are "not well-known, routine or conventional"). The claims add nothing inventive.

### C. Dismissal is Appropriate

Wiz argues that dismissal is not appropriate for two reasons. Both fail.

<u>First</u>, Wiz argues, without explanation, that there is a "question of fact" and that it has "plausibly alleged that the asserted claim elements, alone and in combination, are not well-understood, routine, or conventional." Ans. Br. 20. But the Court "need not accept as true allegations that contradict … the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017); *see also Simio*, 983 F.3d at 1365 (rejecting asserted factual dispute); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1097 (Fed. Cir. 2016) (same). Wiz asserts a "specific improvement in computer capabilities" because the purported invention "use[s] a particular type of artificial intelligence technology, LLMs," to provide additional contextual information (mapping incident information to scenarios). Ans. Br. 17; *see id.* 11 ("*uses* an LLM" (emphasis added)). But, as discussed, neither Wiz nor the patent suggest that the patent improves LLMs themselves—or database structures or any other computer technology. Indeed, the specification admits that the claims require only generic hardware and off-the-shelf LLMs and databases. *Supra* at 2-7; '549 patent at cls. 1, 11, 12; Op. Br. 3-5. Using

9

existing technology in a particular context, such as to process and provide useful information, is not a patent-eligible advance: "merely reciting an abstract idea performed on a set of generic computer components, as the claims do here, would not contain an inventive concept." *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1378-81 (Fed. Cir. 2024) (cleaned up) (affirming dismissal; holding ineligible claims for processing and displaying information more effectively). As such, Wiz's emphasis on "use of certain technology" "fails at step two" because "the intrinsic record establishes that the technology is conventional or well-known in the art." *Id.* at 1380. Moreover, the claims do not even require the LLM to perform the "mapping," *supra* at 4; so, Wiz's allegations are in that respect "'divorced' from the claims or the specification." *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1358 (Fed. Cir. 2024). No factual disputes preclude dismissal.

<u>Second</u>, Wiz argues claim construction has not yet occurred. Ans. Br. 20. But "[t]o defeat a motion to dismiss based on the purported need for claim construction, a 'patentee must propose a specific claim construction ... and explain why [any dispute] ... must be resolved before the scope of the claims can be understood for § 101 purposes.'" *Mobile Acuity*, 110 F.4th at 1293-94. In its answering brief, Wiz does not identify any particular dispute or explain why it matters for § 101 (it would not).[4] Therefore, Wiz cannot "defeat [this] motion to dismiss based on the purported need for claim construction." *Id.*; *see also Sanderling*, 65 F.4th at 704 (affirming dismissal where patentee "failed to explain why any proposed constructions … would make any difference").

## III. CONCLUSION

Wiz's Amended Counterclaims should be dismissed with prejudice.

---

[4] "When a non-moving party proposes a construction, the court must proceed by adopting the non-moving party's constructions, or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis …." *Sanderling*, 65 F.4th at 704.

10

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Blake R. Davis
Peter Hoffman
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Kristina D. McKenna
Christopher Henry
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA  02116
(617) 948-6000

Ryan Thomas Banks
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
(714) 540-1235

Gabriel K. Bell
Nicole Elena Bruner
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
(202) 637-2200

October 3, 2024

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff and Counterclaim-Defendant Orca Security Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 3, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Kelly E. Farnan, Esquire<br>Christine D. Haynes, Esquire<br>RICHARD, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Jordan R. Jaffe, Esquire<br>Catherine Lacey, Esquire<br>Callie Davidson, Esquire<br>Alex Miller, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA  94105<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Praatika Prasad, Esquire<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY  10019-6022<br>(212) 999-5800<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

/s/ *Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)