IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> WIZ, INC. ) <br> ) <br> Defendants. ) | C.A. No. 23-0758-JLH-SRF <br><br> **REDACTED PUBLIC VERSION** |

### LETTER TO THE HONORABLE SHERRY R. FALLON FROM KELLY E. FARNAN REGARDING DISCOVERY DISPUTE

OF COUNSEL:

Jordan R. Jaffe
Lisa Zang
Catherine Lacy
Callie Davidson
Alex Miller
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Praatika Prasad
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY  10019-6022
(212) 999-5800

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 658-6541
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Counsel for Defendant Wiz, Inc.*

Dated: October 2, 2024

Dear Judge Fallon:

Pursuant to the Court's August 30, 2024 order (D.I. 130), Defendant Wiz, Inc. ("Wiz") seeks this Court's assistance with the deficiencies in Plaintiff Orca Security, Ltd.'s ("Orca") (1) responses to Wiz's RFP Nos. 72 and 73, (2) responses to Wiz's Interrogatory Nos. 12 and 13, and (3) production of core technical documents.

**Background:** Orca continues to take an unreasonable and disproportionate approach to discovery.[1] The Court recognized as much in its previous Orders denying Orca's excessive demands. *See* D.I. 62 (denying Orca's demand for all Wiz source code); D.I. 139 at 3 (denying Orca's demand for complete source code and change logs "because the requested relief is overbroad," and denying Orca's request for discovery related to agent-based technology in view of Orca's assertion of patents relating to agentless technology). By contrast, Wiz has sought targeted discovery and worked cooperatively on the issues directly relevant to this case: for example, discovery related to Orca's hiring of former intelligence operatives to investigate Wiz and Orca's illicit possession of "Wiz's data model" that was recently revealed. Yet, Orca seeks to avoid this key discovery despite Wiz's extensive efforts to resolve them without court intervention. *Id*.

**Orca's Responses to Wiz's RFP Nos. 72 and 73:** Wiz's RFP Nos. 72 and 73 seek documents "showing or Relating to Orca's competitive business intelligence activities" including "communications with and documents Relating to CGI GROUP" (RFP No. 72) and, specifically, those "Relating to Wiz" (RFP No. 73). Ex. 3 at 11.

"CGI Group" is a "business intelligence" firm run by the former head of Israel's General Security Services, and further includes other prior veterans of security services. https://cgi.co.il/About-en.html. CGI Group performs what it calls "business intelligence": "The term intelligence refers to the systematic collection, processing and analysis of raw and general information about the competitive business environment, and its presentation as a comprehensive picture to organizational decision-makers." https://cgi.co.il/BusinessIntelligence-en.html. Wiz suspects that Orca has been working with CGI Group on alleged "business intelligence" about Wiz and potentially individuals associated with Wiz. ████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████

---

[1] Orca has consistently implemented a double standard to discovery. The parties did not reach two of Wiz's issues during the recent meet and confer because Orca insisted on injecting irrelevant disputes into the discussion. Orca's October 1 10:05 p.m. email confirms that it will not change the positions it has taken in multiple other meet and confers. Ex. 1 at 2-6. And while Orca previously asserted that it could raise an ESI dispute that it had previously "taken off the table," (Ex. 2 at 1), it now argues that Wiz cannot similarly raise issues relating to RFP No. 72. Ex. 1 at 6.

These RFPs thus seek information about highly relevant competitive business intelligence, including specifically as to Wiz. In addition, they seek information about how Orca views and evaluates its competitors. This information is not only relevant to damages issues, but also Orca's investigation into Wiz in deciding to file suit against Wiz, which Orca considers a competitor. *See, e.g.* D.I. 15, ¶¶ 14 ("Wiz . . . compete[s] directly with Orca"); 71 ("Orca is entitled to injunctive relief and damages adequate to compensate it for infringement. . . .").

In an effort to resolve this dispute and another raised by Orca, Wiz proposed that each party produce documents in response to the other's corresponding requests about competitive activities—here, Wiz's RFP Nos. 72 and 73 and Orca's RFP Nos. 38 and 41.[2] For RFP No. 73, Orca initially agreed to investigate whether it has responsive documents. For RFP No. 72, Orca refused to conduct any investigation or produce any documents whatsoever. Ex. 4 at 1. Orca reversed course during a subsequent meet and confer and now refuses to produce anything in response to both RFP Nos. 72 and 73. Ex. 5 at 3. Orca's own RFPs and reneged offer shows that it agrees these items are relevant. But upon discovering that Wiz was willing to produce in response to Orca's RFPs, Orca refused to similarly do so. Orca has effectively waived any argument as to relevance. Orca's only other articulated basis for objection is its claim that it does not understand what "competitive business intelligence activities" are. Ex. 4 at 6. Wiz has provided Orca with the commonly understood definition of this phrase, *i.e.*, any type of business intelligence activities relating to Orca's competition and competitive efforts, including as relates to gathering information about competitors, comparisons with competitors, and development of business and/or competitive strategies as a result of such information gathering. *Id.* at 3.

Orca should be compelled to produce non-privileged, responsive documents to RFP Nos. 72 and 73 within two weeks of the Court's order. If, as Orca claims, the only documents responsive to these RFPs are indeed privileged, Orca should be compelled to explain the basis for its privilege claim over these documents.

**Orca's Responses to Wiz's Interrogatory Nos. 12 and 13:** Interrogatory Nos. 12 and 13 have been the subject of at least 5 verbal meet and confers and numerous emails, but Orca refuses to provide complete responses to either Interrogatory.

**Interrogatory No. 12** seeks a description of how Orca obtained access to certain Wiz material that is not publicly accessible, including the Wiz webpage attached as Exhibit 4 to Orca's complaint, and an identification of all documents relating to its access. **Interrogatory No. 13** seeks a description of whether Orca has received any other documents from or related to Wiz, and the circumstances relating to its receipt of those documents. *See* Ex. 6 at 134, 139.

---

[2] Orca initially claimed that Wiz's RFP Nos. 72 and 73 are mirror images of its RFP Nos. 38 and 41 but later reneged that representation. Ex. 4 at 12. Still, it maintains that its RFPs are proper but Wiz's are not.

Orca initially refused to provide substantive responses, claiming these requests were not relevant to Wiz's defenses, but later agreed to supplement its responses after Wiz filed its answer and counterclaims. Almost a month later, Orca provided supplemental responses that, again, fail to respond to these interrogatories.

In response to Interrogatory No. 12, Orca states that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 138. After months of Wiz asking for an explanation about why Orca had only produced *one* document (singular)—the one and same document attached to Orca's complaint as Exhibit 4—Orca finally supplemented its response t▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 138-139. But Orca has still not provided a narrative response about ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Orca has also ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that would fall within the scope of the information requested.

For Interrogatory No. 13, Orca simply incorporates its response to Interrogatory No. 12. This is insufficient because the latter does not identify any additional responsive documents or confirm that Orca did not receive any other documents <u>from Wiz</u> or <u>related to Wiz</u>—that is a greater subset of documents than those downloaded by the Orca employee identified in response to Interrogatory No. 12. Orca clearly has additional documents related to Wiz in its possession but has not supplemented its response to include information about those documents. For example, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ is significant, and raises a host of questions. Orca must explain how, from whom, and when ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The same is true of any other documents falling within the scope of Interrogatory No. 13.

Orca should be compelled to supplement its responses to Interrogatory Nos. 12 and 13, or confirm that no additional information is available to it at this time, within two weeks of this Court's order.

**<u>Orca's Deficient Core Technical Document Production</u>:** Orca has an obligation to produce core technical documents showing the operation of its accused products, features, and functionalities. This obligation arises not only under this District's Default Standard for Discovery, but also in response to Wiz's RFP No. 75 for detailed technical documentation showing the nature, functionality, design, structure, and operation of each accused functionality. *See* Default Standard, ¶ 4.b ("core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications"); Ex. 8 at 10 (RFP No. 75: "[a]ll documents (including but not limited to schematics, diagrams, technical descriptions, specifications, API documentation, developer manuals, user guides, operating instructions, and/or source code"). Orca nevertheless refuses to produce these fundamental documents, or alternatively, to confirm that no other such documents exist beyond what it has produced to date.

3

Orca claims that its obligations are satisfied by its source code and git history productions, because both were provided in their entirety, and by certain documents it identified to Wiz.[3] They do not. **First**, it does not matter that Orca produced its entire source code and git history if neither contains the requisite technical details. This is the exact opposite of what Orca previously successfully argued to this Court: "a litigant's decision to produce source code does not relieve it of its obligation to produce other core technical documents."[4] D.I. 58 at 2-3 (quoting *Cirba Inc. v. VMWare, Inc.*, C.A. No. 2021 WL 7209447, at *6 (D. Del. Dec. 14, 2021)) (emphasis added). **Second**, as Wiz has repeatedly informed Orca, none of these sources shows the operation of Orca's accused products, features, and functionalities. Specifically, Orca's source code, git history, and produced documents do not describe: (1) the AI-powered search functionality (D.I. 124, ¶¶ 111-120), (2) the AI security posture management ("AI-SPM") functionality (*id.*, ¶¶ 131-140), (3) the attack path analysis, or (4) the population of Orca's graph database (*see, e.g.*, *id.*, ¶¶ 44-47, 59-65, 76-80). *See generally* Ex. 9.

During the meet and confer process, Orca claimed that an Orca document—which appears to be some form of marketing disclosure or user guide—contains the requisite technical disclosures. It does not. *See* Ex. 10 at ORCA_0001956 (no explanation of how attack paths are identified or what steps are taken), ORCA_0001983 (no technical information about how alerts are created), ORCA_0002057 (no description of how remediation steps are decided or implemented); ORCA_0003332 (no technical detail about how general functions are implemented specific to Orca's products, or how these features make use of AI).

Orca also represented that documents describing further technical aspects of its accused products, features, and functionalities would be produced in its priority ESI production by August 30, 2024. Orca claims to have completed that production, but has still not identified which documents (if any) would fall within its technical production obligations. Nor has Wiz located any such documents, despite an extensive review.

Orca refuses to produce any missing core technical documents, or to confirm that no other such documents exist. It should be compelled to produce responsive technical documents and identify which ESI documents, if any, are responsive.

\*\*\*

Wiz respectfully requests that this Court enter Wiz's Proposed Order filed contemporaneously herewith.

---

[3] Ex. 9 at 3.

[4] Orca claimed during a meet and confer that it has no obligation to produce any missing core technical documents because Wiz produced "limited code." Ex. 9 at 1. This is irrelevant. Orca's production obligations are independent of Wiz's obligations (which Wiz has satisfied). And as the Court has made clear, Wiz is not obligated to produce all source code. D.I. 62, 139.

        Respectfully,

        */s/ Kelly E. Farnan*

        Kelly E. Farnan (#4355)

cc:    Counsel of Record (by e-mail)