IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-758 (JLH) (SRF) |
| | ) | |
| WIZ, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE SHERRY R. FALLON FROM RODGER D. SMITH II
IN RESPONSE TO WIZ'S DISCOVERY TELECONFERENCE LETTER (D.I. 154)**

OF COUNSEL:

Douglas E. Lumish
Lucas Lonergan
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA  94025
(650) 328-4600

Blake R. Davis
Peter Hoffman
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 391-0600

Kristina D. McKenna
Christopher Henry
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA  02116
(617) 948-6000

Confidential Version Filed: October 3, 2024
Public Version Filed: October 10, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff and Counterclaim-Defendant Orca Security Ltd.*

Ryan Thomas Banks
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626
(714) 540-1235

Gabriel K. Bell
Nicole Elena Bruner
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
 (202) 637-2200

Dear Judge Fallon:

Plaintiff Orca Security Ltd. writes in response to Defendant Wiz, Inc.'s discovery letter (D.I. 154). Contrary to the Court's Order (D.I. 148) directing the parties to "meet and confer at least once more prior to the commencement of letter briefing," Wiz refused to meet with Orca regarding two of the three issues in its letter. Wiz unilaterally determined that the parties had met and conferred enough, and further meetings would be "unproductive." Ex. 1 at 2. Wiz now tries to shift the blame to Orca for its refusal to meet and confer. D.I. 154 at 1 n.1. That is wrong. Wiz refused to meet until September 30, two days before briefing was due. Ex. 2 (Orca providing times to meet and confer on September 25 and 26, and agreeing to Wiz's counterproposal). In the one hour that Wiz was available, the parties ran out of time to address all seven identified issues because Wiz's counsel had not reviewed the issues in the motion for teleconference before the meeting. Nevertheless, on the meet and confer and in correspondence after, Orca repeatedly asked Wiz to provide additional times to meet to discuss Wiz's issues. Ex. 1 at 6, 7. Wiz rejected those requests.

Wiz's pronouncement that meet and confers would be "unproductive" is not a reason to disregard the Court's Order and reflects Wiz's attitude towards discovery generally. Orca has every interest in resolving Wiz's issues *without* the Court, as shown by its serving an amended response to Wiz's Interrogatory Nos. 12 and 13 to address Wiz's complaints about those responses. On the recent meet and confer, Wiz contended that Orca's amended response was still not enough but would not explain what else it was seeking. Ex. 1 at 6. Wiz's letter unveils why. Wiz identifies for the first time an ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Wiz's tactical choice to spring this on Orca for the first time in a letter to the Court violates the letter and spirit of the Court's instruction that the parties meet and confer.

As discussed below, the issue is not Orca's refusal to produce documents; it is Wiz's refusal to identify what it is seeking or why it is relevant. Wiz's requests in its letter should be denied.

**Orca's Responses to Wiz's RFP Nos. 72 and 73**[1]**:** Wiz's request regarding RFP 72 should be denied for the same reason the Court already denied Wiz's RFP 54: it is irrelevant and overbroad on its face. As Wiz concedes, RFP 72 broadly seeks all documents related to "Orca's competitive business intelligence activities," unrelated to Wiz and applying to all of Orca's competitors and activities in the marketplace. D.I. 154 at 1. As the Court already found, a request that "seeks all documents and communications relating to Plaintiff's competitors, is overbroad." D.I. 139 at 2 (regarding RFP 54). Even ignoring the overbreadth of this request, Orca has repeatedly asked Wiz to explain the relevance of documents relating to non-parties. *See, e.g.*, D.I. 154, Ex. 4 at 6, 12. Wiz's only response is that such documents show "how Orca views and evaluates its competitors," *id.* at 7, which has no bearing on the claims or defenses in this case. Wiz also wrongly compares its RFP 72 to Orca's RFPs 38 and 41, ignoring that Orca's RFPs 38 and 41 request information

---

[1] The Court should not address RFP 72 because Wiz did not meet and confer on it, and it was not raised in D.I. 129 for this conference. *See* D.I. 130 ("Discovery Dispute Motion Hearing on the disputes **listed at D.I. 129** is set for 10/9/2024); D.I. 129 (listing RFPs 54 and 73).

The Honorable Sherry R. Fallon
October 3, 2024
Page 2

only with respect to Orca, not any Wiz competitor. *See* Ex. 6.

Regarding RFP 73, there is no dispute for the Court to resolve, as Orca already told Wiz. Ex. 1 at 7. Orca explained that it has already produced responsive non-privileged documents relating to or originating from Wiz that could potentially fall within the scope of "competitive business activities" in response to other of Wiz's RFPs, such as RFP Nos. 61, 63, 65, and 67. *See* Ex. 3 at 2-3. Indeed, Orca's responses to Interrogatory Nos. 12 and 13 identify 80+ such documents by bates number. D.I. 154, Ex. 6 at 138-39. Wiz's only complaint is that the documents do not relate to "CGI Group" specifically. But Orca has already told Wiz that it investigated that issue and found there are no documents responsive to RFP 73, excluding electronic correspondence that the Court's ESI Order excludes. Ex. 1 at 7; D.I. 71 at 3 ("General production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence.").

Wiz's request for a privilege log should be denied for two additional reasons. First, it was never raised on any meet and confer. Second, it is premature. Neither party has served privilege logs because they are not due until January 22, 2025. D.I. 71 at 1; D.I. 90 at 3.

**Orca's Responses to Wiz's Interrogatory Nos. 12 and 13:** Wiz's Interrogatories 12 and 13 seek information regarding Orca's access to documents originating from Wiz. These interrogatories request the same information from Orca as Orca's Interrogatory 15 requests from Wiz, addressed in Orca's Letter. Orca has repeatedly supplemented its response to Wiz's interrogatories. But Wiz's complaints have been a moving target, and each time Wiz has raised a complaint, Orca has worked to address it as discussed below. Despite meeting and conferring on this issue just days ago, Wiz's letter raises entirely new issues relating to a "data model" that were never identified to Orca and should not be considered for the first time by the Court.

As Wiz acknowledges, at the time Wiz served Interrogatories 12 and 13, Wiz had not yet asserted any claims or defenses in this action. D.I. 154 at 3. The information Wiz sought was thus irrelevant. Nonetheless, Orca supplemented its responses on April 23, 2024 to (in response to Rog 12) ▮▮▮▮ and (in response to Rog 13), ▮▮▮▮. D.I. 154, Ex. 6.

Wiz next alleged Orca's responses were deficient because Orca had not identified ▮▮▮▮ Ex. 4 at 2. Orca agreed to investigate and supplement its response following electronic correspondence discovery. *Id.* As promised, Orca supplemented on July 12 to ▮▮▮▮. D.I. 154, Ex. 6.

On July 23, Wiz raised a new complaint asking Orca to identify documents beyond Exhibit 4. Ex. 5 at 2. Once again, Orca agreed to investigate (*id.* at 1) and supplemented its responses on

The Honorable Sherry R. Fallon
October 3, 2024
Page 3

September 30 to ▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. D.I. 154, Ex. 6. In short, Orca has worked to address each of Wiz's complaints and supplemented its responses accordingly.

During the parties' September 30 meet and confer, Orca asked Wiz to confirm that it would be withdrawing these disputes from the conference because Orca had addressed Wiz's disputes. Wiz refused but would not identify what additional information it was seeking. Following the conference, Wiz stated that Orca should identify ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The parties have not met and conferred regarding this request, and Wiz's letter does not explain how any such information is relevant to the claims or issues in the case. Notably, Wiz has not provided any of this same information in response to Orca's Interrogatory No. 15. Accordingly, Wiz's request should be denied.

Despite meeting and conferring on this issue just days ago, Wiz now raises another issue in its letter that it never before identified to Orca. As noted above, Wiz cites a document purportedly indicating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that such access is "significant, and raises a host of questions." D.I. 154 at 3. Wiz never identified this document to Orca, never mentioned the ▮▮▮▮▮▮ it discusses, and never asked any of the "host of questions" Orca's purported access thereto supposedly raises (let alone showing they relate to the at-issue claims). There is no excuse for this. Orca expressly asked Wiz in written correspondence the day before letter briefs were due:

> As we asked on the meet and confer, and to which Wiz would not provide a response, what information is Wiz asking Orca to supplement that was not addressed in its current or prior supplementations? Orca's supplement yesterday addressed all issues that Wiz previously raised, and it would be improper to raise new disputes that the parties have never before discussed.

Ex. 1 at 6. Wiz responded half an hour before briefing was due, and *still* did not mention this supposed ▮▮▮▮▮▮. *Id.* If Wiz had raised this issue during *any* of the prior meet and confers, Orca could have investigated it earlier. Indeed, despite learning of this issue less than 24 hours ago, Orca has already established that the ▮▮▮▮▮▮ to which Wiz points is a java script file that is publicly accessible. Orca will continue to investigate, but the Court should reject Wiz's attempt to frame Orca as withholding information, when it is actually Wiz that is hiding the ball.

Finally, Wiz's request for Orca to provide "complete responses" is premature. Discovery does not close until May 2025, and Orca intends to continue its investigation of the facts and supplement its interrogatory responses as additional information becomes available. Tellingly, Wiz's own response reserves the same right: "Wiz is engaged in an ongoing investigation of facts pertaining to this issue and expressly reserves the right to revise, clarify, and/or supplement its answer to this Interrogatory." That said, Orca is not withholding relevant information, and Wiz should be ordered to confirm the same. To the extent the Court grants any part of Wiz's request, Wiz should be ordered to provide the same information and level of detail for Orca's Interrogatory 15.

**Orca's Core Technical Document Production:** Orca satisfied its obligation to produce core

The Honorable Sherry R. Fallon
October 3, 2024
Page 4

technical documents months ago by producing: (1) its complete source code; (2) the complete git history reflecting developments and changes to its source code; (3) more than 13,000 Confluence and Jira documents which inform the operation of the source code for the accused features; and (4) thousands of pages from Orca's non-public "Orca Knowledge Base" describing the accused Orca Platform. Wiz's letter makes clear that Wiz has not investigated the documents that have been produced. Indeed, despite repeated requests from Orca, Wiz has not identified a single type of document that it contends is missing from Orca's production. Wiz's letter complains of AI and attack path functionalities, but Wiz acknowledged in past meet and confers that Orca produced many internal technical documents discussing those features. *See* D.I. 154, Ex. 4 at 7 (email from Wiz's counsel L. Wang). Wiz's only complaint is that the thousands of documents are not "substantive" enough. *Id.* But Orca has made every offer to investigate additional documents, and asked Wiz to identify "substantive" documents Orca produced for other features, or even from Wiz's own production. *Id.* at 6 ("please identify—as we have asked multiple times—allegedly 'substantive' technical documents that Wiz produced for the Accused Functionalities to comply with its core technical document production, so that we have an understanding of what you are alleging Wiz produced that Orca has not"), *id.* at 12 (similar). Wiz refuses to identify to Orca (or the Court) what "substantive" documents it contends are missing. In any event, the most "substantive" and complete information is the source code and git history Orca produced more than six months ago.

Wiz oddly argues the Court should ignore Orca's source code and git history as core technical documents. Wiz is wrong for two reasons. **First**, contrary to Wiz's representations (D.I. 154 at 4), Orca did not argue source code is irrelevant to core technical documents. Orca, in fact, demanded Wiz produce its source code *because* it is a core technical document. *See* D.I. 158, Ex. C at 1-2 (attached as Ex. 7). Orca also explained Wiz's limited source code production—stripped of the code for numerous accused functionalities and provided three weeks late—was insufficient because "Wiz did not even *search* for relevant internal technical documents." D.I. 54 at 2-3. Wiz also removed the git history from the code, which is contemporaneous technical documentation describing the code that Wiz still refuses to produce for its relevant code. In contrast to Wiz, Orca produced its *complete* source code, the corresponding technical documentation found in the git history, as well as more than 11,000 other technical documents. Wiz complains the technical documents purportedly don't describe "AI-SPM." But Orca has explained that "AI-SPM is part of Orca's security posture management functionality (SPM) using sidescanning, and numerous documents describing that functionality have already been produced." D.I. 154, Ex. 4 at 5-6. Tellingly, Wiz has not served an interrogatory asking Orca to identify documents or code corresponding to any feature (and Wiz has refused to respond to Orca's interrogatories for the same). **Second**, Wiz is incorrect that Orca's source code and git history do not show the operation of Orca's AI functionality. Wiz's counsel and experts have inspected Orca's source code for dozens of hours, and Orca has not received *any* request for additional code. Orca affirmatively asked Wiz months ago whether Wiz had in fact inspected Orca's code and git history for any accused functionalities, specifically to understand whether Wiz's complaints were based on the fact that Wiz did not understand the operation of Orca's code. *Id.* Wiz never responded. And Wiz refused to meet and confer on this issue before submitting its letter.

For these reasons, Wiz's requests in its letter brief should be denied.

The Honorable Sherry R. Fallon
October 3, 2024
Page 5

                                              Respectfully,

                                              */s/ Rodger D. Smith II*

                                              Rodger D. Smith II (#3778)

Attachments:  All counsel of record (via email)