# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-758-JLH-SRF |
| | ) |
| WIZ, INC., | ) **REDACTED** |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Both parties raised multiple discovery disputes before the court. (D.I. 129; D.I. 147) The court considered the parties' letter briefing on the pending discovery motions. (D.I. 154; D.I. 155; D.I. 157; D.I. 158) During a videoconference on October 9, 2024, the court heard argument and made rulings from the bench. The court's bench ruling is memorialized as follows:

### DEFENDANT'S ISSUES

**1. Defendant's motion to compel Plaintiff to produce non-privileged documents responsive to Request for Production Nos. 72 and 73 is DENIED without prejudice.** The record before the court confirms that Defendant failed to comply with the court's September 25, 2024 Oral Order directing the parties to meet and confer prior to the commencement of letter briefing. (D.I. 148; D.I. 158, Ex. 1 at 2-3; 10/9/2024 Tr.) The court ordered "that the parties shall meet and confer at least once prior to the commencement of letter briefing to narrow and/or resolve the disputes." (D.I. 148) Nonetheless, Defendant's own recap of the court-ordered meet and confer acknowledges that its issues regarding Plaintiff's responses to Request for Production Nos. 72 and 73 and Plaintiff's core technical document production were "not discussed on the meet and confer." (D.I. 158, Ex. 1 at 2)

**2.** "Full compliance with court orders is not optional. When a court enters an order . . . in the absence of modification of the order by the court, compliance is required. Thus, it [was] not only appropriate, but mandatory," that Defendant fully comply with the court's September 25, 2024 Oral Order requiring another meet and confer on all of the identified issues before raising them with the court in the letter briefs. *Wood v. Connections Community Support Programs, Inc.*, C.A. No. 21-641-RGA, 2024 WL 915614, at *3 (D. Del. Mar. 4, 2024).

**3.** The impetus for the court's September 25 Oral Order is apparent from the history of discovery in this case. During the five months since this case was initially referred to the undersigned judicial officer for discovery disputes, the parties have filed five motions for a discovery dispute teleconference on a total of 25 disputed issues. (D.I. 49; D.I. 95; D.I. 120; D.I. 129; D.I. 147) On three occasions, the court has directed the parties to reduce the number of disputes. (D.I. 123; D.I. 130; D.I. 148) A breakdown of this magnitude impairs the court's ability to substantively address discovery issues in an expedited fashion.

**4. Defendant's motion to compel Plaintiff to provide complete responses to Interrogatory Nos. 12 and 13 is GRANTED-IN-PART.** For the first time in its opening letter submission, Defendant raised the issue of Plaintiff's failure to produce "a copy of the Wiz data model" that was referenced in another document produced by Plaintiff. (D.I. 154 at 3) During the videoconference on October 9, 2024, Plaintiff responded that this "data model" is a java script file that is publicly available on the internet. (10/9/2024 Tr.; D.I. 158 at 1) Defendant's motion is GRANTED with respect to the production of this file, to the extent that it has not already been produced. In accordance with its agreement to do so, Plaintiff shall produce the java script file on or before October 11, 2024. (10/9/2024 Tr.)

2

5. The balance of Defendant's request is DENIED without prejudice. The parties engaged in a meet and confer on this issue on September 30, 2024. (D.I. 158, Ex. 1 at 2) Although Defendant facially complied with the requirement to meet and confer on this issue in accordance with the court's September 25 Oral Order, a closer examination of the parties' correspondence suggests that the parties had not yet reached an impasse on this issue.

6. Plaintiff supplemented its responses to Interrogatories 12 and 13 prior to the meet and confer to resolve the deficiencies identified by Defendant. (D.I. 154, Ex. 6 at 137-39) During the meet and confer, however, Defendant identified two specific deficiencies that were not previously raised. (*Id.*, Ex. 1 at 5-6) (suggesting that Plaintiff's supplementation failed to provide a narrative response regarding whether the documents were discussed with other third parties and did not confirm whether Plaintiff's employees received documents from anyone besides Mr. Himi). There is no evidence that the specific issues raised by Defendant during the September 30 meet and confer were discussed before the parties filed their joint motion requesting a discovery conference. Instead, it appears that Defendant's complaints about the sufficiency of Plaintiff's responses continued to evolve after Plaintiff supplemented those responses to address the purported deficiencies and remove the issue from the court's calendar. Consequently, the issue is not ripe for resolution by the court.

7. **Defendant's motion to compel Plaintiff to produce internal technical documents describing the operation of the Accused Products and Functionalities is DENIED without prejudice.** Defendant's motion is denied for the same reasons stated at paragraphs 1 to 3, *supra*.

**PLAINTIFF'S ISSUES**

**8. Plaintiff's motion to compel Defendant to substantially complete the production of ESI documents that hit on the parties' agreed search terms is GRANTED.** There is no dispute that the parties reached an agreed-upon set of search terms, custodians, and time periods for ESI discovery, and the final agreed search terms resulted in about 180,000 unique hits for Plaintiff to produce and about 110,000 unique hits to be produced by Defendant. (D.I. 155 at 1) Defendant also served boilerplate objections to Plaintiff's requests for production of ESI in June of 2024. (D.I. 157, Ex. C) On the substantial completion deadline of August 30, 2024, Plaintiff produced 163,000 documents and withheld the remaining 17,000 documents for a privilege review. (D.I. 155 at 1) In contrast, Defendant produced only about 25,000 documents, withholding most of the remaining documents as unresponsive. (*Id.*)

**9.** The ESI Order provides that "the parties will have substantially completed production of all non-privileged custodial ESI responsive to the parties' Priority Requests, subject to any unresolved objections[,]" by August 30, 2024. (D.I. 71 at 6; D.I. 106) Even if the court were to construe this provision broadly to support Defendant's position that documents hitting on search terms can be withheld based on relevance,[1] relevance is broadly construed in the context of discovery. *Am. Bottling Co. Inc. v. Vital Pharms., Inc.*, C.A. No. 20-1268-TMH, 2021 WL 9599683, at *1 (D. Del. Sept. 27, 2021). The fact that Defendant is withholding more than seventy-five percent of the documents hitting on the parties' agreed-upon search terms

---

[1] Defendant claims Plaintiff also contemplated reviewing hit counts for relevance. (D.I. 157 at 2) Specifically, Defendant cites "D.I. 155-4 at 15" and 9 as evidence that Plaintiff intended to engage in a review of hit counts for responsiveness. (*Id.*) But Exhibit 4 to D.I. 155 is five pages long and has no pages numbered "9" or "15." (D.I. 155, Ex. 4)

4

amounts to "specific, compelling evidence suggesting that [Defendant] is withholding responsive ESI material." *Doe 1 v. Baylor Univ.*, 2018 WL 11471253, at *2 (W.D. Tex. May 6, 2018).

10. Plaintiff explains that search terms combining "orca* AND" with keywords deemed to be relevant to the issues in the case resulted in about 35,000 unique documents across custodians, but Defendant's production includes less than 3,000 documents for that keyword combination. (D.I. 155 at 2) These documents are facially relevant, satisfying Plaintiff's initial burden to establish the relevance of the requested information. *Int'l Bus. Machines Corp. v. Zynga Inc.*, C.A. No. 22-590-GBW, 2024 WL 245736, at * n.1 (D. Del. Jan. 19, 2024). Defendant offers no argument or examples supporting its position that documents hitting on these agreed-upon search terms are not responsive. (D.I. 157 at 1-2)

11. Defendant relied on three cases to support its position that a unilateral relevance review of documents hitting on custodial ESI search terms is "standard and appropriate." (D.I. 157 at 1) The court finds these authorities are distinguishable on their facts and are therefore not persuasive. In *CMC Materials, LLC v. Dupont De Nemours, Inc.*, Judge Williams entered an oral order denying the plaintiff's request to compel the defendant to turn over all search-term-identified documents. C.A. No. 20-378-GBW, D.I. 191 (D. Del. Oct. 11, 2023). The court's decision in *CMC Materials* was based on evidence that the parties "agreed to use search terms to 'locate potentially responsive emails' and not, as [the plaintiff] contends, to turn over all results." (D.I. 157, Ex. A) The "potentially responsive" language at issue in *CMC Materials* is not present in the parties' ESI Order in this case. (D.I. 71 at 6)

12. The two other case authorities cited by Defendant are also distinguishable. In *Monolithic Power Systems, Inc. v. Intersil Corporation*, the court's decision to deny a motion to compel the production of all non-privileged email returned by agreed-upon search terms was

5

based on a distinction drawn by the court between public and non-public information in a defamation case. C.A. No. 16-1125-LPS, 2018 WL 6077973, at *1 (D. Del. Nov. 19, 2018). No similar distinction is at issue here. In *Palmer v. Cognizant Technology Solutions Corporation*, the court declined to compel production of all non-privileged documents returned by running the parties' search terms where the defendants produced over fifty percent of the documents hitting on search terms. 2021 WL 3145982, at *7-9 (C.D. Cal. July 9, 2021). Specifically, the court determined that the defendants had offered reasonable and persuasive explanations for the number of documents produced. *Id.* at *9. Here, in contrast, Defendant has produced less than twenty-five percent of documents hitting on search terms and has offered no explanation for those statistics beyond the conclusory argument that the balance of documents are unresponsive.

**13.** Defendant also fails to address burden or proportionality as it pertains to the production of all non-privileged hit counts. *See Johnson v. Serenity Transportation, Inc.*, 2016 WL 6393521, at *2 (N.D. Cal. Oct. 28, 2016) ("[A]bsent a showing of burden . . . [Defendant] does not have discretion to decide to withhold relevant documents."). Consequently, Plaintiff's motion is GRANTED and Defendant shall complete the production on or before October 16, 2024.

**14. Plaintiff's motion to compel the production of documents and communications regarding the ▮▮▮▮▮▮▮▮ is GRANTED-IN-PART.** Plaintiff moves to compel the production of all non-privileged documents and communications relating to ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ of Defendant that are responsive to Request for Production Nos. 16 to 23, 25 to 27, 38, 44, 49, 57, 68, 73, 95, 135, 154 to 155, 157, and 159 to 161. (D.I. 155, Ex. 16) These requests seek discovery on the potential market for the accused product, profit margins, revenues, pricing, competitors, license or royalty agreements, and business plans, among other

6

things. (*Id.*, Ex. 6 at 24-36) Defendant challenges Plaintiff's request by arguing that the common interest privilege protects the ███████████████████████████████ ██ ███████████████████████████████████████████ ██████ (D.I. 157 at 2-3) During the discovery dispute hearing, Defendant suggested that this issue should be reserved until after the exchange of privilege logs in January of 2025. (10/9/2024 Tr.)

15. In accordance with Defendant's representations on the record, Plaintiff's motion to compel the production of ███████████ documents relating to business discussions is GRANTED, and Defendant shall make its production on or before November 8, 2024. In all other respects, the motion is DENIED without prejudice to renew following the production of the privilege log.

**16. Plaintiff's motion to compel the production of documents responsive to Request for Production Nos. 91, 92, 94, and 113 is DENIED without prejudice for failure to comply with the court's discovery dispute procedures.** The parties in this case are, by now, well-acquainted with the court's discovery dispute procedures. *See* ¶ 3, *supra*. In the Oral Order setting this discovery dispute hearing, the court stated that, "[i]n preparing for this hearing the parties shall follow the Discovery Matters and Disputes procedure as set forth in the Order regarding discovery matters available at www.ded.uscourts.gov/judge/magistrate-judge-sherry-r-fallon." (D.I. 130) Paragraph 4 of the Discovery Matters and Disputes procedure provides that, "[i]f the discovery dispute relates to certain discovery requests (*e.g.*, interrogatories or requests for production of documents), then the moving party should attach those discovery requests and any relevant responses as exhibits to its letter brief." Plaintiff's letter brief attaches Defendant's responses to Request for Production Nos. 1 to 83 (D.I. 155, Ex. 6), Request for Production Nos.

7

95 and 96 (*id.*, Ex. 7), and Request for Production Nos. 134 to 135 and 154 to 162 (*id.*, Ex. 8). Request for Production Nos. 91, 92, 94, and 113 are not among the exhibits to Plaintiff's letter submission.

**17. Plaintiff's motion to compel Defendant to provide a supplemental response to Interrogatory No. 15 is GRANTED-IN-PART.** Plaintiff argues that Defendant's four supplemental responses to Interrogatory No. 15 are deficient because they fail to: (1) identify employees who were exposed to Plaintiff's confidential and proprietary materials; (2) list communications with third parties related to such documents; (3) describe Defendant's understanding of the confidentiality and contractual protections for that information; and (4) confirm the scope of Plaintiff's documents in Defendant's possession now or in the past. (D.I. 155 at 4) During the discovery dispute hearing, Defendant agreed to supplement its response regarding the second, third, and fourth categories and agreed to engage in further discussions with Plaintiff regarding a supplemental response on the first category of information. (10/9/2024 Tr.) Consistent with these representations, Defendant shall supplement its response to Interrogatory No. 15 on or before October 23, 2024.

**18. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

    **a.** Defendant's motion to compel Plaintiff to produce non-privileged documents responsive to Request for Production Nos. 72 and 73 is DENIED without prejudice.

    **b.** Defendant's motion to compel Plaintiff to provide complete responses to Interrogatory Nos. 12 and 13 is DENIED without prejudice.

 c. Defendant's motion to compel Plaintiff to produce internal technical documents describing the operation of the Accused Products and Functionalities is DENIED without prejudice.

 d. Plaintiff's motion to compel Defendant to substantially complete the production of ESI documents that hit on the parties' agreed search terms is GRANTED. Defendant shall complete the production on or before October 16, 2024.

 e. Plaintiff's motion to compel the production of documents and communications regarding the ▓▓▓▓▓▓▓▓ is GRANTED-IN-PART. The motion is GRANTED with respect to the production of ▓▓▓▓▓▓▓▓ documents reflecting business concerns, and Defendant shall make its production on or before November 8, 2024. In all other respects, the motion is DENIED without prejudice to renew following the production of the privilege log.

 f. Plaintiff's motion to compel the production of documents responsive to Request for Production Nos. 91, 92, 94, and 113 is DENIED without prejudice for failure to comply with the court's discovery dispute procedures.

 g. Plaintiff's motion to compel Defendant to provide a supplemental response to Interrogatory No. 15 is GRANTED-IN-PART. In accordance with the parties' discussion during the hearing, Defendant shall supplement its response to Interrogatory No. 15 on or before October 23, 2024 and the parties shall meet and confer to the extent that further supplementation is requested.

19. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be

redacted, the parties shall jointly submit a proposed redacted version by no later than **October 17, 2024**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**20.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge