IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORCA SECURITY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-758 (JLH) (SRF) |
| | ) | |
| WIZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

REDACTED - PUBLIC VERSION

**SEALED EXHIBIT 35 TO JOINT APPENDIX OF EXHIBITS TO JOINT CLAIM CONSTRUCTION BRIEF FOR ORCA ASSERTED PATENTS**

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff and Counterclaim-Defendant Orca Security Ltd.*

RICHARDS, LAYTON & FINGER, P.A.
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Defendant and Counter-Plaintiff Wiz, Inc*

November 22, 2024

# Joint Appendix Exhibit 35

| | |
|---|---|
| **From:** | Davis, Blake (Bay Area) |
| **Sent:** | Monday, November 4, 2024 9:07 AM |
| **To:** | Jaffe, Jordan; rhoy@morrisnichols.com; Miller, Alex; JBlumenfeld@morrisnichols.com; Davidson, Callie; Lacey, Catherine; haynes@rlf.com; cclark@morrisnichols.com; cottrell@rlf.com; farnan@rlf.com; Zang, Lisa; Prasad, Praatika; RSmith@morrisnichols.com; WSGR - Orca Wiz |
| **Cc:** | #C-M ORCA SECURITY - WIZ - LW TEAM |
| **Subject:** | RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176 |

Jordan,

We disagree with many points in your email, but to move things forward we address only certain points below.

First, Wiz did not explain why it proposed "snapshot" for construction, including on the parties' meet and confer. Your email below suggests that Wiz has known of this alleged issue for months, prompting Wiz to both identify the term "snapshot" for construction and forming a basis for Wiz's alleged noninfringement defense. Moreover, while Wiz's October 28 email below implies this issue was prompted by Orca's supplemental infringement contentions, that is at best misleading. Footnote 2 in Orca's contentions that Wiz cited in its original October 19 email as prompting this question is the same in both Orca's original May 2024 contentions and its supplemental source code contentions. Wiz still has not explained why, having known of this issue for months, it laid behind the log until after Orca served its opening claim construction brief to raise the issue.

Second, Wiz's listing of the "snapshot" limitation in response to Orca's interrogatory No. 5—without any elaboration or mention of "disk cloning"—is inadequate to put Orca on notice of Wiz's assertion that Wiz's "disk cloning" implementation somehow falls outside the scope of Orca's asserted claims. Moreover, Wiz appears to admit that "disk cloning" is only applicable to certain cloud computing environments, and only in some configurations, yet Wiz's interrogatory responses do not differentiate between any cloud computing environment.

Third, Wiz's states "Wiz appreciates Orca's providing its contention that 'clones' comprise 'snapshots' on Friday, October 25, 2024." That mischaracterizes Orca's contentions. Orca's contention is that Wiz's implementation of agentless scanning, which appears to include what Wiz coins as including "disk cloning" technology, infringes Orca's asserted claims. Indeed, Orca's May 2024 infringement contentions already cite documents referring to Wiz's "disk cloning" as satisfying the claims. *See, e.g.,* '685 patent infringement chart at 1[e], citing WIZ_0000001 at -1131 ██████████████████████████████████████████████ -640 ██████████████████████████████████████████████.

Fourth, we understand that Wiz will provide a supplemental response to interrogatory Nos. 5 and 9 to address Wiz's noninfringement contentions with respect to "disk cloning." Please confirm you will provide those supplemental responses by November 15. To the extent that your response requires further supplementation of Orca's infringement contentions, we can preliminarily agree to provide that supplemental response by December 6.

Lastly, please confirm as stated in your email below that Wiz is are not aware of any other similar flowcharts for the source code that Wiz has produced for inspection.

Best,
Blake

**Blake R. Davis**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8033
Email: blake.davis@lw.com
https://www.lw.com

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Sent:** Monday, October 28, 2024 3:00 PM
**To:** Davis, Blake (Bay Area) <Blake.Davis@lw.com>; rhoy@morrisnichols.com; Miller, Alex <alex.miller@wsgr.com>; JBlumenfeld@morrisnichols.com; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; haynes@rlf.com; cclark@morrisnichols.com; cottrell@rlf.com; farnan@rlf.com; Zang, Lisa <lzang@wsgr.com>; Prasad, Praatika <pprasad@wsgr.com>; RSmith@morrisnichols.com; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Cc:** #C-M ORCA SECURITY - WIZ - LW TEAM <orcasecuritywiz.lwteam@lw.com>
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

Blake,

I write in response to your email below. As an initial matter, the rhetoric and insinuations are not helpful and improper. Wiz began this email thread by asking if certain functionality was accused in Orca's just-served supplemental infringement contentions and noting it was relevant to ongoing claim construction disputes. Without any basis, Orca has now levied suggestions of inadvertently omitting Orca's national counsel from emails, that the original question "smacks of gamesmanship" and that Wiz is "withholding" relevant documents based on the basic caveat of only producing things "to the extent they are responsive"— the same caveat is present in almost every RFP response the parties have served in this litigation. We hope that Orca will reconsider this unnecessary rhetoric and work productively in discovery, rather than make accusations without any good faith basis.

Addressing each point in turn:

> *Orca's "counsel of record" did not receive your email because you did not send it to anyone from Latham, which is Orca's national counsel of record. It's not clear to us why Wiz keeps raising its failure to email anyone from Latham as if it's an issue that needs Court resolution. Our understanding is that Wiz made a mistake when it sent its first two emails, which Wiz noticed and then remedied by adding Latham a few days later. Despite receiving that email on a Saturday morning, Orca's counsel responded on Monday (the next business day), and Orca agreed to discuss it on the meet and confer that occurred hours later. Orca has and continues to be timely in responding to Wiz's questions.*
>
> *On the other hand, if Wiz* intentionally *omitted Latham from its original emails for any reason, including to misrepresent that Orca's counsel does not promptly respond to discovery correspondence, then we do have an issue and we should have a meet and confer to discuss it. As Orca asked at the outset of discovery, please copy the Latham list serve on your emails to ensure that you get timely responses to your questions. We provided that list serve to Wiz specifically to make it easier to send emails to Orca's counsel of record.*

As noted previously, we view this issue as resolved and not worth further discussion. Orca's suggestion of "intentionally" omitting Latham from emails is entirely without basis.

> *Regarding the meaning of "snapshot," both parties have already provided proposed constructions for the term, as Wiz knows. We still have not received a response why Wiz waited five months to raise any question about the scope and meaning of "snapshot" as applied in Orca's infringement contentions. If this issue was critical to claim*

2

> *construction, as Wiz suggests, we would have expected Wiz to raise it before the parties had exchanged their constructions and Orca submitted its claim construction brief. Wiz waiting to raise these questions until after Orca had set forth its positions and opening brief—and demanding a response in two days—smacks of gamesmanship.*

This is incorrect.  Wiz did raise "snapshot" as a disputed term for claim construction.  *See e.g.*, D.I. 151 at 3 (identifying "snapshot" as a term identified by Wiz for construction).  That is why the parties are briefing it as a disputed term.  Wiz has similarly consistently raised it as an issue for purposes of noninfringement, including in its interrogatory responses. *See* Wiz's 6/7/24 Supplement to Interrogatory No. 5 (identifying, among other limitations "snapshots" being absent from Wiz's products) . Wiz's email simply asked whether certain Wiz functionality is accused or not based on Orca's recently served infringement contentions.  The accusations of gamesmanship are belied by the record.

> *On the parties' meet and confer earlier this week, Wiz refused—as the email below refuses—to provide any answers to Orca's questions, which would help Orca expedite its responses. Again, it is Wiz who has a sense of urgency regarding what Wiz's documents refer to as "disk cloning," not Orca. Wiz's refusal to provide basic information, e.g., documents or source code, that are directed to your question suggests Wiz is trying to misuse the discovery process to elicit answers based on incomplete information. This was also reflected during the parties' meet and confer earlier this week, where Wiz indicated that Orca should have known about "disk cloning" because Wiz had served an interrogatory response setting out its noninfringement positions. We asked on the meet and confer for Wiz to identify where in Wiz's interrogatory responses "disk cloning" was mentioned, and Wiz could not provide that information. Indeed, we see that Wiz's response to Orca's Interrogatory No. 5, which asks Wiz to set forth its position regarding noninfringement,  and Wiz's response to Orca's Interrogatory No. 9, which asks Wiz to identify non-infringing alternatives or design arounds, never refers to any feature called "disk cloning."*

This repeats the point Orca raised before, which is asking Wiz to explain what Orca accuses.  That is Orca's burden, not Wiz's.  Regardless, Orca is factually incorrect.  Wiz identified "snapshots" (among other limitations) as absent in its June 7 interrogatory responses to Interrogatory No. 5 (e.g., "[analyze / analyzing] the at least one snapshot to detect vulnerabilities, wherein during the detection of the vulnerabilities by analyzing the at least one snapshot, the virtual machine is inactive").  This is the same level of detail that Orca has provided in its noninfringement interrogatory responses, contradicting any argument Wiz's responses are somehow insufficient.  In addition, the documents cited in Wiz's Oct. 16 email were produced in July of this year and Wiz's source code has similarly been available for months.  Regarding Interrogatory No. 9, again incorrect.  Wiz stated in its June 21st supplement that  "Wiz contends that its products and services do not infringe any asserted claim of the Orca Asserted Patents."  That is, its own products are non-infringing alternatives.  This is entirely consistent with this discussion and similar to what Orca has itself provided when responding to Wiz's similar interrogatory, where it has provided no substantive response other than pointing to its noninfringement contentions.  *See* Orca Response to Interrogatory No. 17.  Does Orca's failure to provide any additional information to date in its response to Wiz's Interrogatory No. 17 regarding noninfringing alternatives "smack of gamesmanship"?  I suspect Orca would not agree.

> *Based on information presently available to Orca, Orca understands that Wiz's "disk cloning" falls within the scope of the functionality Orca asserts infringes each of the Orca asserted patents.*

Wiz appreciates Orca's providing its contention that "clones" comprise "snapshots" on Friday, October 25, 2024.   Will Orca agree to provide supplemental infringement contentions addressing this contention, and if yes by what date.

> *Considering that Wiz has not identified "disk cloning" as noninfringing or as a noninfringing alternative, Orca understands Wiz to agree.  To the extent that Wiz disagrees, we expect Wiz will provide a supplemental response to interrogatory nos. 5 or 9 to identify any such basis.*

This is incorrect as shown above.  Without conceding anything from prior responses, we are amenable to further supplementation to the extent that would avoid a dispute.  Let us know.

> *We would also like to meet and confer with Wiz regarding the statement in the below email that "Wiz is not withholding other such flow charts **to the extent they are responsive**." Wiz has either produced the flow charts that correspond to the source code that has already been produced for inspection, or it has not. If Wiz is unilaterally producing some flow charts it selectively deems "responsive," while withholding other similar documents as "non-responsive" for presumptively relevant source code Wiz already produced, that is improper and we intend to raise that issue with the Court. Orca is available Tuesday, October 29 between 1-4 eastern for a meet and confer. Please let us know times in that window that work for Wiz.*

Consistent with its improper approach here, Orca makes accusations based on a basic limitation that Orca itself repeats in its own RFP responses—that only responsive information need be produced. The point is simply that if there are flowcharts that are not responsive (e.g., about something completely unrelated) they would not be produced. We can confirm separately, but we are not aware of any other similar flowcharts for the source code we've produced for inspection.

Best regards,

**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Blake.Davis@lw.com <Blake.Davis@lw.com>
**Sent:** Friday, October 25, 2024 7:38 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; rhoy@morrisnichols.com; Miller, Alex <alex.miller@wsgr.com>; JBlumenfeld@morrisnichols.com; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; haynes@rlf.com; cclark@morrisnichols.com; cottrell@rlf.com; farnan@rlf.com; Zang, Lisa <lzang@wsgr.com>; Prasad, Praatika <pprasad@wsgr.com>; RSmith@morrisnichols.com; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Cc:** orcasecuritywiz.lwteam@lw.com
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

EXT - blake.davis@lw.com

---

Jordan,

Orca's "counsel of record" did not receive your email because you did not send it to anyone from Latham, which is Orca's national counsel of record. It's not clear to us why Wiz keeps raising its failure to email anyone from Latham as if it's an issue that needs Court resolution. Our understanding is that Wiz made a mistake when it sent its first two emails, which Wiz noticed and then remedied by adding Latham a few days later. Despite receiving that email on a Saturday morning, Orca's counsel responded on Monday (the next business day), and Orca agreed to discuss it on the meet and confer that occurred hours later. Orca has and continues to be timely in responding to Wiz's questions.

On the other hand, if Wiz *intentionally* omitted Latham from its original emails for any reason, including to misrepresent that Orca's counsel does not promptly respond to discovery correspondence, then we do have an issue and we should have a meet and confer to discuss it. As Orca asked at the outset of discovery, please copy the Latham list serve on your emails to ensure that you get timely responses to your questions. We provided that list serve to Wiz specifically to make it easier to send emails to Orca's counsel of record.

Regarding the meaning of "snapshot," both parties have already provided proposed constructions for the term, as Wiz knows. We still have not received a response why Wiz waited five months to raise any question about the scope and meaning of "snapshot" as applied in Orca's infringement contentions. If this issue was critical to claim construction, as

Wiz suggests, we would have expected Wiz to raise it *before* the parties had exchanged their constructions and Orca submitted its claim construction brief. Wiz waiting to raise these questions until *after* Orca had set forth its positions and opening brief—and demanding a response in two days—smacks of gamesmanship.

On the parties' meet and confer earlier this week, Wiz refused—as the email below refuses—to provide any answers to Orca's questions, which would help Orca expedite its responses. Again, it is Wiz who has a sense of urgency regarding what Wiz's documents refer to as "disk cloning," not Orca. Wiz's refusal to provide basic information, e.g., documents or source code, that are directed to your question suggests Wiz is trying to misuse the discovery process to elicit answers based on incomplete information. This was also reflected during the parties' meet and confer earlier this week, where Wiz indicated that Orca should have known about "disk cloning" because Wiz had served an interrogatory response setting out its noninfringement positions. We asked on the meet and confer for Wiz to identify where in Wiz's interrogatory responses "disk cloning" was mentioned, and Wiz could not provide that information. Indeed, we see that Wiz's response to Orca's Interrogatory No. 5, which asks Wiz to set forth its position regarding noninfringement, and Wiz's response to Orca's Interrogatory No. 9, which asks Wiz to identify non-infringing alternatives or design arounds, never refers to any feature called "disk cloning."

Based on information presently available to Orca, Orca understands that Wiz's "disk cloning" falls within the scope of the functionality Orca asserts infringes each of the Orca asserted patents. Considering that Wiz has not identified "disk cloning" as noninfringing or as a noninfringing alternative, Orca understands Wiz to agree. To the extent that Wiz disagrees, we expect Wiz will provide a supplemental response to interrogatory nos. 5 or 9 to identify any such basis. We would also like to meet and confer with Wiz regarding the statement in the below email that "Wiz is not withholding other such flow charts **to the extent they are responsive**." Wiz has either produced the flow charts that correspond to the source code that has already been produced for inspection, or it has not. If Wiz is unilaterally producing some flow charts it selectively deems "responsive," while withholding other similar documents as "non-responsive" for presumptively relevant source code Wiz already produced, that is improper and we intend to raise that issue with the Court. Orca is available Tuesday, October 29 between 1-4 eastern for a meet and confer. Please let us know times in that window that work for Wiz.

Best,
Blake

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Date:** Friday, Oct 25, 2024 at 2:01 PM
**To:** Davis, Blake (Bay Area) <Blake.Davis@lw.com>, rhoy@morrisnichols.com <rhoy@morrisnichols.com>, Miller, Alex <alex.miller@wsgr.com>, JBlumenfeld@morrisnichols.com <JBlumenfeld@morrisnichols.com>, Davidson, Callie <cdavidson@wsgr.com>, Lacey, Catherine <clacey@wsgr.com>, haynes@rlf.com <haynes@rlf.com>, cclark@morrisnichols.com <cclark@morrisnichols.com>, cottrell@rlf.com <cottrell@rlf.com>, farnan@rlf.com <farnan@rlf.com>, Zang, Lisa <lzang@wsgr.com>, Prasad, Praatika <pprasad@wsgr.com>, RSmith@morrisnichols.com <RSmith@morrisnichols.com>, WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Cc:** #C-M ORCA SECURITY - WIZ - LW TEAM <orcasecuritywiz.lwteam@lw.com>
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

Blake,

I'm following up on our emails below and the meet and confer that occurred on Monday of this week. As an initial matter, there is no dispute that counsel of record for Orca received the initial email. It replied to a service email from Orca's counsel. If Orca is contending its counsel of record did not receive the email, please so state. Otherwise we consider that issue resolved.

Regardless, Orca's refusal to provide this information is prejudicial to Wiz, especially as the parties are in the midst of claim construction briefing.  Specifically, what Orca does and does not contend is a "snapshot" is highly relevant to claim construction.  As Orca is aware, "snapshot" is a disputed claim term.  Orca's refusal to disclose that information continues to prejudice Wiz.  Orca suggests some sort of delay, but it is not Wiz's obligation to correct Orca's infringement contentions.  Orca said it would be supplementing its contentions with source code citations and Wiz responded hours later.

Orca's next question:

> Can Wiz please identify any technical documents Wiz has produced that describe the operation of the alleged disk cloning implementation(s) that you reference in your email, and/or the most relevant source code modules that Wiz has made available for inspection? That identification will help us expedite our responses to your question.

This has it backwards.  It is Orca's obligation to identify what it accuses of infringement.  If Orca does not know what it is accusing, we will need to raise that issue with the Court.

Finally, Orca raises discovery issues that again do not answer the relevant question.  Regardless we can look into producing a higher resolution version of the documents to the extent they exist.  Based on our current investigation to date, Wiz is not withholding other such flow charts to the extent they are responsive.

Please provide Orca's response by Wednesday, October 30, 2024.

Best regards,


**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Blake.Davis@lw.com <Blake.Davis@lw.com>
**Sent:** Monday, October 21, 2024 12:04 PM
**To:** Jaffe, Jordan <jjaffe@wsgr.com>; rhoy@morrisnichols.com; Miller, Alex <alex.miller@wsgr.com>; JBlumenfeld@morrisnichols.com; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; haynes@rlf.com; cclark@morrisnichols.com; cottrell@rlf.com; farnan@rlf.com; Zang, Lisa <lzang@wsgr.com>; Prasad, Praatika <pprasad@wsgr.com>; RSmith@morrisnichols.com; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Cc:** orcasecuritywiz.lwteam@lw.com
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

EXT - blake.davis@lw.com

---

Jordan,

It is obviously not possible for Orca to respond to Wiz's emails in a timely manner when Wiz does not copy anyone from Latham (Orca's national counsel) on them. In any event, can you please explain how your questions are relevant to ongoing claim construction briefing, and why responses are urgently needed considering Wiz's delay in raising them? In particular, Orca served its initial infringement contentions five months ago and this is the first time Wiz has identified any purported inaccuracies regarding a footnote in Orca's infringement contentions, a footnote supported by Wiz's internal documents that Orca cited in the same footnote, or asked anything of us regarding a "disk cloning" implementation.

We can confirm Wiz's understanding is correct that Orca accuses Wiz's products of infringing on all cloud platforms. As to what you refer to as ▮▮▮▮▮▮▮▮▮▮▮▮ an Wiz please identify any technical documents Wiz has produced that describe the operation of the alleged disk cloning implementation(s) that you reference in your email, and/or the most relevant source code modules that Wiz has made available for inspection? That identification will help us expedite our responses to your question.

In addition to the above, the documents Wiz produced at WIZ_0034972, WIZ_0034975, and WIZ_0034967 are blurry and many parts illegible. We ask that Wiz please produce the original and/or color versions of those documents. These documents also appear to be flow charts that describe portions of Wiz's source code.  Please confirm that Wiz has collected all similar flow charts and other documents describing the operation of the source code Wiz has produced to date. To the extent that Wiz is withholding such flow charts or other documentation describing the code, please explain the basis for withholding that highly relevant information.

Best,
Blake


**Blake R. Davis**

**LATHAM & WATKINS LLP**
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8033
Email: blake.davis@lw.com
https://www.lw.com

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Sent:** Saturday, October 19, 2024 8:48 AM
**To:** Hoy, Rebecca <rhoy@morrisnichols.com>; Miller, Alex <alex.miller@wsgr.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; Christine Haynes <haynes@rlf.com>; Clark, Cameron <cclark@morrisnichols.com>; Fred Cottrell <cottrell@rlf.com>; Kelly Farnan <farnan@rlf.com>; Zang, Lisa <lzang@wsgr.com>; Prasad, Praatika <pprasad@wsgr.com>; Smith, Rodger <RSmith@morrisnichols.com>; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Cc:** #C-M ORCA SECURITY - WIZ - LW TEAM <orcasecuritywiz.lwteam@lw.com>
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

Counsel,

Without excusing the lack of response to date given this went to Orca's counsel of record, adding the Latham email list serve to this email thread.


**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Sent:** Saturday, October 19, 2024 7:56 AM
**To:** Hoy, Rebecca <rhoy@morrisnichols.com>; Miller, Alex <alex.miller@wsgr.com>; Blumenfeld, Jack

<JBlumenfeld@morrisnichols.com>; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; Christine Haynes <haynes@rlf.com>; Clark, Cameron <cclark@morrisnichols.com>; Fred Cottrell <cottrell@rlf.com>; Kelly Farnan <farnan@rlf.com>; Zang, Lisa <lzang@wsgr.com>; Prasad, Praatika <pprasad@wsgr.com>; Smith, Rodger <RSmith@morrisnichols.com>; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

Counsel,

We received no response to my email below.  As noted this is relevant to ongoing claim construction briefing, and Wiz reserves all rights to seek supplemental claim construction briefing if Orca does not provide its position in a timely fashion.

Best regards,


**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Jaffe, Jordan <jjaffe@wsgr.com>
**Sent:** Wednesday, October 16, 2024 5:02 PM
**To:** Hoy, Rebecca <rhoy@morrisnichols.com>; Miller, Alex <alex.miller@wsgr.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; Christine Haynes <haynes@rlf.com>; Clark, Cameron <cclark@morrisnichols.com>; Fred Cottrell <cottrell@rlf.com>; Kelly Farnan <farnan@rlf.com>; Zang, Lisa <lzang@wsgr.com>; MNAT Internal <61080-0001.wilm@wcs.mnat.com>; Prasad, Praatika <pprasad@wsgr.com>; Smith, Rodger <RSmith@morrisnichols.com>; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
**Subject:** RE: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

WIZ AEO INFORMATION / SOURCE CODE

Counsel,

As previewed on our meet and confer earlier today, we have a question regarding Orca's infringement contentions.  We understand that Orca accuses Wiz's products of infringing on all cloud platforms.  See Ex. A '031 Infringement Chart at n. 2.  However, that footnote is not accurate as stated.  For certain platforms and for certain configurations, ▉▉▉▉▉▉▉ ▉▉▉▉▉▉  *See e.g.*, WIZ 0034973 and WIZ 0034975.

Please confirm whether Orca is accusing Wiz's disk cloning implementation of infringing, including asserting that disk clones are "snapshots" as claimed in Orca's asserted patents.  As this is relevant to our ongoing claim construction briefing, please respond by Friday, October 18, 2024.

Best regards,


**Jordan R. Jaffe | Partner | Wilson Sonsini Goodrich & Rosati**
One Market Plaza, Spear Tower, Suite 3300 | San Francisco, CA 94105
415.498.0556 | jjaffe@wsgr.com | LinkedIn

---

**From:** Hoy, Rebecca <rhoy@morrisnichols.com>
**Sent:** Wednesday, October 16, 2024 3:22 PM

To: Miller, Alex <alex.miller@wsgr.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Davidson, Callie <cdavidson@wsgr.com>; Lacey, Catherine <clacey@wsgr.com>; Christine Haynes <haynes@rlf.com>; Clark, Cameron <cclark@morrisnichols.com>; Fred Cottrell <cottrell@rlf.com>; Jaffe, Jordan <jjaffe@wsgr.com>; Kelly Farnan <farnan@rlf.com>; Zang, Lisa <lzang@wsgr.com>; MNAT Internal <61080-0001.wilm@wcs.mnat.com>; Prasad, Praatika <pprasad@wsgr.com>; Smith, Rodger <RSmith@morrisnichols.com>; WSGR - Orca Wiz <WSGR-Orca-Wiz@wsgr.com>
Subject: Orca Security / Wiz 23-758 -- CONFIDENTIAL Orca 9th Supp. Responses to 1st ROGs (Nos. 1-13) and Notice of Service D.I. 176

EXT - rhoy@morrisnichols.com

On behalf of Rodger D. Smith II, I forward the following:

**\* Please note that the related amended charts may be downloaded through the following Sharefile link:**

[REDACTED]

**Document Number:** 176
**Docket Text:**
**NOTICE OF SERVICE of Orca Security Ltd.'s Ninth Supplemental Responses and Objections to Defendant Wiz Inc.'s First Set of Interrogatories (Nos. 1-13) - filed by Orca Security Ltd..(Smith, Rodger)**

**REBECCA A. HOY**
Administrative Assistant
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 351-9154
rhoy@morrisnichols.com
www.morrisnichols.com

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission

is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at [www.lw.com](www.lw.com).

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.