# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> WIZ, INC., <br><br> Defendant and Counterclaim-Plaintiff. | C.A. No. 23-758 (JLH) |

**STIPULATION AND [PROPOSED] ORDER FOR
STAY PENDING *INTER PARTES* REVIEW**

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of the Court, that:

WHEREAS, Orca Security Ltd. ("Orca") has alleged that Wiz, Inc. ("Wiz") infringes U.S. Patent Nos. 11,663,031, 11,664,032, 11,693,685, 11,726,809, 11,740,926, and 11,775,326 (collectively, the "Orca Asserted Patents");

WHEREAS, Wiz has alleged that Orca infringes U.S. Patent Nos. 11,722,554, 11,929,896, 11,936,693, 12,001,549 and 12,003,529;

WHEREAS, Wiz filed petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") against the '031, '032, and '685 patents on May 24, 2024; against the '809 patent on July 1, 2024; against the '926 patent on July 31, 2024; and against the '326 patent on August 7, 2024 (collectively, the "Wiz IPRs");

1

WHEREAS, the PTAB instituted IPRs of the '031, '032, and '685 patents on December 9, 2024, and institution decisions on Wiz's petitions for IPRs of the '809, '926, and '326 patents are expected by January 21, February 18, and February 19, 2025, respectively;

WHEREAS, the parties met and conferred and agree that a stay of this case is appropriate under the present circumstances;

WHEREAS, each party wishes to preserve its ability to seek to lift the stay at any time, recognizing the Court's inherent authority to act on any such motion at its discretion;

WHEREAS, the parties have agreed to toll discovery obligations, which does not impact this Court's current Rule 16 Order, pending a ruling on this Stipulation and [Proposed] Order;

NOW THEREFORE, the parties hereby stipulate and agree, subject to the approval of the Court, that:

1. The Scheduling Order (D.I. 33, D.I. 90) and all outstanding deadlines are vacated;

2. This case is stayed as to all claims asserted by either party through final written decision in each of the Wiz IPRs~~, except as provided in paragraph 3 below~~. The parties shall jointly notify the Court within five (5) business days of the final written decision in each IPR. And, within 10 business days of the issuance of a final written decision in the last of the IPRs to resolve, the parties shall meet and confer and jointly file a status report explaining how they propose proceeding in light of the PTAB's decisions.

3. If institution is denied on one or more of Wiz's petitions for IPRs of the '809, '926, and '326 patents, then within 10 days of the last institution decision on those patents, the parties shall meet and confer and jointly file a status report explaining how they propose proceeding in light of the PTAB's decisions. If the parties cannot agree on how to proceed when

2

either of the above-discussed status reports is submitted, they shall request a conference with the Court.

4. Pending further Order of this Court, all discovery obligations are stayed, and no party shall take any action the sole purpose of which is to advance this litigation other than ~~(i) to amend the pleadings to assert new causes of action, (ii) moving to lift the stay, or (iii)~~ in relation to the IPR proceedings and/or moving to lift the stay, provided however, that the parties may pursue procedures to facilitate the disclosure of information produced in this case in the Wiz IPRs without violating the stay. With regard to any discovery requests that are pending as of the date of this stipulation and order, subject to any Court Order entered after or when the stay is lifted, the responding party shall have thirty (30) days to respond from the date the stay is lifted;

5. After conferring with opposing counsel, any party may move to lift the stay at any time, recognizing the Court's inherent authority to act on any such motion at its discretion; and

6. Any damages for the claims and counterclaims in this action shall continue to accrue during the stay to the full extent permitted by law. This paragraph is not intended to provide for an accrual of damages other than that provided by law.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| /s/ | /s/ |
| _____ | _____ |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Cameron P. Clark (#6647)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>cclark@morrisnichols.com<br><br>*Attorneys for Plaintiff and Counterclaim-Defendant Orca Security Ltd.* | Frederick L. Cottrell, III (#2555)<br>Kelly E. Farnan (#4395)<br>Christine D. Haynes (#4697) One Rodney Square920 North King StreetWilmington, DE 19801<br>(302) 651-7700cottrell@rlf.comfarnan@rlf.comhaynes@rlf.com<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff Wiz, Inc* |

Dated:  December 26, 2024

SO ORDERED, this ___ day of December, 2024.

_____
UNITED STATES DISTRICT JUDGE

4

| Summary report: Litera Compare for Word 11.5.0.74 Document comparison done on 1/3/2025 11:44:42 AM ||
|---|---|
| **Style name:** Default Style ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** Exhibit C_Orca's Proposal.docx ||
| **Modified filename:** Exhibit B_Wiz's Proposal.docx ||
| **Changes:** ||
| Add | 1 |
| Delete | 3 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 6 |