# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORCA SECURITY LTD., | ) |
|       Plaintiff and Counterclaim-Defendant, | ) ) ) ) |
|     v. | ) ) C.A. No. 23-758-JLH-SRF |
| WIZ, INC. | ) ) ) |
|       Defendant and Counterclaim-Plaintiff. | ) ) ) |

### JOINT LETTER TO THE HONORABLE SHERRY R. FALLON
### REGARDING WIZ'S REQUEST FOR STAY PENDING *INTER PARTES* REVIEW

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Defendant and Counterclaim-Plaintiff Wiz, Inc*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff and Counterclaim-Defendant Orca Security Ltd.*

Dated: January 13, 2025

Honorable Sherry R. Fallon
January 13, 2025
Page 1

Dear Judge Fallon:

Pursuant to the Court's December 17, 2024 and January 7, 2025 Orders (D.I. 223, 229), Defendant Wiz, Inc. ("Wiz") and Plaintiff Orca Security Ltd. ("Orca") jointly submit this letter regarding Wiz's motion to stay this case pending *inter partes* review ("IPR") of Orca's asserted patents. Wiz's and Orca's proposed forms of stay are attached as Exhibits A and B. *See also* D.I. 228-1, 228-2. A redline showing differences between the two, with Wiz's proposal (Ex. A) as the original and Orca's proposal (Ex. B) as the revised, is attached as Exhibit C. *See also* D.I. 228-3.

**WIZ'S POSITION:**

Orca alleges that Wiz infringes six patents: U.S. Patent Nos. 11,663,031, 11,663,032, 11,693,685, 11,726,809, 11,740,926, and 11,775,326 (collectively, the "Orca Asserted Patents"). *See* D.I. 218. All six patents are related: they are all in the same patent family and claim priority to the same parent application. *Id.*; D.I. 15-1 at Exs. 1-2, 7-9, 14. All six IPRs rely on the same primary prior art reference. D.I. 218. Wiz has filed IPRs for all asserted claims in each Orca Asserted Patent. *Id.* (citing D.I. 80, 110, 126). On December 9, 2024, the Patent Trial and Appeal Board ("PTAB") instituted the first three IPRs, which target the '031, '032, and '685 Orca asserted patents. *Id.* The statutory deadline for final written decisions on these three IPRs is December 9, 2025. *Id.* The remaining three IPRs have institution deadlines of January 20, 2025, February 17, 2025, and February 19, 2025. *Id.* Trial in this case is set for March 2, 2026. D.I. 90.

**I. The Parties Agree the Case Should be Stayed But Disagree on Two Aspects of its Form**

Both sides agree that a stay is appropriate. In fact, Orca has been acting as if a stay is already in place.[1] *See* Ex. F. The parties have met and conferred extensively on the proposed form of stay, but disagree in two respects.

First, Orca seeks to allow either party to amend the pleadings to assert new claims during the pendency of the stay. During the parties' meet and confer, Orca stated it would agree to a stay pending the resolution of Wiz's IPRs on the condition that the statute of limitations be tolled for unknown claims. Ex. D at 7. When asked what claims it wanted tolled, Orca answered "I don't know." *Id.* Orca's initial proposal for a stipulated stay included a paragraph that stated as follows: "Any and all statutes of limitations, whether arising by contract, statute, common law or otherwise, that relate to claims either party has or may have against the other and which could otherwise be brought in this action but for the stay are tolled for the duration of the stay." Ex. E at 3. Wiz reiterated it would not agree to include this paragraph. Ex. D at 6.

Wiz cannot and is not required to agree to toll unknown claims to stay this case pending IPRs. Wiz asked Orca to identify authority requiring such a tolling provision in the context of a stay here. *Id.* Orca could cite none (and still cannot), relying instead on an inapplicable civil rights action. *Id.* at 5 (citing *Ramirez v. Cnty. of Nassau*, 345 F.R.D. 397 (E.D.N.Y. 2024)). *Ramirez* addressed equitable tolling as a matter of law with no stipulation tolling claims. As Wiz explained, if equitable tolling applies as a matter of law during a stay, Orca is free to argue as such without an express tolling provision. At bottom, either Orca knows what claims it wants tolled and is refusing to tell the Court and Wiz; or it truly does not know what claims it wants tolled, in which

---

[1] Orca claims that Wiz is delaying and withholding discovery. That is not true. Wiz continues to fulfill its discovery obligations and made a 60,674-page production on the January 8, 2025 deadline for substantial completion. D.I. 90; Ex. G. Orca produced nothing that day. Ex. F. Further, Wiz's ESI production remains subject to the parties' ongoing search term negotiations.

Honorable Sherry R. Fallon
January 13, 2025
Page 2

case it is unclear how any statute of limitations issue could arise, subject to standard law on inquiry notice. Wiz explained exactly this in correspondence, with no real response from Orca. *Id.* at 4.

Orca then pivoted to its current proposal, which it characterizes as a "compromise" on the tolling provision it earlier sought. *Id.* at 1. Orca's current proposal allows the parties "to amend the pleadings to assert new causes of action" during the stay. Ex. B at 2; Ex. D at 1. It is unclear how Orca's proposed stay would work—*e.g.*, whether a party would need to answer, move to dismiss, or otherwise respond to newly added claims during the stay, and whether the case would actually be stayed, if so. Ex. D at 2. All Orca has stated is that a party could amend to add claims and those claims and any response would be stayed. But Wiz cannot and should not agree to the addition of unknown claims followed by no ability to challenge or respond to them. Orca has pointed to no other stay pending IPR that contains such a provision. Other stays by this Court regularly do not contain such a provision. *See, e.g.*, *Sandvik Mining & Constr. USA LLC v. CMS Cepcor Ltd.*, No. 24-00481-JLH, D.I. 14 (D. Del. Oct. 10, 2024); *Cleveland Med. Devices Inc. v. ResMed Inc.*, No. 22-00794-JLH, D.I. 300 (D. Del. June 21, 2024); *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, No. 21-01453-JLH, D.I. 183 (D. Del. Oct. 10, 2023); *Cargill, Inc. v. Vantage Specialty Chems., Inc.*, No. 22-00979-JLH, D.I. 107 (D. Del. Oct. 5, 2023); *RideShare Displays, Inc. v. Lyft, Inc.*, No. 20-01629-JLH, D.I. 103 (D. Del. Apr. 18, 2022). The Court should order a stay without Orca's proposal to add claims during a stay. If Orca identifies claims to assert, it is able to move to lift the stay to assert them then.

The second dispute is that Orca seeks to temporarily stay the case for a few weeks, then lift the stay if institution is denied on any of Wiz's remaining IPRs in January or February. Ex. B at 2-3. Wiz would then have to move again to stay the case, potentially resulting in the case stopping, restarting, then stopping again. Orca's proposal to stop, start, and stop the case would hinder, not promote, judicial and party efficiency. What deadlines would apply under the scheduling order during this interregnum? How would lapsed deadlines be treated? Orca's proposal contains no answers. Wiz is not aware of any similar stays, and Orca has provided no examples of any.

Wiz's proposal is that the case be stayed now. A stay is appropriate for the reasons set out by Wiz, and is not premature. If any of the remaining IPRs on the related patents are not instituted, the parties will meet and confer and Orca can ask to *lift* the stay. This keeps the case stayed until these questions are resolved. This is a commonsense proposal and Wiz compromised to reach agreement on this issue, as both sides are effectively calculating that all six IPRs will be instituted. But Wiz cannot agree to Orca's "stop/start" proposal. The case should be stayed, and Orca is free to move to lift the stay under the parties' agreed procedure.

Even if less than all six IPRs are instituted, the three currently instituted IPRs alone would justify a stay of the entire case in view of overlapping claim construction, infringement, invalidity, and damages issues for Orca's asserted patents. *See Brit. Telecomms. PLC v. IAC/Interactivecorp.*, C.A. No. 18-366, 2019 WL 4740156, at *8 (D. Del. Sept. 27, 2019) ("even if the PTAB does not invalidate any of the claims in the pending IPR proceeding, the Court will benefit from the PTAB's guidance on the construction of certain claim terms"). As explained above, all six Orca asserted patents are related and stem from the same priority application. *See Antares Pharma, Inc. v. Medac Pharma Inc.*, 771 F.3d 1354, 1358 (Fed. Cir. 2014) ("A continuation application is 'a second application for the same invention claimed in a prior nonprovisional application'") (quoting MPEP § 201.07 (9th ed. Mar. 2014)). The same primary prior art reference is at issue in each IPR. And, there are several important claim terms that will be addressed in the already-pending IPRs, like "snapshot" and "analyzing a snapshot." D.I. 222 at 4-8; D.I. 202 at 6-34, 64-70. These terms are

Honorable Sherry R. Fallon
January 13, 2025
Page 3

present in all asserted claims of all six patents, and would inform the Court's claim construction in this case—no matter what happens in the three remaining IPR decisions. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1360 (Fed. Cir. 2017) (applying "prosecution disclaimer doctrine to IPR proceedings will ensure that claims are not argued one way in order to maintain their patentability and in a different way against accused infringers"); *Infinity Comput. Prods., Inc. v. Oki Data Ams., Inc.*, 987 F.3d 1053, 1059 (Fed. Cir. 2021); *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1345 (Fed. Cir. 2020).

Courts routinely grant stays of the entire case in similar situations. *See, e.g.*, *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019) (collecting cases granting stays where IPRs were instituted on a subset of asserted claims); *Virentem Ventures, LLC v. YouTube, LLC*, No. 18-00917-MN, D.I. 218 (D. Del. Mar. 6, 2020) (staying case through PTAB's final written decision); *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 357-58 (D. Mass. 2015) (granting stay where IPRs were instituted on 2 of 11 asserted patents and 3 of 22 asserted claims, given the "significant overlap among the patents-in-suit" and potential "need for certain portions of discovery and motion practice to be redone after the completion of the IPRs" otherwise). To be clear, Wiz is confident that all IPRs will be instituted, whereupon both parties agree the entire case should be stayed. But if they are not, a stay of the entire case (including as to Wiz's counterclaims) is still appropriate. And, Orca is free to move to lift the stay under the parties' agreed procedure. *See, e.g.*, *DermaFocus LLC v. Ulthera, Inc.*, C.A. No. 15-654, 2018 WL 2733363, at *1 (D. Del. June 7, 2018).

The case should be stayed in its entirety, as set forth in Wiz's proposal. Ex. A.

## II. A Stay Pending IPRs is Appropriate

Even though both sides are proposing a stay, for completeness, Wiz lays out here why a stay pending IPRs is appropriate in this case. *See Int'l Bus. Machs. Corp. v. Rakuten, Inc.*, 680 F. Supp. 3d 531, 534 (D. Del. 2023) (enumerating factors considered in motions to stay pending IPRs); *see also Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016). First, as discussed above, a stay would simplify the issues for trial. All six patents are related and stem from the same priority application; the same primary prior art reference is at issue in each IPR; and several important claim terms are at issue in the IPRs and this litigation. Second, the early stage of this case favors a stay. Orca's motion to dismiss remains pending. D.I. 137, 166. Fact discovery is set to close on May 13, 2025, and no depositions have been noticed or taken. D.I. 90. Expert discovery is set to close on August 5, 2025, summary judgment motions are to be heard on November 7, 2025, and trial is set for March 2, 2026. *Id.* A stay is likely to conserve significant judicial and party resources. Third, Orca will not be unduly prejudiced by a stay. Orca agrees, since **both** parties are proposing a stay. Wiz expeditiously filed its IPRs; Wiz provided notice that it would seek a stay less than a week after institution of the first three IPRs; three of the six IPRs have already been instituted and the remaining three are likely to be instituted within the next month; and Orca and Wiz are just two of many competitors in a crowded cybersecurity market. *See RetailMeNot, Inc. v. Honey Sci. LLC*, C.A. No. 18-937, 2020 WL 373341, at *8 (D. Del. Jan. 23, 2020) (finding "existence of direct competition . . . not dispositive of whether to institute a stay" and recommending grant of stay where parties were "two of several competitors" rather than competitors "in a two-entity market"); *Nexans Inc. v. Belden Inc.*, C.A. No. 12-1491-SLR-SRF, 2014 WL 651913, at *3 (D. Del. Feb. 19, 2014), *report and recommendation adopted*, 2014 WL 1232218, at *1 (D. Del. Mar. 12, 2014) ("The presence of

Honorable Sherry R. Fallon
January 13, 2025
Page 4

multiple active firms in the relevant market, however, may decrease the likelihood of such harm befalling the patentee."). In sum, and as Orca agrees, a stay is appropriate.

**ORCA'S POSITION:**

The parties do not dispute the propriety of a stay at this stage, only its form. Orca's proposal should be adopted because it would (1) keep the burden on Wiz to show that a stay is appropriate if one or more of its IPRs are denied institution and (2) allow the parties to amend the pleadings to assert additional claims, minimizes prejudice and preserves party and Court resources.

Orca asserts that Wiz infringes six of Orca's patents, and Wiz petitioned for IPR of those patents in phases. On December 9, 2024, the PTAB instituted half of Wiz's IPRs—for the '031, '032, and '685 patents—and days later Wiz submitted a letter to the Court stating it intended to move for a stay of the entire case. Wiz's request for a stay was and is premature: IPR decisions on the remaining three patents are expected to issue by February 19, 2025, and the Court and the parties will benefit from having all such decisions before determining how this case should proceed.

Importantly, the PTAB's institution of IPR on three of Wiz's six petitions does not mean Wiz's remaining IPR petitions for the '809, '926, and '326 patents will be instituted. Wiz argued in its letter to the Court that each of the remaining IPRs are based on the same primary reference (*see* D.I. 218 at 1), but omitted that each petition relies only on obviousness and asserts different secondary references from the instituted IPRs. Deficiencies in these distinct obviousness grounds provide independent reasons for the PTAB to deny institution of IPR on the '809, '926, and '326 patents, as Orca's preliminary responses in those IPRs explained. If the PTAB denies institution on any of Wiz's petitions, the Court's evaluation of the stay factors will necessarily be different—indeed, the factors may weigh against a stay entirely. *See, e.g., Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 349 (D. Del. 2016) (denying stay in part because "the PTAB could at most invalidate 50% of t[he] claims" so any PTAB decision would "leave behind a lot to (at least potentially) be litigated here"); *Courtesy Prods., LLC v. Hamilton Beach Brands, Inc.*, C.A. No. 13-2012, 2015 WL 5145526, at *2 (D. Del. Sept. 1, 2015) (denying stay where PTAB would not resolve all pending claims); *10X Genomics, Inc. v. Parse Biosciences, Inc.*, C.A. No. 22-1117, slip op. at 2 (D. Del. Feb. 20, 2024) (same). That is particularly true here where Orca and Wiz are direct competitors. *Davol, Inc. v. Atrium Med. Corp.*, C.A. No. 12-958, 2013 WL 3013343, at *3, 6 (D. Del. June 17, 2013) (explaining litigation between direct competitors weighs against stay).

Even though Wiz's request for a stay was premature, Orca proposed a form for a stipulated stay that would account for the facts that half of Wiz's IPRs have been instituted and decisions for the remaining three IPRs will issue by mid-February. Wiz has generally agreed to Orca's proposal, including staying all deadlines pending institution of the remaining IPRs and that the stay will automatically continue through final written decisions if all IPRs are instituted.[2] *See* D.I. 228-1

---

[2] Wiz implies Orca improperly treated the stay as being already in place while the Court rules on the parties' stay motion (*see supra* at n.1), but that was the parties' express agreement filed with the Court on January 6: "the parties have agreed to toll discovery obligations, which does not impact this Court's current Rule 16 Order, pending a ruling on this Stipulation and [Proposed] Order." D.I. 228-3 at 2. As agreed, Orca complied with its discovery obligations due before January 6. In contrast, Wiz is improperly withholding ~30,000 unobjected-to documents responsive to Orca's non-priority ESI requests that Wiz agreed it would produce on December 10.

Honorable Sherry R. Fallon
January 13, 2025
Page 5

(Wiz's proposal), D.I. 228-2 (Orca's proposal), D.I. 228-3 (redline between Wiz's and Orca's proposals). As shown in D.I. 228-3, the parties' proposals differ in just two respects, one in paragraph 2 and one in paragraph 4. Orca respectfully requests that the Court adopt its proposal to prevent a stay from unfairly prejudicing Orca and improperly tactically advantaging Wiz.

**Paragraph 2:** The parties dispute how to treat the stay if one or more of Wiz's IPRs is not instituted. Wiz's proposal would improperly shift the burden of proof of showing the propriety of a stay to Orca. The disputed portion of paragraph 2 with the parties' respective proposals is below:

| Orca's proposal | Wiz's proposal |
|---|---|
| "This case is stayed as to all claims asserted by either party through final written decision in each of the Wiz IPRs<u>, except as provided in paragraph 3 below</u>." | "This case is stayed as to all claims asserted by either party through final written decision in each of the Wiz IPRs~~, except as provided in paragraph 3 below~~." |

The parties do not dispute the language of Paragraph 3, referenced in Orca's proposal, which governs what happens if Wiz's remaining IPRs are not instituted. Paragraph 3 states "[i]f institution is denied in one or more of Wiz's petitions for IPRs of the '809, '926, and '326 patents," then the parties would confer and file a joint status report with their proposal(s) for how to proceed.

Under Orca's proposal, the proposed stay would continue automatically through final written decisions only if all of Wiz's IPRs are instituted (because paragraph 3 would no longer apply), but the stay would *not* automatically continue if one or more remaining IPRs are not instituted (because the exception of paragraph 3 applies). Orca's proposal correctly reflects that Wiz, as the party seeking a stay, at all times bears the burden of persuading the Court that a stay is appropriate. *See Monolithic Power Sys., Inc. v. Reed Semiconductor Corp.*, C.A. No. 23-1155, D.I. 146, slip op. at 1–2 (D. Del. Oct. 21, 2024) ("We look to the movant to make a persuasive case for a stay.").

Wiz refuses to agree to Orca's proposed paragraph 2 because Wiz wants the case stayed regardless of whether some or all of the remaining IPRs are denied. Under Wiz's proposal, the stay would automatically continue through final written decisions no matter what happens with the remaining IPRs, and it would be Orca's burden to show that the stay should be lifted. Wiz's attempt to shift the burden to Orca is improper. Wiz also argues that Orca's paragraph 2 would result in a "start/stop proposal" where unknown deadlines would "restart" if Wiz's IPRs are denied and the paragraph 3 exception applies. Wiz is wrong. Orca's proposal does not alter paragraph 1 of the stay that, under both parties' proposals, vacates the Scheduling Order and "all outstanding deadlines." Orca's proposal does not restart any of the vacated deadlines; it simply (and correctly) keeps the burden on the moving party (Wiz) to show that a stay is justified. *See Monolithic Power*, D.I. 146 at 1–2. Orca respectfully requests that the Court adopt Orca's proposal for paragraph 2 as set forth in D.I. 228-2.

**Paragraph 4:** The second dispute is in paragraph 4 of the stipulation, which relates to Wiz's attempt to unfairly leverage its IPR decisions to prejudice Orca's ability to file new claims against Wiz. The parties' respective proposals are set forth below:

| Orca's proposal | Wiz's proposal |
|---|---|
| "Pending further order of this Court, all discovery obligations are stayed, and no party shall take any action the sole purpose of which is to advance this litigation other than <u>(i) to amend the pleadings to assert new causes of</u> | "Pending further order of this Court, all discovery obligations are stayed, and no party shall take any action the sole purpose of which is to advance this litigation other than ~~(i) to amend the pleadings to assert new causes of~~ |

5

| | |
|---|---|
| action, (ii) moving to lift the stay, or (iii) in relation to the IPR proceedings…" | ~~action, (ii) moving to lift the stay, or (iii)~~ in relation to the IPR proceedings <u>and/or moving to lift the stay</u>…" |

Orca's proposal allows either party, notwithstanding the stay, "to amend [its] pleadings to assert new causes of action." Any newly added claims will not create any additional work for the other party or the Court during the stay because both parties agree that, for the duration of the stay, the case is "stayed as to all claims asserted by either party." *See* D.I. 228-2 ¶ 2. In other words, new causes of action would be treated the same as Wiz's five pending counterclaims.

Orca's proposal is important to prevent Wiz's request for a stay from causing Orca yet more undue prejudice by preserving Orca's ability to bring additional claims. Wiz produced documents in this case that may give rise to additional causes of action, but those documents are subject to the Protective Order that states "DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action" and not in other litigation. D.I. 38 ¶ 7. Since Orca must bring additional claims based on those documents in this case, Wiz should not be able to leverage a delay it caused by, for example, arguing that statutes of limitations have run on Orca's claims while the case was stayed. *See, e.g., British Tellcommc'ns PLC v. IAC/InterActive Corp.*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *2 (D. Del. Sept. 27, 2019) (explaining that in determining whether to grant a stay, a court considers whether the non-moving party would suffer undue prejudice or the moving party would gain a clear tactical advantage).

This tactical advantage is why Wiz refuses to agree to Orca's proposal for paragraph 4. Orca proposed its version of paragraph 4 as a compromise after Wiz deleted a separate clause in Orca's original proposed form of the stay that would have tolled, for both parties, the statutes of limitations for civil claims that could have otherwise been brought in this case. *See* Ex. D at 6 (2024-12-26 email from Orca's counsel proposing initial form of stay); Ex. E (Orca's initial proposal for a stay) ¶ 5 (providing that "[a]ny and all statutes of limitations, whether arising by contract, statute, common law or otherwise, that relate to claims either party has or may have against the other and which could otherwise be brought in this action but for the stay are tolled for the duration of the stay"); *see also, e.g., Ramirez v. Cnty. of Nassau*, 345 F.R.D. 397, 404 (E.D.N.Y. 2024) ("Where parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations.").

Absent Wiz's agreement to toll relevant statutes of limitations as Orca originally proposed, it would be prejudicial to also preclude a mechanism for the parties to assert new claims. Wiz requested the stay and that it begin now, including to delay ongoing discovery such as Wiz's substantial completion of the document productions that Orca has been pursuing for months. Wiz's past and future productions include confidential and AEO information subject to the Protective Order that may pertain to additional causes of action. Orca should not be precluded from asserting such new claims notwithstanding the stay because the deadline to amend pleadings has not passed, nor should Orca be required to litigate tolling or notice issues after the stay is lifted should it assert new claims, as Wiz's arguments indicate would be necessary. Orca's simple compromise will save both the parties and the Court time and resources later on, obviating the need to weigh new claims against the risk of additional motion practice and potential dismissal on a procedural technicality that never would have arisen but for Wiz's request for a stay. Orca respectfully requests the Court adopt Orca's proposal for paragraph 4 in D.I. 228-2.

Respectfully,

| | |
|---|---|
| */s/ Christine D. Haynes* | */s/ Cameron P. Clark* |
| Frederick L. Cottrell, III (#2555) | Jack B. Blumenfeld (#1014) |
| Kelly E. Farnan (#4395) | Rodger D. Smith II (#3778) |
| Christine D. Haynes (#4697) | Cameron P. Clark (#6647) |
| RICHARDS, LAYTON & FINGER, P.A. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| One Rodney Square | 1201 North Market Street |
| 920 North King Street | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899-1347 |
| (302) 651-7700 | (302) 658-9200 |
| cottrell@rlf.com | jblumenfeld@morrisnichols.com |
| farnan@rlf.com | rsmith@morrisnichols.com |
| haynes@rlf.com | cclark@morrisnichols.com |
| | |
| *Attorneys for Defendant and Counterclaim-Plaintiff Wiz, Inc* | *Attorneys for Plaintiff and Counterclaim-Defendant Orca Security Ltd.* |